1    ROCHELLE D. ALPERT (Cal. Bar No. 65037)
     SHARON R. SMITH (Cal. Bar No. 221428)
2    MORGAN, LEWIS & BOCKIUS LLP
     One Market, Spear Tower
3    San Francisco, CA 94105
     Tel: 415.442.1000
4    Fax: 415.442.1001
     E-mail: ralpert@morganlewis.com
5         srsmith@morganlewis.com

6    Attorneys for Plaintiff                    E-filing
     Traditional Medicinals, Inc.
7

8                    UNITED STATES DISTRICT COURT              *EDL*

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   TRADITIONAL MEDICINALS, INC., a          C. 07    2457
     Delaware corporation,                    Case No.

12                                            **COMPLAINT FOR TRADEMARK**
                   Plaintiff,                 **INFRINGEMENT; DILUTION; FALSE**
13                                            **ADVERTISING; UNFAIR**
                   vs.                        **COMPETITION; AND REQUEST FOR**
14                                            **TEMPORARY, PRELIMINARY AND/OR**
     NOVARTIS CONSUMER PRODUCTS,              **PERMANENT INJUNCTIVE RELIEF**
15   INC., a Delaware corporation; Novartis
     AG, a corporation of Switzerland, and    **DEMAND FOR JURY TRIAL AND**
16   DOES 1-10, inclusive,                    **CERTIFICATION OF INTERESTED**
                                              **ENTITIES OR PERSONS PURSUANT TO**
17                 Defendants.                **CIVIL L-R 3-16**

18

19

20

21

22

23

24

25

26

27

28
     1-SF/7546712.1

     COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    Plaintiff Traditional Medicinals, Inc., alleges as follows:

2    1.    This action is brought against defendant Novartis Consumer Health, Inc., and

3    affiliated entities (collectively "Novartis"), for trademark infringement, trademark dilution, false

4    designation of origin, unfair business practices, and deceptive advertising in violation of the

5    Lanham Act, 15 U.S.C. §§1141(1), 1125(a)(1), and 1125(c), California Business and Professions

6    Code §§17200 *et seq*., 17500 *et seq*., 14330, and 14335, and common law, arising from Novartis'

7    use of designations that are likely to cause confusion with, dilute, and/or are likely to dilute

8    Traditional Medicinals' federally registered and famous SMOOTH MOVE® mark and Novartis'

9    false, misleading and deceptive advertising.

10    **PARTIES**

11    2.    Traditional Medicinals, Inc. ("Traditional Medicinals") is a privately held

12    California corporation, with its principal place of business at 4515 Ross Road, Sebastopol, CA

13    95472. Traditional Medicinals is a leading manufacturer of medicinal and herbal products,

14    including medicinal teas and supplements for self-care. Among its products and widely

15    recognizable brands, Traditional Medicinals manufactures markets and sells plant-based herbal

16    laxatives in the form of medicinal teas, capsules and powders under its federally registered

17    SMOOTH MOVE® brand.

18    3.    Traditional Medicinals is informed and believes, and on that basis alleges, that

19    Novartis Consumer Health, Inc. is a Delaware corporation, with its principal place of business

20    located at 200 Kimball Drive, Parsippany, NJ 07054-0622.

21    4.    Traditional Medicinals is informed and believes, and on that basis alleges, that

22    Novartis AG, a corporation of Switzerland, at the address of CH-4002, Basel, Switzerland,

23    licenses the use of certain designations including the designation complained of here, to Novartis

24    Consumer Health, Inc.

25    5.    Traditional Medicinals is currently unaware of the true names and capacities of

26    Does 1 through 10 inclusive, and therefore sues such defendants by such fictitious names.

27    Traditional Medicinals is informed and believes, and on that basis alleges that, each of the

28    fictitiously named Does is responsible in some manner for the occurrences alleged below and that

1-SF/7546712.1                                    1

1  Traditional Medicinals damages were proximately caused by each of the Does. Traditional

2  Medicinals will amend this complaint to allege their true names and capacities when ascertained.

3  ### JURISDICTION AND VENUE

4  6.     This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C.

5  §1121 and 28 U.S.C. §§1331, 1338(a)-(b), and 1367(a).

6  7.     This Court has personal jurisdiction over Novartis, and venue is proper in this

7  district pursuant to 28 U.S.C. §1391(b)-(c), because on information and belief, Novartis has a

8  presence in the state of California, conducts regular and systematic business in California, has

9  purposefully availed itself of conducting business in California, and/or the events giving rise to

10  the claims alleged in this complaint have a substantial effect in California and a substantial part of

11  such events occurred in this district. In this regard, Traditional Medicinals is informed and

12  believes, and on that basis alleges:  Novartis is registered to do business in California; Novartis

13  markets, advertises, promotes, sells and offers for sale laxative pills under the infringing and

14  unlawful SENNA SMOOTH designation in California; and Traditional Medicinals markets,

15  advertises, promotes, offers for sale and has substantial sales of its SMOOTH MOVE® products

16  in California.

17  ### FACTUAL ALLEGATIONS
   **Traditional Medicinals' Federally Registered and Famous SMOOTH MOVE® Brand**

18

19  8.     Traditional Medicinals has used its SMOOTH MOVE® mark in interstate

20  commerce since at least as early as January 5, 1976. Over this more than three decades of use,

21  Traditional Medicinals' famous and well-known natural laxative products, which originally came

22  in herbal tea form and are now sold in herbal tea, capsule and powder form, under the federally

23  registered SMOOTH MOVE® mark.

24  9.     For decades, Traditional Medicinals has extensively marketed, advertised,

25  promoted and sold laxative tea under the SMOOTH MOVE® mark throughout the United States

26  and in many countries around the world. Traditional Medicinals has sold, and continues to sell,

27  its SMOOTH MOVE® products, including its SMOOTH MOVE® senna products, online and

28  through retail stores, including grocery, health food, nutrition center, gourmet food and drug

1-SF/7546712.1                                                    2

1   stores across the country. Since at least as early as 1999, Traditional Medicinals' extensive web

2   site at "www.traditionalmedicinals.com" and "www.tradmed.com" prominently has featured and

3   promoted its SMOOTH MOVE® brand by providing information about, offering for sale and

4   enabling the online purchase of its SMOOTH MOVE® medicinal products.

5        10.    Psyllium or senna are herbal plants used in SMOOTH MOVE® laxative products.

6   Traditional Medicinals' SMOOTH MOVE® Senna product uses senna as the active ingredient.

7   And, Traditional Medicinals' SMOOTH MOVE® Fiber Therapy product uses psyllium as the

8   active ingredient. The active ingredients of Traditional Medicinals' SMOOTH MOVE® products

9   are organic psyllium seed husk or organic senna leaf and leaf dry extract and, have not been

10  grown or treated with synthetic fertilizers, pesticides, herbicides, fumigants, irradiation nor

11  conventional agricultural chemical treatments, but rather rely on natural and organic

12  methodologies.

13       11.    Traditional Medicinals' SMOOTH MOVE® tea is available for purchase at most

14  independent grocery stores, chain natural foods stores, such as Whole Foods and Wild Oats, chain

15  supermarkets, such as Safeway, Kroger's and Albertsons, drug and pharmacy stores, such as Rite

16  Aid and CVS, at more than 20,000 health food and vitamin stores, such as General Nutrition

17  Centers (GNC), and at online retailers, such as Drugstore.com.

18       12.    Traditional Medicinals' SMOOTH MOVE® tea is the #1 best selling tea and

19  laxative product at health and natural food stores. Traditional Medicinals' SMOOTH MOVE®

20  tea is also a best selling tea within the grocery channel of trade. In 2006 alone, consumers

21  purchased 1,500,000 boxes of SMOOTH MOVE® tea.

22       13.    As a result of Traditional Medicinals' longstanding, extensive, and widespread

23  use, marketing and promotion of its SMOOTH MOVE® products, Traditional Medicinals'

24  SMOOTH MOVE® brand is widely recognized by the general consuming public as a designation

25  of source for Traditional Medicinals' natural medicinal laxative tea and other laxative products.

26  Traditional Medicinals' SMOOTH MOVE® products have been advertised and/or featured in

27  such publications as, Oprah Winfrey's *O Magazine*, the *Natural Foods Merchandiser*, *The Dallas*

28  *Morning News*, *The Star-Ledger*, *Natural Health*, *San Francisco Weekly*, *The Washington Post,*

1-SF/7546712.1                    3

1    *The News-Press, Chain Drug Review, The Plain Dealer, St. Louis Post-Dispatch, Seattle Post-*

2    *Intelligencer, The Oregonian, The Chicago Tribune, Let's Live* (GNC's publication), *Whole*

3    *Foods, Wild Oats, Safeway,* on television programming, such as "Live with Regis and Kathie

4    Lee" and in the recent nationally released movie "Employee of the Month." Traditional

5    Medicinals' SMOOTH MOVE® tea has been the repeated winner of the Vitamin Retailer Award

6    for the top selling tea in the natural foods industry.

7       14.    Traditional Medicinals' informs consumers through advertising, promotion and

8    packaging that its SMOOTH MOVE® products consist of pharmacopoeial grade herbs, which

9    meet the highest standards set for quality, purity, strength, identity and composition, and are free

10   of harsh chemicals.

11      15.    Traditional Medicinals is the exclusive owner of federal registrations for its

12   SMOOTH MOVE® mark, including, but not limited to, the following:

13       (a)    SMOOTH MOVE® (Reg. No. 1,258,223), registered on November 22, 1983, for
            "herbal teas for use as a laxative," in International Class 5; and

14

15       (b)    SMOOTH MOVE® (Reg. No. 2,520,275), registered on June 21, 1994, for
            "medicinal herbal teas," in International Class 5 and "herb tea for medicinal
            purposes," in International Class 30.

16

17   Attached hereto as Exhibit A are true and correct copies of the registration certificates for these

18   registrations.

19      16.    Traditional Medicinals' federal registrations for SMOOTH MOVE® are

20   incontestable pursuant to 15 U.S.C. § 1065, and thus, provide conclusive evidence of Traditional

21   Medicinals' exclusive right to use the marks covered by the registrations in commerce in

22   connection with the goods specified in the registrations.

23      17.    Traditional Medicinals' registrations for its SMOOTH MOVE® mark provides

24   constructive notice of Traditional Medicinals' claim of ownership under 15 U.S.C. §1072.

25      18.    Traditional Medicinals also owns a pending application for SMOOTH MOVE™

26   (App. No. 78/809,216), which was approved for registration on February 2, 2007, for "anti-

27   inflammatories; astringents for medicinal purposes; dietary supplements; hemorrhoid treatment

28   preparations; herbal supplements; nutritional supplements; topical anesthetics; vasoconstrictors,"
1-SF/7546712.1               4

1    in International Class 5. A true and correct copy of a status report from the United States Patent

2    and Trademark website for this allowed application is attached hereto as Exhibit B.

3        19.    Since at least as early as September 8, 2004, Traditional Medicinals has sold its

4    SMOOTH MOVE[®] products in packaging with a tri-color background featuring an image of the

5    senna plant in yellow in the lower right hand corner of the product packaging, such as the

6    packaging set forth below:



13    Certain of Traditional Medicinals' packaging features the wording "SMOOTH MOVE[®]

14    SENNA."

15        **Novartis' Use of the Confusingly Similar SENNA SMOOTH Designation**
         **for its Competitive Laxative Products**

16

17        20.    Traditional Medicinals is informed and believes, and on that basis alleges that,

18    Novartis recently has begun to manufacture, or directed the manufacture of, and also has

19    promoted and sold laxative products under the confusingly similar SENNA SMOOTH

20    designation with the word SMOOTH in a larger size and more prominently displayed manner

21    than the word SENNA, in packaging with a tri-colored background and a depiction of the senna

22    plant in the lower right hand corner in yellow, such as the packaging set forth below:



1-SF/7546712.1                                    5

1    21.    Traditional Medicinals is informed and believes, and on that basis alleges that,

2    Novartis, and its predecessor companies, have sold laxatives under the EX-LAX brand starting in

3    1906. And, that on or about 1997, Novartis stopped using phenolphtalein in the United States as

4    the active ingredient in its EX-LAX laxatives and began using sennosides, an ingredient from

5    senna leafs and/or pods, in its place.

6    22.    Traditional Medicinals is informed and believes, and on that basis alleges that,

7    Novartis has sold and/or sells a laxative product under its EX-LAX and EX LAX GENTLE

8    NATURE brands, which contained the same ingredients and formulation as the product that

9    Novartis recently has commenced offering under the SENNA SMOOTH designation. Novartis

10   does not, however, inform consumers that the SENNA SMOOTH product is the same product

11   and formula as its existing EX-LAX products, but rather prominently features the wording

12   "NEW" on its packaging. Novartis adopted the SENNA SMOOTH designation for its product in

13   bad faith to capitalize on Traditional Medicinals' success in the marketplace with its SMOOTH

14   MOVE® products. Novartis determined to sell the same product as its EX-LAX and EX LAX

15   GENTLE NATURE products using the SENNA SMOOTH designation in direct competition

16   with Traditional Medicinals' SMOOTH MOVE® products in an effort to confuse members of the

17   relevant public. .

18   23.    Novartis adopted a confusingly similar trade dress for its SENNA SMOOTH

19   packaging to that of Traditional Medicinals' packaging for SMOOTH MOVE® to further attempt

20   to confuse the consuming public.

21   24.    Traditional Medicinals and Novartis market and promote their laxatives in

22   overlapping and/or the same trade channels including at online, drug, grocery and gourmet stores.

23   25.    Traditional Medicinals has not consented to or authorized Novartis to use the

24   confusingly similar SENNA SMOOTH designation or the packaging design for the SENNA

25   SMOOTH product.

26   26.    Traditional Medicinals is informed and believes, and on that basis alleges that,

27   advertising, promotions and packaging for the products Novartis is selling or offering for sale

28   under the SENNA SMOOTH designation, contain misstatements and otherwise misleading

1-SF/7546712.1                          6

1   information, including that the product is "new." Novartis' statements were known, or should

2   have been known by the exercise of reasonable care, to be untrue and misleading, and were made

3   to deceive the public who read the product advertising, promotion and packaging.

4   27.   Traditional Medicinals alleges that, on or about September 14, 2006, Novartis'

5   parent company, defendant Novartis AG, filed an intent-to-use application to federally register

6   the SENNA SMOOTH designation (Serial Number 78/974,410) for "laxatives," in International

7   Class 5. Significantly, Novartis AG disclaimed the word "senna" as descriptive or generic. Thus,

8   the dominant component of the applied-for designation is SMOOTH. Traditional Medicinals

9   filed an opposition to the registration of the SENNA SMOOTH designation before the Trademark

10   Trial and Appeal Board, Opposition No. 91,175,734, on or about February 16, 2007. Novartis

11   answered the Notice of Opposition by denying the material allegations, but it did not assert any

12   affirmative defenses. In all events, Novartis began the introduction of its SENNA SMOOTH

13   product into the marketplace with full knowledge of Traditional Medicinals' opposition.

14   28.   Novartis' use of the confusingly similar SENNA SMOOTH designation and its

15   packaging trade dress, alone and in combination, has caused, and is likely to continue to cause,

16   confusion, mistake or deception, now and in the future, as to the origin, source, and sponsorship

17   of Novartis' products. Novartis' actions also dilute and are likely to dilute the distinctive

18   qualities of Traditional Medicinals' famous and well-known SMOOTH MOVE® products.

19                    **Novartis' Unlawful Conduct Is Willful and Intentional**

20   29.   Novartis knew, or should have known, of Traditional Medicinals' well-established

21   and prior rights and/or federal registrations for Traditional Medicinals' SMOOTH MOVE®

22   laxative products before Novartis adopted and began using the confusingly similar SENNA

23   SMOOTH designation for its competitive products.

24   30.   Novartis had actual knowledge of Traditional Medicinals' prior use and rights in

25   its SMOOTH MOVE® mark and that Novartis nevertheless adopted, used, and now is promoting

26   and selling directly competitive and/or related goods using the confusingly similar SENNA

27   SMOOTH designation with a specific emphasis on SMOOTH and a confusingly similar trade

28   dress with the intent to cause confusion and mistake and deceive customers, and with the intent to

1-SF/7546712.1                                    7

1 trade upon the goodwill and substantial consumer recognition associated with Traditional

2 Medicinals' SMOOTH MOVE® products.

3    31.    Novartis has continued to use such an infringing designation notwithstanding

4 Novartis' actual knowledge of Traditional Medicinals' prior and exclusive rights to its SMOOTH

5 MOVE® brand and trade dress, and despite Traditional Medicinals providing Novartis with

6 written notice of its objections to Novartis' unlawful use of and attempt to register the

7 confusingly similar SENNA SMOOTH designation and Traditional Medicinals' demands that

8 Novartis cease the illegal conduct alleged in this complaint.

9    32.    Novartis' unlawful conduct is and continues to be knowing, deliberate, malicious,

10 oppressive and willful in an attempt to associate itself and its products with Traditional

11 Medicinals or to otherwise trade upon the reputation and fame of Traditional Medicinals'

12 SMOOTH MOVE® mark and to deceive consumers through false or misleading advertising.

13    33.    Novartis' acts complained of herein have caused damage to Traditional Medicinals

14 in an amount to be determined at trial, and such damages will continue to increase unless and

15 until Novartis is enjoined from its wrongful acts.

16    34.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

17 Medicinals has suffered, and will continue to suffer, irreparable injury to its federally registered

18 and famous and its federally registered SMOOTH MOVE® mark, to its trade dress and to the

19 goodwill and business reputation associated with its SMOOTH MOVE® mark and trade dress.

20 Novartis' unlawful conduct will continue unless enjoined and restrained by this Court.

21 Traditional Medicinals has no adequate remedy at law for Novartis' continuing violations of its

22 rights as set forth herein.

23

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1))

24

25    35.    Traditional Medicinals incorporates by reference and realleges as though fully set

26 forth herein the allegations of paragraphs 1 through 34, inclusive.

27    36.    The above acts of Novartis constitute trademark infringement of Traditional

28 Medicinals' federally registered and incontestable SMOOTH MOVE® mark in violation of

1-SF/7546712.1                                8

1   section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

2       37.    Novartis' conduct in the manufacture, distribution, promotion and/or sale of

3   laxatives using the SENNA SMOOTH designation without consent constitutes trademark

4   infringement, and falsely represents that the products originate from Traditional Medicinals or

5   that they are approved or associated with Traditional Medicinals, or that Novartis is in some way

6   affiliated with or connected to Traditional Medicinals.  Such conduct is likely to confuse, cause

7   mistake, and deceive Traditional Medicinals customers as to the origin of the Novartis products,

8   or lead such persons to believe that the products have been approved, authorized or licensed by

9   Traditional Medicinals, or that there is some affiliation or connection between Novartis and

10   Traditional Medicinals, all in violation of 15 U.S.C. §1114.

11       38.    Novartis manufactured, distributed, promoted and/or sold the unauthorized

12   SENNA SMOOTH products, despite being on notice of Traditional Medicinals' exclusive rights

13   in the SMOOTH MOVE® mark.

14       39.    Traditional Medicinals is informed and believes, and on that basis, alleges, that

15   Novartis' actions were done willfully with full knowledge that the use of the SENNA SMOOTH

16   designation was without consent, and with the express intent to cause confusion and to cause

17   mistake and/or to deceive the purchasing public.

18       40.    Traditional Medicinals has no adequate remedy at law.  Novartis' conduct, as

19   described herein, has caused and, if not enjoined, will continue to cause irreparable damage to the

20   rights of Traditional Medicinals in its incontestable mark, as well as to the business, reputation

21   and goodwill of Traditional Medicinals.

22       41.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

23   Medicinals is entitled to preliminary and permanent injunctive relief.

24       42.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional

25   Medicinals is accordingly entitled to an award of reasonable attorney's fees.

26

27

28

1-SF/7546712.1         9

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1

2

## SECOND CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN – 15 U.S.C. §1125(a)(1))

3     43.    Traditional Medicinals incorporates by reference and realleges as though fully set

4     forth herein the allegations of paragraphs 1 through 42, inclusive.

5     44.    The above acts of Novartis constitute false designation of origin in violation of

6     section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a)(1).

7     45.    Traditional Medicinals owns and exclusively has used the SMOOTH MOVE®

8     mark for its laxative products for over three decades. Further, Traditional Medicinals owns and

9     exclusively uses the overall look and feel of its packaging.

10     46.    Traditional Medicinals is informed and believes, and on that basis alleges, that

11     Novartis is manufacturing, promoting and selling laxatives under the SENNA SMOOTH

12     designation and using packaging and incorporates the look and feel of Traditional Medicinals'

13     SMOOTH MOVE® packaging, all of which individually and combined falsely leads consumers

14     to believe that Novartis is offering a line of laxative products that are sponsored or endorsed by

15     Traditional Medicinals, and that such products have the same quality as Traditional Medicinals

16     products, or that Novartis has acquired Traditional Medicinals or the rights in the SMOOTH

17     MOVE® mark.

18     47.    Novartis' conduct described above in the manufacture, distribution, promotion

19     and/or sale, and of the SENNA SMOOTH laxative products constitutes false designation of origin

20     in violation of 15 U.S.C. §1125(a).

21     48.    Traditional Medicinals is informed and believes, and on that basis alleges, that

22     Novartis' actions were done willfully and with full knowledge of such false designation of origin,

23     and with the express intent to cause confusion and to cause and/or to deceive the purchasing

24     public.

25     49.    Traditional Medicinals has no adequate remedy at law. Novartis' conduct, as

26     described herein, has caused and, if not enjoined, will continue to cause irreparable damage to

27     Traditional Medicinals. As a result of Novartis' conduct, Traditional Medicinals is entitled to

28     injunctive relief and damages.

1-SF/7546712.1                                    10

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    50.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional

2    Medicinals is accordingly entitled to an award of reasonable attorney's fees.

3                              **THIRD CLAIM FOR RELIEF**
                        **(TRADEMARK DILUTION – 15 U.S.C. §1125(c))**
4

5    51.    Traditional Medicinals incorporates by reference and realleges as though fully set

6    forth herein the allegations of paragraphs 1 through 50, inclusive.

7    52.    Traditional Medicinals' SMOOTH MOVE® mark is famous and entitled to

8    protection from federal trademark dilution.

9    53.    By blurring, the above acts of Novartis actually dilutes, is likely to dilute, and

10    impair the distinctiveness of Traditional Medicinals' SMOOTH MOVE®, including but not

11    limited to, the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C.

12    §1125(c).

13    54.    By tarnishing, the above acts of Novartis actually dilutes, is likely to dilute, and

14    harm the reputation of Traditional Medicinals' SMOOTH MOVE®, including but not limited to

15    the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

16    55.    Novartis' unlawful conduct has been knowing, deliberate and willful.

17    56.    Novartis has been and is likely to continue to be unjustly enriched by its infringing

18    conduct.

19    57.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

20    Medicinals has been, and will continue to be, irreparably harmed, injured and/or damaged by

21    Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis'

22    conduct is enjoined by the Court.

23                              **FOURTH CLAIM FOR RELIEF**
                        **(FALSE ADVERTISING – 15 U.S.C. §1125(a))**
24

25    58.    Traditional Medicinals incorporates by reference and realleges as though fully set

26    forth herein the allegations of paragraphs 1 through 57, inclusive.

27    59.    Traditional Medicinals is informed and believes, and on that basis alleges that,

28    Novartis made false and/or misleading statements about its SENNA SMOOTH products in
      1-SF/7546712.1                          11

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    commercial advertisements, promotions and/or on product packaging, including that the product

2    is "new."

3        60.    Novartis' false and/or misleading statements actually deceived or have the

4    tendency to deceive a substantial segment of the consuming public.

5        61.    Novartis' deception is material, in that it is likely to influence the purchasing

6    decisions of the consuming public.

7        62.    Novartis has caused its false and/or misleading statements to enter interstate

8    commerce.

9        63.    Traditional Medicinals has been or is likely to have been injured as a result of

10    Novartis' false and/or misleading statements as to a competitive laxative product, and such harm,

11    injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

12        64.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive

13    relief and damages.

14                          **FIFTH CLAIM FOR RELIEF**
                    **(TRADEMARK DILUTION -- CAL. BUS. & PROF. CODE §14330)**
15

16        65.    Traditional Medicinals incorporates by reference and realleges as though fully set

17    forth herein the allegations of paragraphs 1 through 64, inclusive.

18        66.    Traditional Medicinals' SMOOTH MOVE® mark is famous.  Traditional

19    Medicinals owns the SMOOTH MOVE® mark and has used the SMOOTH MOVE® mark for

20    over three decades in connection with laxative products.  As a result of its long-time use of the

21    SMOOTH MOVE® mark, the extensive promotion of the SMOOTH MOVE® mark, as well as the

22    extensive media attention to SMOOTH MOVE® products, the SMOOTH MOVE® mark is

23    famous and well-known, and was famous and well-known before Novartis commenced use of the

24    SENNA SMOOTH designation.

25        67.    Traditional Medicinals is informed and believes, and on that basis alleges, that the

26    above acts of Novartis have diluted, or are likely to dilute, the distinctive quality of Traditional

27    Medicinals' famous SMOOTH MOVE® mark and/or have caused, or are likely to cause, injury to

28    the business reputation of Traditional Medicinals' SMOOTH MOVE® mark.
     1-SF/7546712.1                          12

1    68.    Traditional Medicinals has no adequate remedy at law.  As a direct and proximate

2    result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be,

3    harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury, damage will

4    continue unless Novartis' conduct is enjoined by the Court.

5    69.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive

6    relief and damages.

7
## SIXTH CLAIM FOR RELIEF
### (UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)
8

9    70.    Traditional Medicinals incorporates by reference and realleges as though fully set

10    forth herein the allegations of paragraphs 1 through 69, inclusive.

11    71.    Traditional Medicinals is informed and believes, and on that basis alleges, that in

12    manufacturing, promoting and selling directly competitive and/or related products using the

13    SENNA SMOOTH designation, Novartis falsely leads consumers to believe that Novartis is

14    offering a line of goods that are sponsored or endorsed by Traditional Medicinals or that the

15    Novartis' SMOOTH or SENNA SMOOTH products are offered by Traditional Medicinals, when

16    they are not.

17    72.    The above acts and practices of Novartis are likely to mislead the general public

18    and, thereby, constitute unfair and fraudulent business practices and unfair, unlawful, deceptive,

19    untrue and misleading advertising in violation of California Business and Professions Code

20    §§17200 *et seq.*  Novartis' unlawful conduct caused injury to Traditional Medicinals resulting in

21    loss of money or property and caused injury in fact to Traditional Medicinals resulting in loss of

22    money or property.

23    73.    Traditional Medicinals is entitled to relief against Novartis, including full

24    restitution and/or disgorgement of all profits and benefits that may have been obtained by

25    Novartis as a result of such unfair, deceptive and/or fraudulent business practices and unfair,

26    deceptive, untrue and misleading advertising.

27    74.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

28    Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

1-SF/7546712.1                                        13

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

2    enjoined by the Court.

### SEVENTH CLAIM FOR RELIEF
#### (DECEPTIVE, FALSE AND MISLEADING ADVERTISING –
CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*)

5    75.    Traditional Medicinals incorporates by reference and realleges as though fully set

6    forth herein the allegations of paragraphs 1 through 74, inclusive.

7    76.    Traditional Medicinals is informed and believes, and on that basis alleges that,

8    Novartis intentionally or negligently committed the above acts with an intent to directly or

9    indirectly deceive consumers about the source Novartis' products.

10    77.    The above acts of Novartis constitute untrue and misleading advertising as defined

11    by California Business & Professions Code §17500 *et seq.*

12    78.    Traditional Medicinals is entitled to relief against Novartis, including full

13    restitution and/or disgorgement of all profits and benefits that may have been obtained by

14    Novartis as a result of such untrue and misleading advertising. Novartis' unlawful conduct

15    caused injury to Traditional Medicinals resulting in loss of money or property and caused injury

16    in fact to Traditional Medicinals resulting in loss of money or property.

17    79.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

18    Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

19    wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

20    enjoined by the Court.

### EIGHTH CLAIM FOR RELIEF
#### (TRADEMARK INFRINGEMENT -- CAL. BUS. & PROF. CODE §14335)

23    80.    Traditional Medicinals incorporates by reference and realleges as though fully set

24    forth herein the allegations of paragraphs 1 through 79, inclusive.

25    81.    Traditional Medicinals is informed and believes, and on that basis alleges that,

26    Novartis has used, and continues to use, the confusingly similar SENNA SMOOTH designation

27    for Novartis' products for the purpose of enhancing the commercial value of, or selling or

28    soliciting purchases of, Novartis' products.

1-SF/7546712.1                                    14

1    82.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

2    Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

3    wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

4    enjoined by the Court.

## NINTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIR COMPETITION)

7    83.    Traditional Medicinals incorporates by reference and realleges as though fully set

8    forth herein the allegations of paragraphs 1 through 82, inclusive.

9    84.    In addition to its rights under the Lanham Act and state statutory law, Traditional

10   Medicinals also has valid and existing common law rights with respect to its SMOOTH MOVE®

11   mark.

12   85.    The above acts of Novartis constitute unfair competition under common law.

13   86.    Traditional Medicinals is informed and believes, and on that basis alleges that, the

14   above acts of Novartis were and continue to be willful and malicious and undertaken with the

15   deliberate intent to injure the business of Traditional Medicinals and so as to improve Novartis'

16   business. Traditional Medicinals, therefore, is entitled to exemplary damages based upon

17   common law unfair competition principles.

18   87.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

19   Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

20   wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

21   enjoined by the Court.

22   88.    Traditional Medicinals is entitled to relief against Novartis, including full

23   restitution and/or disgorgement of all profits and benefits that may have been obtained by

24   Novartis as a result of such unfair competition.

## PRAYER FOR RELIEF

26   WHEREFORE, Traditional Medicinals prays the Court for the following relief:

27   1.    That the Court issue a temporary restraining order and/or preliminary injunction,

28   pending trial of this action, enjoining Novartis, its successors, officers, agents and employees, and

1-SF/7546712.1                                          15

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1   anyone acting in concert with or at the behest or direction of Novartis, from using Traditional

2   Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any other

3   designation that is comprised of or incorporates "SMOOTH" as a brand, designation or trademark

4   for a laxative product.

5       2.      That following trial of this action, the Court enter final judgment as follows:

6               a.      permanently enjoining Novartis, its successors, officers, agents and

7   employees, and anyone acting in concert with or at the behest or direction of Novartis, from using

8   Traditional Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any

9   other designation that is comprised of or incorporates "SMOOTH" for laxatives;

10              b.      ordering that all labels, packaging, wrappers, signs, prints, banners, posters,

11  brochures, or other advertising, marketing, or other promotional materials bearing Novartis'

12  SENNA SMOOTH designation, be destroyed, along with the means for making the same, and

13  that all Internet web sites, online advertising, marketing, promotions or other online materials

14  bearing the SENNA SMOOTH designation be removed permanently;

15              c.      ordering that Novartis abandon with prejudice its federal trademark

16  application for the SENNA SMOOTH designation, Serial Number 78/974,410;

17              d.      permanently enjoining Novartis, its successors, officers, agents and

18  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

19  seeking to register the SENNA SMOOTH designation and/or or any other designation that is

20  comprised of or incorporates "SMOOTH" for laxatives;

21              e.      permanently enjoining Novartis its successors, officers, agents and

22  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

23  engaging in false advertising with respect to the SENNA SMOOTH laxative products;

24              f.      ordering Novartis to file with the Court and serve on Traditional

25  Medicinals' counsel within 30 days after service of the injunction, a written report, sworn under

26  oath, setting forth in detail the manner and form in which Novartis has complied with the

27  injunction;

28

1           g.     declaring that Novartis' use of the SENNA SMOOTH designation

2    infringed and diluted Traditional Medicinals' SMOOTH MOVE® mark, in violation of 15 U.S.C.

3    §1114; 15 U.S.C. §1125(a), (c); Cal. Bus. & Prof. Code §14330;

4           h.     declaring that Novartis' advertising of SENNA SMOOTH laxative

5    products constituted false and misleading advertising, in violation of 15 U.S.C. §1125(a) and Cal.

6    Bus. & Prof. Code §17500 *et seq*., and that such actions were willful and intentional;

7           i.     declaring that Novartis has engaged in unfair competition and deceptive

8    trade practices within the meaning of California Business and Professions Code section 17200 *et*

9    *seq.* and California common law directly and indirectly;

10           j.     directing the United States Trademark Office, pursuant to section 37 of the

11    Lanham Act, 15 U.S.C. §1119, to refuse registration of any application by Novartis, their

12    successors, officers, agents and employees, and anyone acting in concert with or at the behest or

13    direction of Novartis, for the SENNA SMOOTH designation or any other designation that is

14    comprised of or incorporates "SMOOTH," for laxative products including Serial Number

15    78/974/410;

16           k.     awarding Traditional Medicinals compensation for any and all damages,

17    injury or harm incurred as a result of Novartis' unlawful conduct;

18           l.     ordering full restitution and/or disgorgement of all profits and benefits that

19    may have been obtained by Novartis as a result of its wrongful conduct;

20           m.     awarding Traditional Medicinals treble damages resulting from Novartis'

21    willful and intentional conduct pursuant to 15 U.S.C. §1117;

22           n.     awarding Traditional Medicinals punitive and exemplary damages;

23           o.     assessing against Novartis, Traditional Medicinals' costs of this action and

24    Traditional Medicinals' attorneys' fees; and,

25

26

27

28

1-SF/7546712.1               17

1          p.        ordering or awarding any other such relief the Court deems just and proper.

2   Dated: May ___, 2007                          MORGAN, LEWIS & BOCKIUS LLP

3

4                                                  By _____
5                                                          Rochelle D. Alpert

6                                                  Attorneys for Plaintiff Traditional
                                                   Medicinals, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
1-SF 7546712.1                                     18

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

**EXHIBIT  A**

Int. Cl.: 5

Prior U.S. Cls.: 18 and 46

## United States Patent and Trademark Office

Reg. No. 1,258,223
Registered Nov. 22, 1983

## TRADEMARK
**Principal Register**

## SMOOTH MOVE

Traditional Medicinals, Inc. (California corporation)
P.O. Box 442
Guerneville, Calif. 95446

For: HERBAL TEAS FOR USE AS A LAXA-TIVE, in CLASS 5 (U.S. Cls. 18 and 46).
First use Oct. 1974; in commerce Jan. 5, 1976.

Ser. No. 379,710, filed Aug. 12, 1982.

CARLA CALCAGNO, Examining Attorney

**Int. Cls.: 5 and 30**

**Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52**

**United States Patent and Trademark Office**

**Reg. No. 2,520,275**
Registered Dec. 18, 2001

## TRADEMARK
## PRINCIPAL REGISTER

## SMOOTH MOVE

TRADITIONAL MEDICINALS, INC. (CALIFOR-
NIA CORPORATION)
4515 ROSS ROAD
SEBASTOPOL, CA 95472

FOR: MEDICINAL HERB TEAS, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

FOR: HERB TEA FOR FOOD PURPOSES, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

OWNER OF U.S. REG. NO. 1,258,223.

SER. NO. 78-031,266, FILED 10-18-2000.

CIMMERIAN COLEMAN, EXAMINING ATTOR-
NEY

**EXHIBIT  B**

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2007-05-08 12:01:22 ET

**Serial Number:** 78809216 Assignment Information

**Registration Number:** (NOT AVAILABLE)

**Mark**

# SMOOTH MOVE

**(words only):** SMOOTH MOVE

**Standard Character claim:** Yes

**Current Status:** Opposition period completed, a Notice of Allowance has been issued.

**Date of Status:** 2007-02-06

**Filing Date:** 2006-02-07

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**The Notice of Allowance Date is:** 2007-02-06

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 115

**Attorney Assigned:**
ROTH JASON I Employee Location

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2007-03-19

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Traditional Medicinals, Inc.

**Address:**
Traditional Medicinals, Inc.
4515 Ross Road
Sebastopol, CA 95472
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California
**Phone Number:** 7078238911

## GOODS AND/OR SERVICES

**International Class:** 005
**Class Status:** Active
(Based on Intent to Use) Anti-inflammatories; Astringents for medicinal purposes; (Based on Use in Commerce) Dietary supplements; (Based on Intent to Use) Hemorrhoid treatment preparations; (Based on Use in Commerce) Herbal supplements; Nutritional supplements; (Based on Intent to Use) Topical anesthetics; Vasoconstrictors
**Basis:** 1(a), 1(b)
**First Use Date:** 1976-01-00
**First Use in Commerce Date:** 1976-01-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1258223
2520275

## MADRID PROTOCOL INFORMATION

**USPTO Reference Number:** A0005746
**International Registration Number:** 0898297
**International Registration Date:** 2006-09-06
**Original Filing Date with USPTO:** 2006-09-06
**International Registration Status:** Application For IR Registered By IB
**Date of International Registration Status:** 2006-10-26
**International Registration Renewal Date:** 2016-09-06
**Irregularity Reply by Date:** (DATE NOT AVAILABLE)

**Madrid History:**
10-26-2006 - 20:39:27 - Application For IR Registered By IB
09-08-2006 - 21:00:36 - IR Certified And Sent To IB
09-08-2006 - 08:55:01 - Manually Certified
09-06-2006 - 17:20:56 - New Application For IR Received

## PROSECUTION HISTORY

2007-03-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-02-14 - PAPER RECEIVED

2007-02-06 - Notice of allowance - mailed

2006-11-14 - Published for opposition

2006-10-25 - Notice of publication

2006-09-27 - Law Office Publication Review Completed

2006-09-15 - Assigned To LIE

2006-09-09 - Approved for Pub - Principal Register (Initial exam)

2006-09-09 - Amendment From Applicant Entered

2006-09-08 - Communication received from applicant

2006-09-08 - TEAS Response to Office Action Received

2006-07-27 - Letter of suspension e-mailed

2006-07-27 - Suspension Letter Written

2006-07-26 - Assigned To Examiner

2006-02-14 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Jay H. Geller

**Correspondent**
JAY H. GELLER
2425 W. OLYMPIC BL.
W. TOWER, SUITE 4000
SANTA MONICA, CA 90404
Phone Number: 310-449-1399
Fax Number: 310-449-1394

## DEMAND FOR JURY TRIAL

Plaintiff Traditional Medicinals, Inc., hereby demands a trial by jury of all issues triable by a jury pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

Dated: May ⁄, 2007                              MORGAN, LEWIS & BOCKIUS LLP


By _____
                              Rochelle D. Alpert

                              Attorneys for Plaintiff Traditional
                              Medicinals, Inc.

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that that the following listed persons,

3     association of persons, firms, partnerships, corporations (including parent corporations) or other

4     entities (i) have a financial interest in the subject matter in controversy or in a party to the

5     proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

6     substantially affected by the outcome of this proceeding:

7          1.          Traditional Medicinals, Inc., a company formed under the laws of California.

8

9     Dated: May 8, 2007                    MORGAN, LEWIS & BOCKIUS LLP

10

11                                             By
                                                  Rochelle D. Alpert
12                                             Attorneys for Plaintiff Traditional
                                               Medicinals, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
      1-SF/7546712.1                           20