# EXHIBIT   1

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 78974410**
**Filing Date: 09/14/2006**

*NOTE: Data fields with the ° are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

The table below presents the data as entered.

| Input Field | Entered |
| --- | --- |
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| °MARK | SENNA SMOOTH |
| °STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | SENNA SMOOTH |
| °MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| °OWNER OF MARK | Novartis AG |
| °STREET | CH-4002 |
| °CITY | Basel |
| °COUNTRY | Switzerland |
| PHONE | +1 862-778-8038 |
| FAX | +1 973-781-8060 |
| EMAIL ADDRESS | mary.leheny@novartis.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | No |
| **LEGAL ENTITY INFORMATION** | |
| °TYPE | CORPORATION |
| °STATE/COUNTRY OF INCORPORATION | Switzerland |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| °INTERNATIONAL CLASS | 005 |
| °DESCRIPTION | Laxatives |
| °FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS INFORMATION

*TRANSLATION
(if applicable)

*TRANSLITERATION
(if applicable)

*CLAIMED PRIOR REGISTRATION
(if applicable)

*CONSENT (NAME/LIKENESS)
(if applicable)

*CONCURRENT USE CLAIM
(if applicable)



## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Mary F. Leheny |
| ATTORNEY DOCKET NUMBER | OTC.9133 |
| FIRM NAME | Novartis |
| STREET | One Health Plaza |
| INTERNAL ADDRESS | Corporate Intellectual Property |
| CITY | East Hanover |
| STATE | New Jersey |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 07936 |
| PHONE | +1 862.778.8038 |
| FAX | +1 973.781.8060 |
| EMAIL ADDRESS | mary.leheny@novartis.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Jacqueline Stelling |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Mary F. Leheny |
| FIRM NAME | Novartis |
| *STREET | One Health Plaza |
| INTERNAL ADDRESS | Corporate Intellectual Property |
| * CITY | East Hanover |
| * STATE (Required for U.S. applicants) | New Jersey |
| * COUNTRY | United States |
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 07936 |

| PHONE | +1 862-778-8038 |
| FAX | +1 973-781-8060 |
| * EMAIL ADDRESS | mary.leheny@novartis.com |
| * AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

## SIGNATURE INFORMATION

| * SIGNATURE | /Mary F. Leheny/ |
| * SIGNATORY NAME | Mary F. Leheny |
| SIGNATORY POSITION | Head Global Trademarks Consumer Health |
| * SIGNATURE DATE | 09/14/2006 |

## FILING INFORMATION SECTION

| SUBMIT DATE | Thu Sep 14 14:09:37 EDT 2006 |
| TEAS STAMP | USPTO/FTK-205.181.102.120 -2006091414093725255 1-789 74410-332572f82d09e103093 d02a665439d2114-DA-2006-2 0060914140302070472 |

---

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

Serial Number: 78974410
Filing Date: 09/14/2006

To the Commissioner for Trademarks:

**MARK: SENNA SMOOTH (Standard Characters, see mark)**

The literal element of the mark consists of SENNA SMOOTH. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Novartis AG, a corporation of Switzerland, residing at CH-4002, Basel, Switzerland, , requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**

International Class 005:  Laxatives

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

The applicant hereby appoints Mary F. Leheny and Jacqueline Stelling of Novartis, Corporate Intellectual Property, One Health Plaza, East Hanover, New Jersey, United States, 07936 to submit this application on behalf of the applicant. The attorney docket/reference number is OTC-9133.

The USPTO is authorized to communicate with the applicant or its representative at the following email address: mary.leheny@novartis.com.

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Mary F. Leheny/   Date: 09/14/2006
Signatory's Name: Mary F. Leheny
Signatory's Position: Head Global Trademarks Consumer Health
Mailing Address:
    Mary F. Leheny
    Corporate Intellcetual Property
    One Health Plaza
    East Hanover, New Jersey 07936


RAM Sale Number: 2006
RAM Accounting Date: 09/14/2006


Serial Number: 78974410
Internet Transmission Date: Thu Sep 14 14:09:37 EDT 2006
TEAS Stamp: USPTO/FTK-205.181.102.120-20060914140937
252551-78974410-332572f82d09e103093d02a6
65439d2114-DA-2006-20060914140302070472

# SENNA SMOOTH

# EXHIBIT   2

| | |
|---|---|
| **To:** | Novartis AG (mary.leheny@novartis.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78974410 - SENNA SMOOTH - OTC-9133 |
| **Sent:** | 12/5/2006 10:33:02 AM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/974410

**APPLICANT**: Novartis AG

# *78974410*

**CORRESPONDENT ADDRESS:**
    MARY F. LEHENY
    NOVARTIS
    CORPORATE INTELLECTUAL PROPERTY
    ONE HEALTH PLAZA
    EAST HANOVER, NJ 07936

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**    SENNA SMOOTH

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  OTC-9133

**CORRESPONDENT EMAIL ADDRESS:**
    mary.leheny@novartis.com

If no fees are enclosed, the address should include the words
"Box Responses - No Fee."

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and email address.

Serial Number 78/974410

# EXAMINER'S AMENDMENT

**OFFICE RECORDS SEARCH:** The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

**ADVISORY – AMENDMENTS TO GOODS/SERVICES**:  If the identification of goods and/or services has been amended below, any future amendments must be in accordance with 37 C.F.R. §2.71(a) and TMEP §1402.07(e).

**AMENDMENT(S) AUTHORIZED**:  As authorized by Mary Leheny on December 5, 2006, the application is amended as noted below.  *If applicant disagrees with or objects to any of the amendments below, please notify the undersigned trademark examining attorney immediately.*  Otherwise, no response is necessary.  TMEP §707.

<u>Disclaimer</u>

The following disclaimer statement is added to the record:

No claim is made to the exclusive right to use "SENNA" apart from the mark as shown.

15 U.S.C. §1056; TMEP §§1213, 1213.03(a) and 1213.08(a)(i).

/Jordan A. Baker/

Trademark Examining Attorney

Law Office 102

571-272-8844

jordan.baker@uspto.gov

# EXHIBIT  3

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

Jan 17, 2007

## NOTICE OF PUBLICATION UNDER 12(a)

1.  Serial No.:
    78/974,410

2.  Mark:
    SENNA SMOOTH
    Standard Character Mark

3.  International Class(es):
    5

4.  Publication Date:
    Feb 6, 2007

5.  Applicant:
    Novartis AG

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the Official Gazette on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a notice of allowance pursuant to section 13(b) of the Statute.

Copies of the trademark portion of the Official Gazette containing the publication of the mark may be obtained from:

The Superintendent of Documents
U.S. Government Printing Office
PO Box 371954
Pittsburgh, PA 15250-7954
Phone: 202-512-1800

By direction of the Commissioner.

Correspondence Address:

MARY F. LEHENY
NOVARTIS
CORPORATE INTELLECTUAL PROPERTY
ONE HEALTH PLAZA
EAST HANOVER, NJ 07936

TMP&I

# EXHIBIT   4

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov
ESTTA Tracking number: **ESTTA125532**
Filing date: 02/16/2007

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | Traditional Medicinals, Inc. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | California |
| Address | 4515 Ross Road Sebastopol, CA 95472 UNITED STATES | | |

| Attorney information | Jay H. Geller West Tower, Suite 4000 2425 W. Olympic Bl. Santa Monica, CA 90404 UNITED STATES jhgeller@aol.com |
|---|---|

## Applicant Information

| Application No | 78974410 | Publication date | 02/06/2007 |
|---|---|---|---|
| Opposition Filing Date | 02/16/2007 | Opposition Period Ends | 03/08/2007 |
| Applicant | Novartis AG CH-4002 Basel, SWITZERLAND | | |

## Goods/Services Affected by Opposition

| Class 005. All goods and sevices in the class are opposed, namely: Laxatives |
|---|

| Attachments | SmoothOpp.pdf ( 2 pages )(385441 bytes ) |
|---|---|

| Signature | /jhgeller/ |
|---|---|
| Name | Jay H. Geller |
| Date | 02/16/2007 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| Traditional Medicinals, Inc. | ) | |
| | ) | <u>NOTICE OF OPPOSITION</u> |
| Opposer, | ) | |
| | ) | |
| v. | ) | |
| Novartis, AG | ) | |
| | ) | |
| Applicant. | ) | |
| | ) | |

To The Commissioner of Patents and Trademarks:

Traditional Medicinals, Inc. hereby opposes registration of Applicant's trademark, SENNA SMOOTH, published in the Official Gazette of February 6, 2007. The following allegations are submitted in support of this Notice of Opposition:

1. Opposer is a California corporation, with its principal place of business in Sebastopol, CA.

2. Applicant, upon information and belief, is a corporation under the laws of Switzerland with its principal place of business in Basel, Switzerland.

3. Applicant has applied for serial number 78974410 for the trademark SENNA SMOOTH claiming a bona fide intent to use. The application was filed on September 14, 2006.

4. Opposer has at least since 1974, long prior date of filing of the subject application, used the SMOOTH MOVE in interstate commerce in the United States respect to goods in International Class 5, particularly herbal for use as a laxative and medicinal herb teas. Opposer owner of United States registration 1258223 for herb teas as a laxative (which registration has become incontestable valid and subsisting) and 2520275 for medicinal herb tea for

a Section 15 declaration has been filed and is awaiting acknowledgement.

5. Applicant's mark wholly incorporates that part of Opposer's trademark that consists of the word SMOOTH, and that portion of applicant's mark is identical in sound, spelling and appearance to Opposer's trademark.

6. The goods upon which applicant intends to use its mark SENNA SMOOTH are identical to those goods upon which Opposer uses its mark SMOOTH MOVE.

7. The likelihood of confusion in the marketplace exists between Opposer's trademark when applied to the goods of the respective parties, and applicant's trademark.

8. Registration of applicant's trademark will dilute registrant's famous mark SMOOTH MOVE.

9. Registration of applicant's trademark will result in damage to Opposer's trademark and Opposer's business.

Wherefore, Opposer requests that this Opposition be sustained and that the registration to the Applicant be refused.

Dated: February 16, 2007

Jay H. Geller
Jay H. Geller, A
    Professional Corporation
West Tower, Suite 4000
2425 West Olympic Boulevard
Santa Monica, CA 90404

Telephone:  310-449-1399
Facsimile:  310-449-1394
Email:  JHGELLER@aol.com

2

# EXHIBIT   5

# TTAB

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

TRADITIONAL MEDICINALS, INC.,

                         Opposer,

       v.

NOVARTIS AG,

                         Applicant.

Application No. 78/974,410

Opposition No. 91175734

## <u>APPLICANT'S ANSWER TO NOTICE OF OPPOSITION</u>

       Applicant, Novartis AG ("Applicant"), by and through its attorneys, Ostrolenk, Faber, Gerb & Soffen, LLP, hereby answers the Notice of Opposition as follows:

       1.     Applicant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

       2.     Applicant admits the allegations contained in paragraph 2.

       3.     Applicant admits the allegations contained in paragraph 3.

       4.     Applicant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

       5.     Applicant admits that its mark incorporates the word SMOOTH.  Applicant denies that Opposer's mark is comprised wholly of the word SMOOTH and further denies that the overall marks at issue are identical in sound, spelling and appearance.



03-15-2007
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #30

6.    Applicant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.    Applicant denies the allegations contained in paragraph 7.

8.    Applicant denies the allegations contained in paragraph 8, especially any claim that registrant's mark is "famous" within the meaning of the Lanham Act.

9.    Applicant denies the allegations contained in paragraph 9.

**WHEREFORE**, Applicant respectfully requests that this Opposition No. 91175734 be dismissed with prejudice.

Dated:    New York, New York
          March 13, 2007

FIRST-CLASS MAIL CERTIFICATE

I hereby certify that this correspondence is being deposited with the United States Postal Service as First-Class Mail to Addressee in a prepaid envelope with sufficient postage addressed to: Commissioner of Trademarks, P.O. Box 1451, Alexandria, Virginia 22313-1451, on March 13, 2007.

Peter S. Sloane
_____
Name of Person Mailing Correspondence

_____
Signature

March 13, 2007
_____
Date of Signature

Respectfully submitted,

Peter S. Sloane
Stephen J. Quigley

OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York  10036-8403
Tel:  (212) 382-0700

Attorneys for Applicant

{00823758.1}                    2

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing **APPLICANT'S ANSWER TO NOTICE OF OPPOSITION** was served upon counsel for Opposer this 13th day of March, 2007, by First-Class mail, postage prepaid, as follows:

> Jay H. Geller, Esq.
> Jay H. Geller, P.C.
> West Tower, Suite 4000
> 2425 West Olympic Boulevard
> Santa Monica, California  90404

Peter S. Sloane

# EXHIBIT  6

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Rochelle D. Alpert**
Partner
415.442.1326
ralpert@morganlewis.com

May 8, 2007

**VIA FEDERAL EXPRESS AND EMAIL**

George L. Miller, Esq.
Executive Vice President and General Counsel Americas
Novartis Group Companies
608 5th Ave.
New York, New York 10020
george.miller@novartis.com

Re:   Novartis' Recently Launched SENNA SMOOTH Laxative Product

Dear Mr. Miller:

Morgan Lewis represents Traditional Medicinals, Inc. ("Traditional Medicinals") with respect to its SMOOTH MOVE® trademark. We are writing to you regarding Novartis' recent entry into the marketplace with a laxative product being offered and sold under the SENNA SMOOTH designation.

As Novartis knows or should know, Traditional Medicinals owns and has used its federally registered, incontestable SMOOTH MOVE® brand (U.S. Reg. Nos. 1,258,223 and 2,520,275) for three decades for high quality laxative products. During this time, the SMOOTH MOOVE® brand has gained recognition and fame, including media attention in magazines, movies and television programming. Similar to Novartis' EX-LAX brand laxative products, Traditional Medicinals SMOOTH MOOVE® brand is available for purchase by consumers at online, nutrition, grocery, drug and gourmet stores nationwide and SMOOTH MOOVE® products account for a considerable share of the senna-based laxative market.

Based on Traditional Medicinals' incontestable federal registrations and three decades of use of the SMOOTH MOVE® brand, Traditional Medicinals was quite surprised when Novartis AG filed an intent-to-use trademark application with the United States Patent and Trademark Office for the designation SENNA SMOOTH. In response, Traditional Medicinals filed a Notice of Opposition before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. Even more surprising to Traditional Medicinals given Traditional Medicinals' filing of the Notice of Opposition was the recent launch by Novartis in the United States of the sale of a SENNA SMOOTH laxative product. This laxative product not only uses the

San Francisco  Philadelphia  Washington  New York  Los Angeles  Miami  Pittsburgh  Princeton  Chicago
Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Beijing  Tokyo

1-SF/7546689.1



George L. Miller, Esq.
May 8, 2007
Page 2

confusingly similar SENNA SMOOTH designation, but is offered and sold in packaging that is confusingly similar to the SMOOTH MOVE® senna packaging.

Given the fact that there can be no doubt that Novartis fully knew of Traditional Medicinals' laxative products and packaging before its recent launch, Novartis's actions only can be characterized as constituting intentional trademark infringement. Significantly in this regard, there is no other company in the United States selling laxatives using a brand name containing the word "smooth." Thus, coupled with Novartis' choice of packaging that is confusingly similar to the packaging used by Traditional Medicinals' SMOOTH MOOVE® senna and other laxative products, there can be no doubt that consumers are likely to be confused into believing that there is a connection of some sort between Novartis' SENNA SMOOTH product and Traditional Medicinals' SMOOTH MOVE® products, when as you know there is no such connection.

Simply put, there can be no legitimate reason for Novartis' choice of a SMOOTH based mark for its competitive product other than to trade off of Traditional Medicinals' valuable consumer recognition and good will. As a result, Novartis has left Traditional Medicinals no choice but to file a complaint for among other claims intentional trademark infringement to protect its trademark rights and to prevent further marketplace confusion, deception and mistake.

In an effort to resolve this matter short of litigation, we have enclosed a courtesy copy of the complaint for your consideration. Traditional Medicinals would be happy to discuss this matter in an attempt to avoid litigation, but you should understand that Traditional Medicinals is prepared and committed to protecting its long-held, federally registered and incontestable trademark—SMOOTH MOVE®. Thus, in all events, Traditional Medicinals will need Novartis to agree to cease use and abandon its application to register the confusingly similar SENNA SMOOTH designation.

If Novartis is amenable to resolving this matter amicably and without litigation, please contact the undersigned by no later than May 15, 2007. If we do not hear from Novartis by then, Traditional Medicinals will proceed with service of the Complaint and its effort to seek injunctive relief and/or damages, including treble damages, for Novartis intentional trademark infringement and other wrongdoing.

Very truly yours,

Rochelle D. Alpert

Encl.

1   ROCHELLE D. ALPERT (Cal. Bar No. 65037)
    SHARON R. SMITH (Cal. Bar No. 221428)
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Tower
3   San Francisco, CA 94105
    Tel: 415.442.1000
4   Fax: 415.442.1001
    E-mail: ralpert@morganlewis.com
5           srsmith@morganlewis.com

6   Attorneys for Plaintiff
    Traditional Medicinals, Inc.
7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  TRADITIONAL MEDICINALS, INC., a          Case No.
    Delaware corporation,
12                                           **COMPLAINT FOR TRADEMARK
                   Plaintiff,                INFRINGEMENT; DILUTION; FALSE
13                                           ADVERTISING; UNFAIR
                   vs.                       COMPETITION; AND REQUEST FOR
14                                           TEMPORARY, PRELIMINARY AND/OR
    NOVARTIS CONSUMER PRODUCTS,              PERMANENT INJUNCTIVE RELIEF**
15  INC., a Delaware corporation; Novartis
    AG, a corporation of Switzerland, and    **DEMAND FOR JURY TRIAL AND
16  DOES 1-10, inclusive,                    CERTIFICATION OF INTERESTED
                                             ENTITIES OR PERSONS PURSUANT TO
17                 Defendants.               CIVIL L-R 3-16**

18

19

20

21

22

23

24

25

26

27

28

1-SF/7546712.1

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    Plaintiff Traditional Medicinals, Inc., alleges as follows:

2    1.    This action is brought against defendant Novartis Consumer Health, Inc., and

3    affiliated entities (collectively "Novartis"), for trademark infringement, trademark dilution, false

4    designation of origin, unfair business practices, and deceptive advertising in violation of the

5    Lanham Act, 15 U.S.C. §§1141(1), 1125(a)(1), and 1125(c), California Business and Professions

6    Code §§17200 et seq., 17500 et seq., 14330, and 14335, and common law, arising from Novartis'

7    use of designations that are likely to cause confusion with, dilute, and/or are likely to dilute

8    Traditional Medicinals' federally registered and famous SMOOTH MOVE® mark and Novartis'

9    false, misleading and deceptive advertising.

10    **PARTIES**

11    2.    Traditional Medicinals, Inc. ("Traditional Medicinals") is a privately held

12    California corporation, with its principal place of business at 4515 Ross Road, Sebastopol, CA

13    95472.  Traditional Medicinals is a leading manufacturer of medicinal and herbal products,

14    including medicinal teas and supplements for self-care.  Among its products and widely

15    recognizable brands, Traditional Medicinals manufactures markets and sells plant-based herbal

16    laxatives in the form of medicinal teas, capsules and powders under its federally registered

17    SMOOTH MOVE® brand.

18    3.    Traditional Medicinals is informed and believes, and on that basis alleges, that

19    Novartis Consumer Health, Inc. is a Delaware corporation, with its principal place of business

20    located at 200 Kimball Drive, Parsippany, NJ 07054-0622.

21    4.    Traditional Medicinals is informed and believes, and on that basis alleges, that

22    Novartis AG, a corporation of Switzerland, at the address of CH-4002, Basel, Switzerland,

23    licenses the use of certain designations including the designation complained of here, to Novartis

24    Consumer Health, Inc.

25    5.    Traditional Medicinals is currently unaware of the true names and capacities of

26    Does 1 through 10 inclusive, and therefore sues such defendants by such fictitious names.

27    Traditional Medicinals is informed and believes, and on that basis alleges that, each of the

28    fictitiously named Does is responsible in some manner for the occurrences alleged below and that

1-SF/7546712.1                                        1

1  Traditional Medicinals damages were proximately caused by each of the Does. Traditional
2  Medicinals will amend this complaint to allege their true names and capacities when ascertained.

3  <div align="center">**JURISDICTION AND VENUE**</div>

4      6.    This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C.
5  §1121 and 28 U.S.C. §§1331, 1338(a)-(b), and 1367(a).

6      7.    This Court has personal jurisdiction over Novartis, and venue is proper in this
7  district pursuant to 28 U.S.C. §1391(b)-(c), because on information and belief, Novartis has a
8  presence in the state of California, conducts regular and systematic business in California, has
9  purposefully availed itself of conducting business in California, and/or the events giving rise to
10 the claims alleged in this complaint have a substantial effect in California and a substantial part of
11 such events occurred in this district. In this regard, Traditional Medicinals is informed and
12 believes, and on that basis alleges: Novartis is registered to do business in California; Novartis
13 markets, advertises, promotes, sells and offers for sale laxative pills under the infringing and
14 unlawful SENNA SMOOTH designation in California; and Traditional Medicinals markets,
15 advertises, promotes, offers for sale and has substantial sales of its SMOOTH MOVE® products
16 in California.

17 <div align="center">**FACTUAL ALLEGATIONS**</div>
18 <div align="center">**Traditional Medicinals' Federally Registered and Famous SMOOTH MOVE® Brand**</div>

19     8.    Traditional Medicinals has used its SMOOTH MOVE® mark in interstate
20 commerce since at least as early as January 5, 1976. Over this more than three decades of use,
21 Traditional Medicinals' famous and well-known natural laxative products, which originally came
22 in herbal tea form and are now sold in herbal tea, capsule and powder form, under the federally
23 registered SMOOTH MOVE® mark.

24     9.    For decades, Traditional Medicinals has extensively marketed, advertised,
25 promoted and sold laxative tea under the SMOOTH MOVE® mark throughout the United States
26 and in many countries around the world. Traditional Medicinals has sold, and continues to sell,
27 its SMOOTH MOVE® products, including its SMOOTH MOVE® senna products, online and
28 through retail stores, including grocery, health food, nutrition center, gourmet food and drug

1-SF/7546712.1

<div align="center">2</div>

1  stores across the country. Since at least as early as 1999, Traditional Medicinals' extensive web

2  site at "www.traditionalmedicinals.com" and "www.tradmed.com" prominently has featured and

3  promoted its SMOOTH MOVE® brand by providing information about, offering for sale and

4  enabling the online purchase of its SMOOTH MOVE® medicinal products.

5       10.    Psyllium or senna are herbal plants used in SMOOTH MOVE® laxative products.

6  Traditional Medicinals' SMOOTH MOVE® Senna product uses senna as the active ingredient.

7  And, Traditional Medicinals' SMOOTH MOVE® Fiber Therapy product uses psyllium as the

8  active ingredient. The active ingredients of Traditional Medicinals' SMOOTH MOVE® products

9  are organic psyllium seed husk or organic senna leaf and leaf dry extract and, have not been

10  grown or treated with synthetic fertilizers, pesticides, herbicides, fumigants, irradiation nor

11  conventional agricultural chemical treatments, but rather rely on natural and organic

12  methodologies.

13       11.    Traditional Medicinals' SMOOTH MOVE® tea is available for purchase at most

14  independent grocery stores, chain natural foods stores, such as Whole Foods and Wild Oats, chain

15  supermarkets, such as Safeway, Kroger's and Albertsons, drug and pharmacy stores, such as Rite

16  Aid and CVS, at more than 20,000 health food and vitamin stores, such as General Nutrition

17  Centers (GNC), and at online retailers, such as Drugstore.com.

18       12.    Traditional Medicinals' SMOOTH MOVE® tea is the #1 best selling tea and

19  laxative product at health and natural food stores. Traditional Medicinals' SMOOTH MOVE®

20  tea is also a best selling tea within the grocery channel of trade. In 2006 alone, consumers

21  purchased 1,500,000 boxes of SMOOTH MOVE® tea.

22       13.    As a result of Traditional Medicinals' longstanding, extensive, and widespread

23  use, marketing and promotion of its SMOOTH MOVE® products, Traditional Medicinals'

24  SMOOTH MOVE® brand is widely recognized by the general consuming public as a designation

25  of source for Traditional Medicinals' natural medicinal laxative tea and other laxative products.

26  Traditional Medicinals' SMOOTH MOVE® products have been advertised and/or featured in

27  such publications as, Oprah Winfrey's *O Magazine*, the *Natural Foods Merchandiser*, *The Dallas*

28  *Morning News*, *The Star-Ledger*, *Natural Health*, *San Francisco Weekly*, *The Washington Post*,

1-SF/7546712.1                                    3

1  *The News-Press, Chain Drug Review, The Plain Dealer, St. Louis Post-Dispatch, Seattle Post-*
2  *Intelligencer, The Oregonian, The Chicago Tribune, Let's Live* (GNC's publication), *Whole*
3  *Foods, Wild Oats, Safeway*, on television programming, such as "Live with Regis and Kathie
4  Lee" and in the recent nationally released movie "Employee of the Month." Traditional
5  Medicinals' SMOOTH MOVE® tea has been the repeated winner of the Vitamin Retailer Award
6  for the top selling tea in the natural foods industry.

7     14.    Traditional Medicinals' informs consumers through advertising, promotion and
8  packaging that its SMOOTH MOVE® products consist of pharmacopoeial grade herbs, which
9  meet the highest standards set for quality, purity, strength, identity and composition, and are free
10  of harsh chemicals.

11     15.    Traditional Medicinals is the exclusive owner of federal registrations for its
12  SMOOTH MOVE® mark, including, but not limited to, the following:

13     (a)    SMOOTH MOVE® (Reg. No. 1,258,223), registered on November 22, 1983, for
             "herbal teas for use as a laxative," in International Class 5; and
14
15     (b)    SMOOTH MOVE® (Reg. No. 2,520,275), registered on June 21, 1994, for
             "medicinal herbal teas," in International Class 5 and "herb tea for medicinal
16           purposes," in International Class 30.

17  Attached hereto as Exhibit A are true and correct copies of the registration certificates for these
18  registrations.

19     16.    Traditional Medicinals' federal registrations for SMOOTH MOVE® are
20  incontestable pursuant to 15 U.S.C. § 1065, and thus, provide conclusive evidence of Traditional
21  Medicinals' exclusive right to use the marks covered by the registrations in commerce in
22  connection with the goods specified in the registrations.

23     17.    Traditional Medicinals' registrations for its SMOOTH MOVE® mark provides
24  constructive notice of Traditional Medicinals' claim of ownership under 15 U.S.C. §1072.

25     18.    Traditional Medicinals also owns a pending application for SMOOTH MOVE™
26  (App. No. 78/809,216), which was approved for registration on February 2, 2007, for "anti-
27  inflammatories; astringents for medicinal purposes; dietary supplements; hemorrhoid treatment
28  preparations; herbal supplements; nutritional supplements; topical anesthetics; vasoconstrictors,"

1-SF/7546712.1
4

in International Class 5. A true and correct copy of a status report from the United States Patent and Trademark website for this allowed application is attached hereto as Exhibit B.

19. Since at least as early as September 8, 2004, Traditional Medicinals has sold its SMOOTH MOVE® products in packaging with a tri-color background featuring an image of the senna plant in yellow in the lower right hand corner of the product packaging, such as the packaging set forth below:



Certain of Traditional Medicinals' packaging features the wording "SMOOTH MOVE® SENNA."

### Novartis' Use of the Confusingly Similar SENNA SMOOTH Designation for its Competitive Laxative Products

20. Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis recently has begun to manufacture, or directed the manufacture of, and also has promoted and sold laxative products under the confusingly similar SENNA SMOOTH designation with the word SMOOTH in a larger size and more prominently displayed manner than the word SENNA, in packaging with a tri-colored background and a depiction of the senna plant in the lower right hand corner in yellow, such as the packaging set forth below:



21.     Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis, and its predecessor companies, have sold laxatives under the EX-LAX brand starting in 1906. And, that on or about 1997, Novartis stopped using phenolphtalein in the United States as the active ingredient in its EX-LAX laxatives and began using sennosides, an ingredient from senna leafs and/or pods, in its place.

22.     Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis has sold and/or sells a laxative product under its EX-LAX and EX LAX GENTLE NATURE brands, which contained the same ingredients and formulation as the product that Novartis recently has commenced offering under the SENNA SMOOTH designation. Novartis does not, however, inform consumers that the SENNA SMOOTH product is the same product and formula as its existing EX-LAX products, but rather prominently features the wording "NEW" on its packaging. Novartis adopted the SENNA SMOOTH designation for its product in bad faith to capitalize on Traditional Medicinals' success in the marketplace with its SMOOTH MOVE® products. Novartis determined to sell the same product as its EX-LAX and EX LAX GENTLE NATURE products using the SENNA SMOOTH designation in direct competition with Traditional Medicinals' SMOOTH MOVE® products in an effort to confuse members of the relevant public.

23.     Novartis adopted a confusingly similar trade dress for its SENNA SMOOTH packaging to that of Traditional Medicinals' packaging for SMOOTH MOVE® to further attempt to confuse the consuming public.

24.     Traditional Medicinals and Novartis market and promote their laxatives in overlapping and/or the same trade channels including at online, drug, grocery and gourmet stores.

25.     Traditional Medicinals has not consented to or authorized Novartis to use the confusingly similar SENNA SMOOTH designation or the packaging design for the SENNA SMOOTH product.

26.     Traditional Medicinals is informed and believes, and on that basis alleges that, advertising, promotions and packaging for the products Novartis is selling or offering for sale under the SENNA SMOOTH designation, contain misstatements and otherwise misleading

1-SF/7546712.1

6

1    information, including that the product is "new." Novartis' statements were known, or should

2    have been known by the exercise of reasonable care, to be untrue and misleading, and were made

3    to deceive the public who read the product advertising, promotion and packaging.

4        27.    Traditional Medicinals alleges that, on or about September 14, 2006, Novartis'

5    parent company, defendant Novartis AG, filed an intent-to-use application to federally register

6    the SENNA SMOOTH designation (Serial Number 78/974,410) for "laxatives," in International

7    Class 5. Significantly, Novartis AG disclaimed the word "senna" as descriptive or generic. Thus,

8    the dominant component of the applied-for designation is SMOOTH. Traditional Medicinals

9    filed an opposition to the registration of the SENNA SMOOTH designation before the Trademark

10   Trial and Appeal Board, Opposition No. 91,175,734, on or about February 16, 2007. Novartis

11   answered the Notice of Opposition by denying the material allegations, but it did not assert any

12   affirmative defenses. In all events, Novartis began the introduction of its SENNA SMOOTH

13   product into the marketplace with full knowledge of Traditional Medicinals' opposition.

14       28.    Novartis' use of the confusingly similar SENNA SMOOTH designation and its

15   packaging trade dress, alone and in combination, has caused, and is likely to continue to cause,

16   confusion, mistake or deception, now and in the future, as to the origin, source, and sponsorship

17   of Novartis' products. Novartis' actions also dilute and are likely to dilute the distinctive

18   qualities of Traditional Medicinals' famous and well-known SMOOTH MOVE® products.

19   ### Novartis' Unlawful Conduct Is Willful and Intentional

20       29.    Novartis knew, or should have known, of Traditional Medicinals' well-established

21   and prior rights and/or federal registrations for Traditional Medicinals' SMOOTH MOVE®

22   laxative products before Novartis adopted and began using the confusingly similar SENNA

23   SMOOTH designation for its competitive products.

24       30.    Novartis had actual knowledge of Traditional Medicinals' prior use and rights in

25   its SMOOTH MOVE® mark and that Novartis nevertheless adopted, used, and now is promoting

26   and selling directly competitive and/or related goods using the confusingly similar SENNA

27   SMOOTH designation with a specific emphasis on SMOOTH and a confusingly similar trade

28   dress with the intent to cause confusion and mistake and deceive customers, and with the intent to

1-SF/7546712.1                                                7

1  trade upon the goodwill and substantial consumer recognition associated with Traditional

2  Medicinals' SMOOTH MOVE® products.

3    31.    Novartis has continued to use such an infringing designation notwithstanding

4  Novartis' actual knowledge of Traditional Medicinals' prior and exclusive rights to its SMOOTH

5  MOVE® brand and trade dress, and despite Traditional Medicinals providing Novartis with

6  written notice of its objections to Novartis' unlawful use of and attempt to register the

7  confusingly similar SENNA SMOOTH designation and Traditional Medicinals' demands that

8  Novartis cease the illegal conduct alleged in this complaint.

9    32.    Novartis' unlawful conduct is and continues to be knowing, deliberate, malicious,

10  oppressive and willful in an attempt to associate itself and its products with Traditional

11  Medicinals or to otherwise trade upon the reputation and fame of Traditional Medicinals'

12  SMOOTH MOVE® mark and to deceive consumers through false or misleading advertising.

13    33.    Novartis' acts complained of herein have caused damage to Traditional Medicinals

14  in an amount to be determined at trial, and such damages will continue to increase unless and

15  until Novartis is enjoined from its wrongful acts.

16    34.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

17  Medicinals has suffered, and will continue to suffer, irreparable injury to its federally registered

18  and famous and its federally registered SMOOTH MOVE® mark, to its trade dress and to the

19  goodwill and business reputation associated with its SMOOTH MOVE® mark and trade dress.

20  Novartis' unlawful conduct will continue unless enjoined and restrained by this Court.

21  Traditional Medicinals has no adequate remedy at law for Novartis' continuing violations of its

22  rights as set forth herein.

23    ## FIRST CLAIM FOR RELIEF
    ## (TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1))

24

25    35.    Traditional Medicinals incorporates by reference and realleges as though fully set

26  forth herein the allegations of paragraphs 1 through 34, inclusive.

27    36.    The above acts of Novartis constitute trademark infringement of Traditional

28  Medicinals' federally registered and incontestable SMOOTH MOVE® mark in violation of

1-SF/7546712.1

8

1    section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

2        37.    Novartis' conduct in the manufacture, distribution, promotion and/or sale of

3    laxatives using the SENNA SMOOTH designation without consent constitutes trademark

4    infringement, and falsely represents that the products originate from Traditional Medicinals or

5    that they are approved or associated with Traditional Medicinals, or that Novartis is in some way

6    affiliated with or connected to Traditional Medicinals.  Such conduct is likely to confuse, cause

7    mistake, and deceive Traditional Medicinals customers as to the origin of the Novartis products,

8    or lead such persons to believe that the products have been approved, authorized or licensed by

9    Traditional Medicinals, or that there is some affiliation or connection between Novartis and

10   Traditional Medicinals, all in violation of 15 U.S.C. §1114.

11       38.    Novartis manufactured, distributed, promoted and/or sold the unauthorized

12   SENNA SMOOTH products, despite being on notice of Traditional Medicinals' exclusive rights

13   in the SMOOTH MOVE® mark.

14       39.    Traditional Medicinals is informed and believes, and on that basis, alleges, that

15   Novartis' actions were done willfully with full knowledge that the use of the SENNA SMOOTH

16   designation was without consent, and with the express intent to cause confusion and to cause

17   mistake and/or to deceive the purchasing public.

18       40.    Traditional Medicinals has no adequate remedy at law.  Novartis' conduct, as

19   described herein, has caused and, if not enjoined, will continue to cause irreparable damage to the

20   rights of Traditional Medicinals in its incontestable mark, as well as to the business, reputation

21   and goodwill of Traditional Medicinals.

22       41.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

23   Medicinals is entitled to preliminary and permanent injunctive relief.

24       42.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional

25   Medicinals is accordingly entitled to an award of reasonable attorney's fees.

26

27

28

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN – 15 U.S.C. §1125(a)(1))

43.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 42, inclusive.

44.    The above acts of Novartis constitute false designation of origin in violation of section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a)(1).

45.    Traditional Medicinals owns and exclusively has used the SMOOTH MOVE® mark for its laxative products for over three decades.  Further, Traditional Medicinals owns and exclusively uses the overall look and feel of its packaging.

46.    Traditional Medicinals is informed and believes, and on that basis alleges, that Novartis is manufacturing, promoting and selling laxatives under the SENNA SMOOTH designation and using packaging and incorporates the look and feel of Traditional Medicinals' SMOOTH MOVE® packaging, all of which individually and combined falsely leads consumers to believe that Novartis is offering a line of laxative products that are sponsored or endorsed by Traditional Medicinals, and that such products have the same quality as Traditional Medicinals products, or that Novartis has acquired Traditional Medicinals or the rights in the SMOOTH MOVE® mark.

47.    Novartis' conduct described above in the manufacture, distribution, promotion and/or sale, and of the SENNA SMOOTH laxative products constitutes false designation of origin in violation of 15 U.S.C. §1125(a).

48.    Traditional Medicinals is informed and believes, and on that basis alleges, that Novartis' actions were done willfully and with full knowledge of such false designation of origin, and with the express intent to cause confusion and to cause and/or to deceive the purchasing public.

49.    Traditional Medicinals has no adequate remedy at law.  Novartis' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Traditional Medicinals.  As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive relief and damages.

1-SF/7546712.1

10

50.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional Medicinals is accordingly entitled to an award of reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### (TRADEMARK DILUTION – 15 U.S.C. §1125(c))

51.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 50, inclusive.

52.    Traditional Medicinals' SMOOTH MOVE® mark is famous and entitled to protection from federal trademark dilution.

53.    By blurring, the above acts of Novartis actually dilutes, is likely to dilute, and impair the distinctiveness of Traditional Medicinals' SMOOTH MOVE®, including but not limited to, the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

54.    By tarnishing, the above acts of Novartis actually dilutes, is likely to dilute, and harm the reputation of Traditional Medicinals' SMOOTH MOVE®, including but not limited to the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

55.    Novartis' unlawful conduct has been knowing, deliberate and willful.

56.    Novartis has been and is likely to continue to be unjustly enriched by its infringing conduct.

57.    As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, irreparably harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

### FOURTH CLAIM FOR RELIEF
### (FALSE ADVERTISING – 15 U.S.C. §1125(a))

58.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 57, inclusive.

59.    Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis made false and/or misleading statements about its SENNA SMOOTH products in

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1    commercial advertisements, promotions and/or on product packaging, including that the product

2    is "new."

3        60.    Novartis' false and/or misleading statements actually deceived or have the

4    tendency to deceive a substantial segment of the consuming public.

5        61.    Novartis' deception is material, in that it is likely to influence the purchasing

6    decisions of the consuming public.

7        62.    Novartis has caused its false and/or misleading statements to enter interstate

8    commerce.

9        63.    Traditional Medicinals has been or is likely to have been injured as a result of

10   Novartis' false and/or misleading statements as to a competitive laxative product, and such harm,

11   injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

12       64.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive

13   relief and damages.

14                          **FIFTH CLAIM FOR RELIEF**
                **(TRADEMARK DILUTION -- CAL. BUS. & PROF. CODE §14330)**
15

16       65.    Traditional Medicinals incorporates by reference and realleges as though fully set

17   forth herein the allegations of paragraphs 1 through 64, inclusive.

18       66.    Traditional Medicinals' SMOOTH MOVE® mark is famous.  Traditional

19   Medicinals owns the SMOOTH MOVE® mark and has used the SMOOTH MOVE® mark for

20   over three decades in connection with laxative products.  As a result of its long-time use of the

21   SMOOTH MOVE® mark, the extensive promotion of the SMOOTH MOVE® mark, as well as the

22   extensive media attention to SMOOTH MOVE® products, the SMOOTH MOVE® mark is

23   famous and well-known, and was famous and well-known before Novartis commenced use of the

24   SENNA SMOOTH designation.

25       67.    Traditional Medicinals is informed and believes, and on that basis alleges, that the

26   above acts of Novartis have diluted, or are likely to dilute, the distinctive quality of Traditional

27   Medicinals' famous SMOOTH MOVE® mark and/or have caused, or are likely to cause, injury to

28   the business reputation of Traditional Medicinals' SMOOTH MOVE® mark.

1-SF/7546712.1

12

68.    Traditional Medicinals has no adequate remedy at law.  As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury, damage will continue unless Novartis' conduct is enjoined by the Court.

69.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive relief and damages.

### SIXTH CLAIM FOR RELIEF
**(UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)**

70.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 69, inclusive.

71.    Traditional Medicinals is informed and believes, and on that basis alleges, that in manufacturing, promoting and selling directly competitive and/or related products using the SENNA SMOOTH designation, Novartis falsely leads consumers to believe that Novartis is offering a line of goods that are sponsored or endorsed by Traditional Medicinals or that the Novartis' SMOOTH or SENNA SMOOTH products are offered by Traditional Medicinals, when they are not.

72.    The above acts and practices of Novartis are likely to mislead the general public and, thereby, constitute unfair and fraudulent business practices and unfair, unlawful, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §§17200 *et seq.*  Novartis' unlawful conduct caused injury to Traditional Medicinals resulting in loss of money or property and caused injury in fact to Traditional Medicinals resulting in loss of money or property.

73.    Traditional Medicinals is entitled to relief against Novartis, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Novartis as a result of such unfair, deceptive and/or fraudulent business practices and unfair, deceptive, untrue and misleading advertising.

74.    As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1  wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

2  enjoined by the Court.

3  **SEVENTH CLAIM FOR RELIEF**
   **(DECEPTIVE, FALSE AND MISLEADING ADVERTISING –**
4  **CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*)**

5      75.    Traditional Medicinals incorporates by reference and realleges as though fully set

6  forth herein the allegations of paragraphs 1 through 74, inclusive.

7      76.    Traditional Medicinals is informed and believes, and on that basis alleges that,

8  Novartis intentionally or negligently committed the above acts with an intent to directly or

9  indirectly deceive consumers about the source Novartis' products.

10     77.    The above acts of Novartis constitute untrue and misleading advertising as defined

11  by California Business & Professions Code §17500 *et seq.*

12     78.    Traditional Medicinals is entitled to relief against Novartis, including full

13  restitution and/or disgorgement of all profits and benefits that may have been obtained by

14  Novartis as a result of such untrue and misleading advertising.  Novartis' unlawful conduct

15  caused injury to Traditional Medicinals resulting in loss of money or property and caused injury

16  in fact to Traditional Medicinals resulting in loss of money or property.

17     79.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

18  Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

19  wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

20  enjoined by the Court.

21  **EIGHTH CLAIM FOR RELIEF**
   **(TRADEMARK INFRINGEMENT -- CAL. BUS. & PROF. CODE §14335)**
22

23     80.    Traditional Medicinals incorporates by reference and realleges as though fully set

24  forth herein the allegations of paragraphs 1 through 79, inclusive.

25     81.    Traditional Medicinals is informed and believes, and on that basis alleges that,

26  Novartis has used, and continues to use, the confusingly similar SENNA SMOOTH designation

27  for Novartis' products for the purpose of enhancing the commercial value of, or selling or

28  soliciting purchases of, Novartis' products.

1-SF/7546712.1

14

82.     As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

## NINTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

83.     Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 82, inclusive.

84.     In addition to its rights under the Lanham Act and state statutory law, Traditional Medicinals also has valid and existing common law rights with respect to its SMOOTH MOVE® mark.

85.     The above acts of Novartis constitute unfair competition under common law.

86.     Traditional Medicinals is informed and believes, and on that basis alleges that, the above acts of Novartis were and continue to be willful and malicious and undertaken with the deliberate intent to injure the business of Traditional Medicinals and so as to improve Novartis' business.  Traditional Medicinals, therefore, is entitled to exemplary damages based upon common law unfair competition principles.

87.     As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

88.     Traditional Medicinals is entitled to relief against Novartis, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Novartis as a result of such unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Traditional Medicinals prays the Court for the following relief:

1.     That the Court issue a temporary restraining order and/or preliminary injunction, pending trial of this action, enjoining Novartis, its successors, officers, agents and employees, and

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1  anyone acting in concert with or at the behest or direction of Novartis, from using Traditional

2  Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any other

3  designation that is comprised of or incorporates "SMOOTH" as a brand, designation or trademark

4  for a laxative product.

5        2.     That following trial of this action, the Court enter final judgment as follows:

6            a.     permanently enjoining Novartis, its successors, officers, agents and

7  employees, and anyone acting in concert with or at the behest or direction of Novartis, from using

8  Traditional Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any

9  other designation that is comprised of or incorporates "SMOOTH" for laxatives;

10            b.     ordering that all labels, packaging, wrappers, signs, prints, banners, posters,

11  brochures, or other advertising, marketing, or other promotional materials bearing Novartis'

12  SENNA SMOOTH designation, be destroyed, along with the means for making the same, and

13  that all Internet web sites, online advertising, marketing, promotions or other online materials

14  bearing the SENNA SMOOTH designation be removed permanently;

15            c.     ordering that Novartis abandon with prejudice its federal trademark

16  application for the SENNA SMOOTH designation, Serial Number 78/974,410;

17            d.     permanently enjoining Novartis, its successors, officers, agents and

18  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

19  seeking to register the SENNA SMOOTH designation and/or or any other designation that is

20  comprised of or incorporates "SMOOTH" for laxatives;

21            e.     permanently enjoining Novartis its successors, officers, agents and

22  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

23  engaging in false advertising with respect to the SENNA SMOOTH laxative products;

24            f.     ordering Novartis to file with the Court and serve on Traditional

25  Medicinals' counsel within 30 days after service of the injunction, a written report, sworn under

26  oath, setting forth in detail the manner and form in which Novartis has complied with the

27  injunction;

28

I-SF/7546712.1

16

1      g.      declaring that Novartis' use of the SENNA SMOOTH designation

2   infringed and diluted Traditional Medicinals' SMOOTH MOVE® mark, in violation of 15 U.S.C.

3   §1114; 15 U.S.C. §1125(a), (c); Cal. Bus. & Prof. Code §14330;

4      h.      declaring that Novartis' advertising of SENNA SMOOTH laxative

5   products constituted false and misleading advertising, in violation of 15 U.S.C. §1125(a) and Cal.

6   Bus. & Prof. Code §17500 *et seq.*, and that such actions were willful and intentional;

7      i.      declaring that Novartis has engaged in unfair competition and deceptive

8   trade practices within the meaning of California Business and Professions Code section 17200 *et*

9   *seq.* and California common law directly and indirectly;

10      j.      directing the United States Trademark Office, pursuant to section 37 of the

11   Lanham Act, 15 U.S.C. §1119, to refuse registration of any application by Novartis, their

12   successors, officers, agents and employees, and anyone acting in concert with or at the behest or

13   direction of Novartis, for the SENNA SMOOTH designation or any other designation that is

14   comprised of or incorporates "SMOOTH," for laxative products including Serial Number

15   78/974/410;

16      k.      awarding Traditional Medicinals compensation for any and all damages,

17   injury or harm incurred as a result of Novartis' unlawful conduct;

18      l.      ordering full restitution and/or disgorgement of all profits and benefits that

19   may have been obtained by Novartis as a result of its wrongful conduct;

20      m.      awarding Traditional Medicinals treble damages resulting from Novartis'

21   willful and intentional conduct pursuant to 15 U.S.C. §1117;

22      n.      awarding Traditional Medicinals punitive and exemplary damages;

23      o.      assessing against Novartis, Traditional Medicinals' costs of this action and

24   Traditional Medicinals' attorneys' fees; and,

25

26

27

28

1-SF/7546712.1

17

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1          p.      ordering or awarding any other such relief the Court deems just and proper.

2

3    Dated: May 8, 2007                              MORGAN, LEWIS & BOCKIUS LLP

4

5                                                   By _____

6                                                        Rochelle D. Alpert

7                                                   Attorneys for Plaintiff Traditional
                                                    Medicinals, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     1-SF-7546712.1

                                              18
                     COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

# EXHIBIT   A

Int. Cl.: 5

Prior U.S. Cls.: 18 and 46

## United States Patent and Trademark Office

Reg. No. 1,258,223
Registered Nov. 22, 1983

## TRADEMARK
### Principal Register

# SMOOTH MOVE

Traditional Medicinals, Inc. (California corporation)
P.O. Box 442
Guerneville, Calif. 95446

For: HERBAL TEAS FOR USE AS A LAXA-
TIVE, in CLASS 5 (U.S. Cls. 18 and 46).
First use Oct. 1974; in commerce Jan. 5, 1976.

Ser. No. 379,710, filed Aug. 12, 1982.

CARLA CALCAGNO, Examining Attorney

Int. Cls.: 5 and 30

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

United States Patent and Trademark Office

Reg. No. 2,520,275

Registered Dec. 18, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## SMOOTH MOVE

TRADITIONAL MEDICINALS, INC. (CALIFOR-
NIA CORPORATION)
4515 ROSS ROAD
SEBASTOPOL, CA 95472

FOR: MEDICINAL HERB TEAS, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

FOR: HERB TEA FOR FOOD PURPOSES, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

OWNER OF U.S. REG. NO. 1,258,223.

SER. NO. 78-031,266, FILED 10-18-2000.

CIMMERIAN COLEMAN, EXAMINING ATTOR-
NEY

# EXHIBIT   B

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2007-05-08 12:01:22 ET

**Serial Number:** 78809216 Assignment Information

**Registration Number:** (NOT AVAILABLE)

**Mark**

# SMOOTH MOVE

**(words only):** SMOOTH MOVE

**Standard Character claim:** Yes

**Current Status:** Opposition period completed, a Notice of Allowance has been issued.

**Date of Status:** 2007-02-06

**Filing Date:** 2006-02-07

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**The Notice of Allowance Date is:** 2007-02-06

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 115

**Attorney Assigned:**
ROTH JASON I Employee Location

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2007-03-19

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Traditional Medicinals, Inc.

**Address:**
Traditional Medicinals, Inc.
4515 Ross Road
Sebastopol, CA 95472
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California
**Phone Number:** 7078238911

## GOODS AND/OR SERVICES

**International Class:** 005
**Class Status:** Active
(Based on Intent to Use) Anti-inflammatories; Astringents for medicinal purposes; (Based on Use in Commerce) Dietary supplements; (Based on Intent to Use) Hemorrhoid treatment preparations; (Based on Use in Commerce) Herbal supplements; Nutritional supplements; (Based on Intent to Use) Topical anesthetics; Vasoconstrictors
**Basis:** 1(a), 1(b)
**First Use Date:** 1976-01-00
**First Use in Commerce Date:** 1976-01-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1258223
2520275

## MADRID PROTOCOL INFORMATION

**USPTO Reference Number:** A0005746
**International Registration Number:** 0898297
**International Registration Date:** 2006-09-06
**Original Filing Date with USPTO:** 2006-09-06
**International Registration Status:** Application For IR Registered By IB
**Date of International Registration Status:** 2006-10-26
**International Registration Renewal Date:** 2016-09-06
**Irregularity Reply by Date:** (DATE NOT AVAILABLE)

**Madrid History:**
10-26-2006 - 20:39:27 - Application For IR Registered By IB
09-08-2006 - 21:00:36 - IR Certified And Sent To IB
09-08-2006 - 08:55:01 - Manually Certified
09-06-2006 - 17:20:56 - New Application For IR Received

## PROSECUTION HISTORY

2007-03-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-02-14 - PAPER RECEIVED

2007-02-06 - Notice of allowance - mailed

2006-11-14 - Published for opposition

2006-10-25 - Notice of publication

2006-09-27 - Law Office Publication Review Completed

2006-09-15 - Assigned To LIE

2006-09-09 - Approved for Pub - Principal Register (Initial exam)

2006-09-09 - Amendment From Applicant Entered

2006-09-08 - Communication received from applicant

2006-09-08 - TEAS Response to Office Action Received

2006-07-27 - Letter of suspension e-mailed

2006-07-27 - Suspension Letter Written

2006-07-26 - Assigned To Examiner

2006-02-14 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Jay H. Geller

**Correspondent**
JAY H. GELLER
2425 W. OLYMPIC BL.
W. TOWER, SUITE 4000
SANTA MONICA, CA 90404
Phone Number: 310-449-1399
Fax Number: 310-449-1394

1

### DEMAND FOR JURY TRIAL

2        Plaintiff Traditional Medicinals, Inc.. hereby demands a trial by jury of all issues triable

3   by a jury pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

4

5   Dated: May ⟋, 2007                          MORGAN, LEWIS & BOCKIUS LLP

6

7                                         By _____

8                                              Rochelle D. Alpert

9                                          Attorneys for Plaintiff Traditional
                                           Medicinals, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1      <u>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**</u>

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that that the following listed persons,

3 association of persons, firms, partnerships, corporations (including parent corporations) or other

4 entities (i) have a financial interest in the subject matter in controversy or in a party to the

5 proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

6 substantially affected by the outcome of this proceeding:

7      1.      Traditional Medicinals, Inc., a company formed under the laws of California.

8

9 Dated: May 8, 2007            MORGAN, LEWIS & BOCKIUS LLP

10

11                               By

12                                   Rochelle D. Alpert
                                  Attorneys for Plaintiff Traditional
                                  Medicinals, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

May 15, 2007

VIA EMAIL AND FEDEX

Rochelle D. Alpert, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
ralpert@morganlewis.com

**SENNA SMOOTH**

Dear Ms. Alpert:

As I mentioned in the message left on your voicemail, Novartis Consumer Health, Inc. ("Novartis") has asked that we respond to your May 8, 2007 letter regarding Novartis' SENNA SMOOTH laxative pills and the accompanying courtesy copy of the complaint you filed on behalf of Traditional Medicinals, Inc. ("Traditional Medicinals").

Rest assured that Novartis respects the legitimate intellectual property rights of others and gave careful and thorough consideration to the selection of the SENNA SMOOTH mark. As you will see if this suit goes forward and the parties exchange discovery materials, Novartis created the trademark SENNA SMOOTH without knowledge of your client's product or brand name and adopted this trademark only after conducting a thorough trademark search and receiving advice of counsel that the mark SENNA SMOOTH for laxative pills was available for use and registration. Although the trademark search report did identify Traditional Medicinals' registrations for SMOOTH MOVE for herbal tea products (one of which claimed to have laxative properties), Novartis' counsel came to the conclusion that the SENNA SMOOTH trademark for laxative pills would not be likely to be confused with your client's use of SMOOTH MOVE and, in particular, use of that mark for an herbal tea product. The United States Patent and Trademark Office ("USPTO") agreed, which is why it approved SENNA SMOOTH for publication. *See* Examiner's Amendment attached as Exhibit A ("The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).").

New York • Washington, D.C. • London • Paris • Frankfurt • Moscow • Hong Kong • Shanghai

Rochelle D. Alpert, Esq.                2                        May 15, 2007

Among the reasons confusion is unlikely is the descriptive meaning of the word "smooth" in this context. Novartis selected SENNA SMOOTH to communicate the smooth and gentle relief from constipation that is provided by the SENNA SMOOTH product. Moreover, as Traditional Medicinals must have known when it adopted SMOOTH MOVE, "smooth" is a word commonly associated with the type of bowel movement one desires when taking a laxative. *See, e.g., Smooth moves*, NATURAL HEALTH, July 1, 2005, at 100 (noting that certain foods can take the place of laxatives to provide constipation sufferers with "smooth moves"); *The misuse and abuse of OTC laxatives*, AMERICAN DRUGGIST, January 1996, at 49 (noting that various products are promoted as laxative alternatives to provide "smooth movements"); *see also* Colleen Pierre, *Good health that's ripe for the picking*, BALT. SUN, Oct. 3, 1995, at 5E (noting that apples keep "bowels working smoothly, reducing cancer risks") (copies attached as Exhibit B). Use of a word that describes a key attribute of a product, even when incorporated into a mark, is a powerful indicia of good faith and that confusion is unlikely. *Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir. 1991).

Moreover, as your client must realize, Novartis' SENNA SMOOTH pills share shelf space right alongside other EX-LAX products in large supermarket, pharmacy and other retail outlets. This proximity, combined with the well-known EX-LAX mark and other trade dress elements that appear on the face of the packaging, ensures that consumers will recognize the product as an EX-LAX brand extension, not as a product related to any other brand. None of Traditional Medicinals' products are located anywhere near EX-LAX pills. Even on those rare occasions when SENNA SMOOTH and SMOOTH MOVE products are sold in the same stores, Traditional Medicinals products still are not located anywhere near EX-LAX pills. In addition, the retail price for SMOOTH MOVE pills appears to be $14.95 for a package of 50 pills, or about $.30 a pill. Traditional Medicinals' SMOOTH MOVE product is thus about twice as expensive as Novartis' SENNA SMOOTH, considering the products' recommended dosage.

Furthermore, the front of your client's SMOOTH MOVE package contains an express disclaimer that the Food and Drug Administration has yet to approve its laxative claim. No such disclaimer appears on a package of Novartis' SENNA SMOOTH pills; to the contrary, the appearance of the famous EX-LAX house mark communicates a strong message of efficacy. Given the care and attention consumers give to a decision to purchase personal products, it is highly unlikely that any consumer in the market for an effective laxative will be confused.

It is clear from these facts and others that Novartis had no intention of associating its product with products sold by anyone else, including, but not limited to, those sold by Traditional Medicinals. The same, however, cannot be said of Traditional Medicinals. We believe discovery will show that Traditional Medicinals knew, or should have known, when it adopted its mark that the phrase "smooth move" has long been associated in the public's mind with the EX-LAX brand by virtue of the popular pejorative phrase "smooth

Rochelle D. Alpert, Esq.                3                    May 15, 2007

move, Ex-Lax." In this regard, please ensure that among other documents relevant to the issues raised in the complaint, all those relating to the adoption and use of the SMOOTH MOVE trademark are maintained.

We recognize that Traditional Medicinals is displeased that its trademark registration does not give it rights to stop other uses of the descriptive word "smooth" in connection with laxative products, but it assumed the risk of such uses when it adopted a word that directly describes the effects of taking a laxative.

To the extent that Traditional Medicinals feels compelled by this response to continue to litigate this dispute and to seek immediate judicial intervention, we request (a) prior notice of any application to the court, and (b) that any request for relief make this letter part of that application.

Alternatively, should Traditional Medicinals wish to engage in discussions about ways that its concerns about SENNA SMOOTH can be addressed -- short of Novartis ceasing all use of that mark -- we are prepared to discuss other steps that could be taken to ensure the peaceful co-existence of these two marks in the marketplace. Please feel free to contact either me or David Bernstein.

Sincerely yours,

Bruce P. K

Bruce P. Keller

Attachments

# EXHIBIT A

| To: | Novartis AG (mary.leheny@novartis.com) |
|-----|------|
| Subject: | TRADEMARK APPLICATION NO. 78974410 - SENNA SMOOTH - OTC-9133 |
| Sent: | 12/5/2006 10:33:02 AM |
| Sent As: | ECOM102@USPTO.GOV |
| Attachments: | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO: 78/974410

APPLICANT: Novartis AG

# *78974410*

**CORRESPONDENT ADDRESS:**
    MARY F. LEHENY
    NOVARTIS
    CORPORATE INTELLECTUAL PROPERTY
    ONE HEALTH PLAZA
    EAST HANOVER, NJ 07936

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

If no fees are enclosed, the address should include the words
"Box Responses - No Fee."

**MARK:**    SENNA SMOOTH

**CORRESPONDENT'S REFERENCE/DOCKET NO:** OTC-9133

**CORRESPONDENT EMAIL ADDRESS:**
    mary.leheny@novartis.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
    applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
    Law Office number.
4. Your telephone number and email address.

Serial Number  78/974410

# EXAMINER'S AMENDMENT

**OFFICE RECORDS SEARCH:** The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

**ADVISORY – AMENDMENTS TO GOODS/SERVICES**: If the identification of goods and/or services has been amended below, any future amendments must be in accordance with 37 C.F.R. §2.71(a) and TMEP §1402.07(e).

**AMENDMENT(S) AUTHORIZED**: As authorized by Mary Leheny on December 5, 2006, the application is amended as noted below. *If applicant disagrees with or objects to any of the amendments below, please notify the undersigned trademark examining attorney immediately.* Otherwise, no response is necessary. TMEP §707.

## Disclaimer

The following disclaimer statement is added to the record:

No claim is made to the exclusive right to use "SENNA" apart from the mark as shown.

15 U.S.C. §1056; TMEP §§1213, 1213.03(a) and 1213.08(a)(i).

/Jordan A. Baker/

Trademark Examining Attorney

Law Office 102

571-272-8844

jordan.baker@uspto.gov

# EXHIBIT B

FOCUS - 6 of 27 DOCUMENTS

Copyright 2005 Gale Group, Inc.
ASAP
Copyright 2005 Weider Publications
Natural Health

July 1, 2005

**SECTION:** No. 7, Vol. 35; Pg. 100; ISSN: 1067-9588

**IAC-ACC-NO:** 133837292

**LENGTH:** 935 words

**HEADLINE:** Smooth moves: bothered by occasional constipation? An active lifestyle and a diet loaded with fresh produce, whole grains, and plenty of water can help keep your regular. But when you need a little elimination facilitation, try these options instead of commercial laxatives, which can cause dependency; healing remedies

**BODY:**

smooth moves

Bothered by occasional constipation? An active lifestyle and a diet

loaded with fresh produce, whole grains, and plenty of water can help

keep you regular. But when you need a little elimination facilitation,

try these options instead of commercial laxatives, which can cause

dependency.

| what | Flaxseed | Abdominal Massage | Homeopathy |
|------|----------|-------------------|------------|
| why | Flaxseed has been | It feels good. | Alumina, sepia, |
| | used as a mild | Plus, you don't | nux vomica, and |
| | laxative since | need to take | causticum are |
| | ancient times in | anything, it's | remedies often |
| | both European and | effective, and you | prescribed by |
| | Asian healing | can do it | homeopaths. The |
| | cultures. (It's | yourself. | King Bio |

Smooth moves: bothered by occasional constipation? An active lifestyle and a diet loaded with fresh produce, whole grains, and plenty of water can help keep your regular. But when you need a little el

| | |
|---|---|
| also a good source | Constipation |
| of omega-3 fatty | Relief spray ($ 12; |
| acids and may have | findsupplements. |
| anti-cancer | com and other |
| properties.) | sites) combines |
| | them all to |
| | enhance |
| | peristalsis. |

| the | In a Canadian | Recent Korean | The science behind |
|---|---|---|---|
| evidence | study, adults who | studies found that | homeopathy emerged |
| | added flaxseed to | massaging the | about 200 years |
| | their diets for a | abdominal area | ago; however, the |
| | month had 30 | (with or without | evidence for its |
| | percent more bowel | aromatherapy oils) | effectiveness is |
| | movements per | was effective | still largely |
| | week. The seeds | against | anecdotal. |
| | bind with water in | constipation. | |
| | the intestine, | Yogis have long | |
| | softening and | used poses that | |
| | bulking up stool | massage the | |
| | for easier | abdomen to keep | |
| | elimination. | bowels active. | |

| caveats | There are no known | There are no known | No ill effects are |
|---|---|---|---|
| | interactions, | side effects. A | known when used as |
| | though too much of | visit with an | instructed. If |
| | any fiber can | acupressurist, | your condition is |

Smooth moves: bothered by occasional constipation? An active lifestyle and a diet loaded with fresh produce, whole grains, and plenty of water can help keep your regular. But when you need a little el

| | | |
|---|---|---|
| cause gas and | naturopath, or | severe or chronic, |
| stomach distress. | yoga teacher may | or if you are |
| Avoid flaxseed if | help hone your | pregnant, consult |
| you're pregnant. | technique. | a doctor. |

| | | | |
|---|---|---|---|
| using it | Take whole or | Massage the | The maker |
| | ground seeds. In | abdomen clockwise | recommends |
| | the Canadian | with rosemary, | spraying three |
| | study, | peppermint, and | pumps directly |
| | participants were | lemon essential | into your mouth |
| | given 50 grams a | oils. Or try yoga: | three times a day |
| | day. The British | Sit cross-legged | until your |
| | Complementary | with balled fists | condition |
| | Medical | on either side of | improves. |
| | Association | your abdomen just | |
| | recommends 1 | below the navel. | |
| | tablespoon of | Lean forward and | |
| | seeds three times | hold for 10 | |
| | a day taken with | seconds before | |
| | water. | straightening up. | |
| | | Increase time | |
| | | gradually to three | |
| | | minutes. | |

**IAC-CREATE-DATE:** July 26, 2005

**LOAD-DATE:** July 27, 2005

FOCUS - 19 of 27 DOCUMENTS

Copyright 1996 Information Access Company, a Thomson Corporation Company
ASAP
Copyright 1996 Hearst Corporation
American Druggist

January, 1996

**SECTION:** Vol. 213 ; No. 1 ; Pg. 49; ISSN: 0190-5279

**LENGTH:** 4224 words

**HEADLINE:** The misuse and abuse of OTC laxatives; over-the-counter

**BYLINE:** DerMarderosian, Ara ; Brudnicki, Sharon M.

**BODY:**

Self-medication with laxatives is common in the U.S., as it is in many other countries. The use of laxatives is an effective short-term treatment for constipation. However, laxative use can become chronic, and lead to misuse and abuse.

Suspected chronic laxative users must be informed of the dangers associated with this practice, and pharmacists are in a prime position to facilitate this education. Pharmacists often have the most frequent face-to-face contact with patients, and the opportunity to ask questions and offer counseling when warranted. In addition, since most laxatives are available over-the-counter, pharmacists are often the only health care professionals who may observe signs of laxative misuse or abuse.

Misuse is often unintentional, and may be based on a lack of understanding of normal bowel function. Education on when laxative use may be appropriate can help to minimize misuse of these agents. However, people who are cognizant of their laxative abuse, like many drug abusers, may try to avoid recognition. Still, pharmacists are in a position to witness frequent laxative purchases, and may be the only health care professional able to identify the abuse. In some instances, a laxative abuser may seek advice from, and even confide in, the pharmacist if concerned about adverse effects.

Among the elderly, there is a common misperception concerning the need to "be regular." Many older people mistakenly believe that they need to have a daily bowel movement to remain healthy. This can result in a reliance on laxatives and eventual habitual use.

The elderly may experience constipation because of diet, medication use, or inadequate fluid intake. Such patients will likely benefit more from dietary counseling or advice to increase fluid intake. Dehydration is a common problem among the elderly, which can not only cause constipation but which can be exacerbated by laxative use that further depletes the body of fluid.

In recent years a much younger segment of the population has developed a problem with laxative use. Laxatives are being misused--or abused--most typically by young women, either seeking to lose weight or who have eating disorders.

Laxatives are popularly believed to help lower caloric absorption and, thus, prevent weight gain. Individuals who have the greatest potential to abuse purgatives for weight control are young women, commonly teenagers, and persons

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

who have eating disorders, such as anorexia or bulimia nervosa. Many other weight-loss methods are popular as well, such as amphetamines, fad diets, diuretics and emetics, particularly among young to college-age women. This population often meets the diagnostic criteria for anorexia nervosa or bulimia nervosa.

In a recent survey of several hundred people in a college community, 13% showed the key symptoms for bulimia (Table 1). Of these, 87% were women and 13% were men. At least 10% of the students studied showed purging behavior such as self-induced vomiting and frequent laxative use.

Table 1. SIGNS SUGGESTIVE OF BULIMIA

- frequent eating binges    - bizarre food preferences

- common purging behaviour   - social isolation

- self-destructive attitude   - diminished sexual interest

- excessive exercise      - depression

DEFINITION AND CLASSIFICATION OF LAXATIVES

Overall, the term laxative includes all things that "clean out" the bowel, including purgatives, cathartics and evacuants.

Examples of some classic purgative or laxative agents include honey, psyllium, aloe, senna and rhubarb. Many of these ingredients are still used in over-the-counter (OTC) and prescription laxatives. Senokot granules (Purdue Frederick) and Fletcher's Castoria (Mentholatum), for example, contain senna extracts. Psyllium is the major active agent in Metamucil (Procter & Gamble) and Serutan (Menley & James).

The five major classes of laxatives, which are grouped according to site and mechanism of action, include: bulk-forming; osmotic; surfactant and emollient; lubricant; and stimulant laxatives (Table 2). In all cases, laxation ultimately involves the alteration of intestinal fluid and electrolyte levels.

TABULAR DATA 2 OMITTED

For the most part, studies have not focused specifically on the abuse and dangers associated with long-term laxative use. In recent literature, however, various disorders related to laxative abuse have been reported (Table 3). These reports emphasize the need for continued education related to safe weight-control measures. Adequate labeling on laxative-type products and foods should be an integral part of this. Some common foods with laxative effects are listed in Table 4. When conducting patient assessments, pharmacists must include questions about use of these foods.

Table 3. VARIOUS DISORDERS RELATED TO LAXATIVE ABUSE

1. Laxative-induced diarrhea

2. Osteomalacia and arthropathy

3. Finger clubbing and aspartylglucosamine excretion; cytoplasmic

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

inclusions in phagocytic cells

4. Hypertrophic osteoarthropathy

5.. Dental erosion, parotid and submandibular gland enlargement, oral and

perioral trauma, pharyngeal and esophageal inflammation, aspiration

and esophageal-gastric tears, cathartic colon and melanosis coli,

dehydration and electrolyte disturbances

6. Coma and neuropathy related to an herbal laxative containing

podophyllin

7. Hepatitis after chronic abuse of senna

8. Low serum albumin in older persons

Table 4. SELECT HERBAL AGENTS WITH LAXATIVE EFFECTS


* Laxatives

  Aloe species

  Castor Oil/Seed - Ricinus Communis


 * Purgatives (Bulk purgatives, lubricant purgatives, irritant purgatives)


  Plantago psyllium

  Oenanthe sarmentosa (water parsley)

  Podophyllum peltatum (mayapple)

  Sambucus glauca (blue elderberry)

  Garcinia species (resinous bark exudates)

  Ipomaea (exogonium)

  purge (root resin)

  Cornus pubescens (dogwood)

  Bryonia species

  Citrulis colocynthis (bitter gourd)

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

Ecballium elaterium (wild cucumber)

Croton species (croton oil)(*)

Japtropha curcas (purging nut)

Mallotus philippinensis (kalama powder)

Ricinus communis (castor bean)

Cassia species (senna)

Tamarindus indica (tamarind)

Iris florentina

Aloe barbadensis and related species

Linum usitatissimum (flaxseed)

Pimenta officinalis

Olea europaea (olive oil)

Pobgonum species

Rheum species (rhubarb)

Rumex crispus (curled dock)

Rhamnus species (buckthorn)

Veronicastrum virginicum (Culver's root)

(*)drastic purgative

In addition to standard OTC laxative products available in pharmacies, many products are promoted for similar uses in health food stores. They are marketed as colon- or bowel-cleansing agents, or "regulating" agents that guarantee "smooth movements." Ingredients commonly found in these products are listed in Table 5. Some are standardized formulations that contain usual laxative dosages of common agents (for example, aloe vera, cascara sagrada, psyllium seed, guar gum and senna) either singly or as combination products. While some products containing these ingredients are promoted specifically for weight control, these products can be dangerous if overused, and many do not contain labeling on the hazards of misuse. Pharmacists can be instrumental in informing individuals about the risks of laxative dependence that can occur with prolonged misuse, much like other addictions, such as caffeine and nicotine.

* Figs*

* Dates*

* Prunes

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

* Lemon juice

* Tamarind(*)

* Cinnamon

* Cloves

* Dandelion roots

(*) in large doses

## ADVERSE EFFECTS

Among the most common early symptoms of laxative misuse or abuse are dehydration, abdominal cramping, constipation, diarrhea, nausea, vomiting and bloating. Generally, once laxative misuse or abuse is curtailed, the symptoms abate over time. When a patient reports these symptoms, health care professionals should consider the possibility of laxative abuse.

Regular use of laxatives tends to weaken the muscles in the intestine, making them less able to function properly. A change in laxative use (including discontinuation) can lead to constipation that is worse than it was initially. Excessive use can lead to lazy bowel syndrome, producing diarrhea or real constipation. Laxatives also can interfere with the effectiveness of other medications.

More serious effects include: dehydration; nutrient loss and imbalance; fluid and electrolyte loss resulting in metabolic changes; cathartic colon; gastrointestinal (GI) bleeding; allergic reactions; and melanosis coli. Long-term laxative use can result in reflex constipation that can worsen if cathartic abuse persists. As colonic binding may occur during cathartic withdrawal, this may hinder discontinuation of laxative abuse.

* Dehydration: The conservative use of any category of laxatives can lead to life-threatening levels of dehydration, especially when other medical complications exist or if laxative treatment is combined with a low-salt diet. Monitoring the proper use of laxatives is essential. Overuse and abuse of laxatives clearly present a very serious risk of complications related to dehydration.

* Cathartic colon generally is severe and possibly irreversible. Changes include inflammation of the mucosa, as well as alterations in the muscular layers of the colon. Symptoms associated with cathartic colon include abdominal pain, constipation and a bloating sensation. For the most part, this type of condition is related to the chronic abuse of stimulant cathartics. Care must be taken to differentiate these symptoms from ulcerative colitis and regional enteritis, thus, physician referral may be warranted.

* Nutrient loss: Rapid bowel transit, which may result from the use of any laxative, can lower the absorption potential for many nutrients, including potassium, calcium and magnesium. As a result, long-term misuse may result in tetany, paralysis and muscle weakness. Since lessened absorption of other medications absorbed in the lower GI tract can also occur with long-term use, patients must be made aware of the implications.

* Fluid and electrolyte loss, which can result from excessive use of any type of laxative, includes the following characteristic symptoms: light-headedness, dizziness, dehydration, weakness and cardiac arrhythmias. Untreated potassium loss (hypokalemia) may result in nephropathy and concomitant chronic renal failure as well as rhabdomyolysis. Electrolyte and fluid imbalances also can lead to edema. Edema can occur with both laxative

withdrawal and abuse. Diarrhea itself can produce a loss of bicarbonate in the stool, with subsequent metabolic acidosis.

* GI bleeding, a possible reaction to abuse of any laxative, can be observed directly or via testing stool samples for occult blood. Persistent bleeding can result in anemia.

* Allergic reactions have been well documented with the phenolphthalein stimulant laxatives. Skin rashes that resemble erythema multi-forma may occur. Often, extreme and severe burning and itching accompany the rash. If present, the phenolphthalein-containing laxative should be immediately discontinued, and a physician should be contacted. Excessive phenolphthalein use also has been related to osteomalacia.

* In melanosis coli, prolonged use of the anthracene-containing laxatives, such as Modane (Adria ), Colace (Mead Johnson) and cascara (various), may produce a brownish-black discoloration of the mucous membrane of the lower colon and rectum (visible on endoscopy). This unusual and characteristic discoloration is considered a benign pigmentation disorder that may be diagnostic of chronic cathartic misuse. It takes four to 12 months of abuse for this to occur. Fortunately, melanosis reverses over several months after discontinuing use of these products.

LAXATIVE MISUSE

Traditional ideas about monitoring ones own health have included being sure to have "regular" bowel movements. "Regular" is often thought, especially among the elderly, to mean daily. In fact, "healthy" regularity differs from person to person, and with each person rhythms may vary with changes in daily diet and life. Three bowel movements a week is a common "regularity" rate for many, for others once a day is "regular."

To determine whether or not a problem exists, less focus should be placed on "regularity" while a stronger emphasis should be placed on symptoms of constipation. The passage of hard stools less frequently than three times a week, abdominal bloating and discomfort are signs of constipation.

DIAGNOSIS AND INTERVENTION

Constipation can be caused by various problems, from serious medical conditions, to eating habits and diet, or even medication reactions. Ironically, laxatives themselves, when overused, can cause constipation, among other adverse reactions. Therefore, it is essential to identify the problem. For a simple problem of constipation, laxatives often are not the best solution.

The Mayo Clinic offers some helpful advice on alternatives to laxatives in its "Family Health Book." Their suggestions may be particularly helpful in counseling elderly patients with constipation problems. Some of their suggestions follow:

--The patient should try to drink at least six to eight glasses of water or other liquids daily. If the patient has problems with having to use the bathroom frequently, remind him or her that a laxative could have an even greater effect on frequency.

--Suggest that the patient increase the fiber content of his or her diet by eating more fresh fruits and vegetables. Adding a fiber or bran supplement to the diet should be considered, such as having a high-fiber cereal for breakfast every morning. The patient's diet could also include a bulk former with the vegetable fiber psyllium.

--Patients should be told not to resist the urge to move their bowels, and perhaps to set aside a specific time every day for trying to have a bowel movement.

--A daily regimen of regular physical exercise should be planned.

--If the patient finds that constipation continues, it then may be reasonable to suggest use of a nonstimulating laxative, such as milk of magnesia or mineral oil, occasionally at bedtime, although regular use should be avoided.

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

--Explain that enemas should be avoided. A thorough "cleansing" of the colon, by either an enema or a laxative, actually contributes to the problem of constipation.

--If after following the above suggestions the constipation is still not improved, a physician should be consulted.

Pharmacists will need to follow up and help patients who have been overusing laxatives. Withdrawal symptoms may be confusing, uncomfortable and even dangerous. It may be advisable to work with the patient's physician. Serious, long-term, habitual users of laxatives may even need hospitalization.

LAXATIVE ABUSE IN WEIGHT CONTROL

Intermittent use of most laxatives is generally safe. Abuse is characterized by using laxatives at much higher-than-recommended doses.

For the most part, laxative abuse stems from misuse of these agents for the relief of constipation (real or perceived), and attempts to reduce weight gain and to prevent fluid retention. Recent studies have shown that laxatives cannot prevent caloric absorption and weight gain. Specifically, purging via a stimulant laxative causes colonic water secretion and evacuation of feces (acute weight loss), but has little effect on the small intestine (the primary site of caloric absorption). Through this mechanism, many experience an immediate but transient weight loss due to fluid loss rather than body mass. This water depletion often creates a false sense of weight control. The resultant effect on mood strengthens an individual's psychological dependence on these agents.

Stimulant laxatives appear to be favored by individuals who have eating disorders because they act quickly and produce loose, watery stools. Generally, the public also misuses stimulant laxatives for the purported "body cleansing" attributes of these agents, and because these agents are inexpensive, palatable and easily purchased. While hazards are associated with abuse of all laxative agents, the greatest incidence of medical complications (such as physical dependence, and fluid and electrolyte imbalances) is seen in persons using stimulant cathartics.

DIAGNOSIS AND INTERVENTION

Because individuals can be very sensitive and secretive about weight issues, laxative abuse is difficult to ascertain. Any knowledge of a weight-control problem or eating disorder in a patient should evoke suspicion of laxative abuse. Pharmacists should recognize that young women are the most common abusers of laxatives. Anxiety is often associated with laxative abuse in bulimic patients, thus, pharmacists should consider the individual's actions when assessing the patient. If a patient profile is available to assist in making a clinical assessment, then diet, psychological profile, concomitant diseases and drug therapy should be considered.

Pharmacists are often the health professional with the highest likelihood of identifying a laxative abuse problem. While it must be recognized that individuals who abuse laxatives and/or other medications may try to avoid recognition, some practical guidelines in discussing pertinent issues with a suspected laxative abuser follow.

--Determine extent and type of laxative abuse (for example, frequency, type of agent used, duration of abuse).

--Assess the patient's beliefs about laxatives

--Emphasize that laxatives do not promote weight loss. Provide supportive counseling and education about healthful and nonhazardous weight-control methods (such as, regular exercise, behavior modification, altered eating habits and food choices, including increased vegetable and fiber intake and decreased fat intake from fried foods and red meat).

--Discuss the short- and long-term physical effects of laxative abuse and agree on a schedule and plan to wean the patient from laxative use.

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

--Assure patients that bloating, constipation, weight gain, edema and discomfort are temporary symptoms after discontinuing chronic laxative use. It is important that the patient knows to monitor withdrawal and that he or she is prepared to work with the pharmacist or physician.

--Encourage maintenance of adequate fluid intake, moderate exercise and increased dietary fiber intake, especially during laxative withdrawal.

--Maintain adequate and close follow-up (e.g., every two weeks) to monitor patient progress.

--If constipation occurs and persists, recommend a short course of a mild nonstimulant laxative.

It must be recognized that hospitalization may be necessary for assessment and treatment of severely dependent patients. Group or individual psychotherapy may be beneficial if personality and mood disorders are involved. All abusers should be encouraged to participate in education and prevention programs. Pharmacists should be aware of local organizations and prevention and treatment programs.

When possible, to determine the extent and effects of laxative abuse with laxative abusers who are more forthcoming about their problem and with suspected abusers, pharmacists should try to work with other health professionals and the patient to get a reliable diagnosis and create a treatment plan.

While a reliable diagnosis can only be reached through use of a chemical analysis, a number of items should be included in the diagnostic work-up. Some of these items are as follows:

1. Complete history and physical exam to rule out medical complications of laxative abuse

2. History of diet, exercise, eating habits, body image and weight control

3. Questions about anxieties related to food intake, self-esteem and depression

4. Physical warning signals, such as parotid gland enlargement, dental erosion, knuckle abrasion and dehydration

5. Use of a standard questionnaire (such as the Eating Disorder Inventory)

6. Laboratory tests (for example, hemoglobin test for anemia; depletion of protein, potassium, magnesium, calcium and chloride; test for occult blood in stool samples; toxicological screens for laxatives containing phenol and anthraquinone)

7. Barium enema and endoscopic evaluations

CONCLUSION

Pharmacists are in a position to take a leading role in educating patients about the adverse effects of laxatives and how, when and whether they should be used. Pharmacists can inform individuals of abuse dangers; clarify misperceptions about laxatives and weight control; help to ensure proper patient assessment; refer patients to physicians; and develop preventive community education programs.

References available upon request.

EXAMINATION

1. Which of the following is the most commonly abused laxative type?

a. stimulant

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

b. osmotic

c. bulk-forming

d. lubricant

2. Which of the following groups is more likely to abuse laxatives?

a. elderly

b. those with eating disorders

c. young females

d. all of the above

3. Laxatives are:

a. not found in food products.

b. useful in lowering caloric absorption.

c. becoming popular for abuse in weight loss.

d. without adverse effects.

4. Stimulant laxatives are:

a. inexpensive.

b. palatable.

c. available OTC.

d. all of the above.

5. Adverse effects associated with laxative abuse include:

a. fluid and electrolyte imbalances.

b. physical dependence.

c. pharyngitis.

d. a and b.

6. Laxatives are commonly abused to:

a. relieve perceived constipation.

b. try to prevent caloric absorption.

c. avoid fluid retention.

d. accomplish all of the above.

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

7. The pharmacist's role in managing laxative abuse problems includes:

a. involvement in preventive programs.

b. proper physician referral.

c. patient assessment.

d. all of the above.

8. A key symptom pharmacists should look for to identify a potential laxative abuser include:

a. rare purging.

b. frequent eating binges.

c. lack of exercise.

d. social extrovertedness.

9. Water retention and cholecystokinin stimulation is the mechanism of action for which of the following laxatives?

a. bulk-forming

b. emollient

c. osmotic

d. stimulant

10. Docusate sodium is what type of laxative product?

a. surfactant

b. stimulant

c. bulk-forming

d. osmotic

11. Common, early symptoms of laxative abuse include:

a. constipation.

b. diarrhea.

c. melanosis coli.

d. a and b.

12. Transient effects from laxative withdrawal include:

a. bloating.

b. constipation.

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

c. rash.

d. a and b.

13. Laxative abuse:

a. is often first recognized by physicians.

b. only occurs in women.

c. can lead to metabolic abnormalities.

d. has no irreversible effects.

14. Allergic reactions have been well documented with laxatives containing:

a. docusate sodium.

b. phenolphthalein.

c. saline.

d. psyllium.

15. Foods that may cause a laxative effect include:

a. large quantities of figs.

b. large quantities of bananas.

c. small quantities of dates.

d. all of the above.

16. Fluid and electrolyte lees can result in:

a. hyperkalemia.

b. dehydration.

c. hypercalcemia.

d. b and c.

17. Pharmacists should:

a. recognize that laxative abusers may need to be referred to a physician.

b. confront every patient purchasing laxative products about a potential abuse problem.

c. tell patients to avoid foods with laxative effects.

d. instruct patients to avoid all methods of weight control.

18. Considerations when accessing the extent of laxative abuse include:

The misuse and abuse of OTC laxatives; over-the-counter American Druggist January, 1996

a. type of product.

b. frequency of use.

c. duration of abuse.

d. all of the above.

19. During laxative withdrawal:

a. a short course of non-stimulant laxatives can be recommended for persistent constipation.

b. behavior modification techniques should be discussed.

c. a and b.

d. dietary fiber should be decreased.

20. The most commonly abused laxatives act by:

a. softening the stools and inhibiting water absorption.

b. stimulating the myenteric plexus and enhancing water and electrolyte secretion.

c. increasing bulk volume and water content of stool.

d. lubricating the content of the intestinal tract.

RELATED ARTICLE: Learning Objectives

After reading this article, the pharmacist should be able to:

1. Provide an overview of available OTC laxatives, including mechanisms of action and product examples.

2. Discuss the concerns associated with the use of OTC laxatives for weight loss.

3. Recognize the signs and symptoms of individuals for whom laxative abuse should be suspected.

4. Know the key questions to ask when counseling patients concerning OTC laxative use.

**GRAPHIC:** Table

**SIC:** 2834 Pharmaceutical preparations

**IAC-NUMBER:** IAC 17974387

**IAC-CLASS:** Trade & Industry; Health

**LOAD-DATE:** November 01, 1996

FOCUS - 283 of 335 DOCUMENTS

Copyright 1995 The Baltimore Sun Company
The Baltimore Sun

October 3, 1995, Tuesday, FINAL EDITION

**SECTION:** FEATURES, Pg. 5E, Eating Well

**LENGTH:** 579 words

**HEADLINE:** Good health that's ripe for the picking

**BYLINE:** Colleen Pierre, SPECIAL TO THE SUN

**BODY:**

Crispy, crunchy, sweet and juicy, apples have long done double duty as the symbol of good health and of temptation. So now that fall is here give in.

The health food status of apples is well earned. Apples are a good source of fiber -- both the soluble kind that helps lower cholesterol, and the insoluble type that keeps bowels working smoothly, reducing cancer risks. Apples are also a good source of elagic acid and octocosanol, two recently discovered "phytochemicals" that give fruits and vegetables their cancer-preventive effects. All apples are naturally low in sodium and fat-free, and come in an edible wrapper.

Through the wonders of controlled atmosphere storage techniques, good apples are usually available throughout the winter. But now, fresh-from-the-tree fruit is bursting with flavor that will never come again.

Check your local grocery store or produce stand, for the "locally grown" signs. You'll find such familiar favorites as Red or Golden Delicious, Stayman, Rome Beauty and Granny Smith. But don't stop there. Explore some more.

My own grocery store is offering Holidays and Galas, supplied by Shaw's Orchards, which straddles the Maryland-Pennsylvania line.

Sunny gold blushed with shades of red from pink to burgundy, this solid little apple is sweet enough for dessert. It's the right size, too: This is the 3-inch diameter apple you read about in all the weight-loss and diabetes management diets.

Holidays come dressed in dull green, and are not so stunning. But don't judge an apple by its peel. Orchard owner Mary Shaw describe the Holiday as "third-generation Macintosh, but juicier, and little more tart." Its texture is light, crisp and crunchy, and it comes in several sizes.

Shaws will supply a steady stream of different varieties as they mature. Lesser-known but equally delicious: Cortlands (ripening now), Mutsu (mid-October) and Fuji (late October).

If your grocery store hasn't caught on to the wonders of local apples, do complain to the manager. Then take the opportunity to get family and friends together for a fall foliage trip. Drive to Weber's Farm on Proctor Lane, Valley View Farms in Cockeysville, Armacost Farms Orchard on Mount Carmel Road, or to Shaw's. (Family quality time is also good for your health.)

Good health that's ripe for the picking The Baltimore Sun October 3, 1995, Tuesday,

Once you've collected your apples, scrub a few, then pile them in a decorative basket. Shamelessly display them right where folks are likely to grab one as they pass by. This is truly fast food.

Or try the slices-for-dessert ruse. Keep everyone around the table after dinner. If you have small children, core and then thinly slice an apple, doling out a section at a time.

Incorporate your apple supply into meals in other creative ways.

* Large Rome Beauty apples have a softer texture and can easily be "baked" in the microwave in just minutes.

* Mellow Golden Delicious apples mixed with raisins, walnuts, celery and low-fat mayonnaise make a great Waldorf salad. Add cooked chicken chunks for a one-dish meal.

* Puree sweet apples in the food processor, then substitute this fresh applesauce, measure for measure, for the fat in your favorite muffin recipe.

* Replace jelly with thinly sliced apples on a peanut butter sandwich.

* Add grated apples and carrots to tuna, chicken or turkey salad sandwiches.

Colleen Pierre, a registered dietitian, is the nutrition consultant at the Union Memorial Sports Medicine Center and Vanderhorst & Associates in Baltimore.

**TYPE:** COLUMN

**LOAD-DATE:** October 4, 1995

# EXHIBIT  8

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
## COUNSELORS AT LAW

**Rochelle D. Alpert**
Partner
415.442.1326
ralpert@morganlewis.com

May 18, 2007

**VIA EMAIL AND MAIL**

Bruce P. Keller
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
bpkeller@debevoise.com

Re:    Novartis' Infringement of the SMOOTH MOVE® Trademark

Dear Mr. Keller:

This letter responds to your correspondence, dated May 15, 2007.  While Traditional Medicinals appreciates Novartis' response to its letter, the rationales you provided in your letter as to why confusion is not likely between SENNA SMOOTH and SMOOTH MOVE® SENNA as brands for self-care laxative products remain unconvincing.  With this communication, we briefly address certain misconceptions you seem to have in a further effort to attempt to resolve this matter without the unwarranted burdens of litigation given Traditional Medicinals' three decades of use and long-standing incontestable registration of its SMOOTH MOVE® mark.

First, any advice of counsel you or any other lawyer may have provided to Novartis that the SENNA SMOOTH trademark would not cause confusion with existing registrations does not relieve Novartis of liability for trademark infringement.  Wrongful intent is not a prerequisite to establishing trademark infringement. *See New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194 (9th Cir. 1979).  Moreover, the receipt of an opinion from counsel on registrability does not necessarily warrant a finding of good faith in adopting a designation. *See Bear U.S.A. v. A.J. Sheepskin & Leather Outerwear*, 909 F. Supp. 896 (S.D.N.Y 1995) (opinion from counsel did not support defendant's claim of good faith); *Kemp v. Bumble Bee Seafoods, Inc.*, 398 F.3d 1049 (8th Cir. 2005) (legal advice that use of mark was not likely to cause confusion did not weigh in defendant's favor).  In all events, in order for Traditional Medicinals to assess the strength of your contention now that you have disclosed counsel's advice and put it into issue, we request that you provide us a copy of the document on which you rely and also request that you insure

San Francisco  Philadelphia  Washington  New York  Los Angeles  Miami  Pittsburgh  Princeton  Chicago
Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Beijing  Tokyo

1-SF/7551034.2

Morgan Lewis

COUNSELORS AT LAW

Bruce P. Keller
Debevoise & Plimpton LLP
May 18, 2007
Page 2

that Novartis and its counsel maintain any underlying documentation, including notes and communications, on which the opinion was premised.

Second, although your letter appears to assume that Novartis' SENNA SMOOTH laxative pills are not competitive with Traditional Medicinals' SMOOTH MOVE® SENNA laxative product that assumption is both incorrect and insufficient to excuse Novartis' violation of Traditional Medicinals' incontestable rights. Had Novartis properly investigated the marketplace before it filed its application in September 2006, it would have discovered that Traditional Medicinals sold SMOOTH MOVE® SENNA in capsule form and other SMOOTH MOVE® self-care laxative products as well. Most importantly, Traditional Medicinals filed a trademark application for SMOOTH MOVE for supplements (Ser. No. 78/809,216), which necessarily includes products in capsule form, in February 2006, well before your client filed its intent-to-use application for SENNA SMOOTH in September 2006. Aside from Traditional Medicinals' actual use of SMOOTH MOVE® for its laxative products in capsule form, its herbal tea and powder for laxatives nonetheless compete with or, at the very least, consist of directly related products to pill laxatives, which more than suffice for purposes of establishing likelihood of confusion.

We believe that the evidence will demonstrate that those marketing Ex-Lax have been well aware of the significant presence of the SMOOTH MOVE® brand in the marketplace. According to market reports such as AC Nielsen and IRI (used by most consumer goods marketing companies), the ever increasing popular brand SMOOTH MOVE® (in laxative tea form) already outsells (in unit sales in all US grocery stores) what appear to be Ex-Lax's two best selling 18 & 24 count products. These same reports document that drug stores and supermarkets carry the SMOOTH MOVE® brand, where it owns a significant share of senna laxative category sales.

Indeed, Novartis has known of Traditional Medicinals for years as selling well-known and high-quality herbal products, including its SMOOTH MOVE® products. In 2000, for example, Novartis Consumer Health, Inc. approached Traditional Medicinals with a proposal to use Traditional Medicinals' high-quality herbal products, including its SMOOTH MOVE® formulation. Although the business relationship did not come to fruition, Novartis now and seven (7) years ago had first-hand knowledge of Traditional Medicinals as an established company and SMOOTH MOVE® as an established and successful brand.

Further, the price differential that you reference in your letter also does not diminish the likelihood of confusion between the SMOOTH MOVE® SENNA products and the SENNA SMOOTH products Novartis recently began selling in the marketplace. The SENNA SMOOTH products appear to sell for a list price of approximately $8.54 for 24 pills, while SMOOTH MOVE® SENNA products sell for a list price of approximately $14.95 for 50 capsules. Thus,



Bruce P. Keller
Debevoise & Plimpton LLP
May 18, 2007
Page 3

the pricing of these products is comparable, not widely disparate. *See* Attachment A. In all events, the pricing and nature of both products only serve to enhance the overall likelihood of confusion.

Third, your argument that one USPTO Examining Attorney did not cite Traditional Medicinals' SMOOTH MOVE® mark against your client's application somehow weighs in favor of a finding of no likelihood of confusion remains particularly puzzling. Anyone who has practiced before the USPTO knows that the findings of the Examining Attorney are not admissible or even persuasive in an opposition proceeding, let alone in federal court litigation. In the Ninth Circuit, in particular, even a decision by the USPTO to allow registration does not determine or bear on likelihood of confusion. *See, e.g., Chesebrough-Pond's Inc. v. Faberge, Inc.*, 666 F.2d 393, 397 (9th Cir. 1982); *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970). Most relevant, however, Traditional Medicinals filed a timely opposition once Novartis' intent-to-use application came to its attention. That action protects Traditional Medicinals' established trademark rights before the USPTO.

Fourth, your attempt to defeat the infringement claim by attacking Traditional Medicinals' SMOOTH MOVE® mark on the basis that the word "smooth" describes laxative products also remains unconvincing. Revealingly, Novartis, in its trademark application filed under penalty of perjury, and throughout the entire prosecution of the application right through its answer to Traditional Medicinals' Notice of Opposition, never revealed the descriptiveness of the word SMOOTH to the USPTO. Novartis never sought to disclaim the word SMOOTH in its application for SENNA SMOOTH. Thus, either Novartis committed fraud on the USPTO because both words which compose its mark would consist of descriptive or generic terms (*see Daesang Corp. v. Rhee Bros. Inc.*, 77 U.S.P.Q.2d 1753, 1755 (D. Md. 2006) (failure to disclose geographic meaning of term was material to application and constituted fraud)) or, alternatively, this argument only is an after-the-fact attempt to justify Novartis' efforts to infringe Traditional Medicinals' valid rights in its long used and registered mark. In all events, not only has Traditional Medicinals' mark SMOOTH MOVE® been in use for over three decades for self-care laxative products, but its registration is incontestable. The United States Supreme Court in *Park N' Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985), rejected the very argument asserted in your letter, holding that the owner of a registered mark "may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive." Furthermore, Novartis is not using SMOOTH descriptively but rather as a designation of source for its competitive product.

Fifth, despite your unsupported statement that Traditional Medicinals' SMOOTH MOVE® products are rarely sold in the same stores as Novartis' EX LAX and SENNA SMOOTH products, the readily available facts do not support your bold contention. As noted above, drug

Morgan Lewis
COUNSELORS AT LAW

Bruce P. Keller
Debevoise & Plimpton LLP
May 18, 2007
Page 4

stores and grocery stores sell the SMOOTH MOVE® brand, where it holds a significant market share. Regardless of the type of retailer, drug stores and supermarkets sell both SMOOTH MOVE® SENNA and SENNA SMOOTH. Some of these stores feature these products in the same shelf area in effect "side by side." Moreover, retailers often locate SMOOTH MOVE® products in multiple locations in a store — in the pharmacy, tea and/or natural foods section. This fact is self-evident even from the comfort of your desk. The Internet readily demonstrates the direct competition between SENNA SMOOTH and SMOOTH MOVE® SENNA. At Amazon.com, on the same page where SMOOTH MOVE® SENNA appears, an advertisement for "Ex-Lax on Sale" at PlanetRx.com can be found. If you click through, you will find SENNA SMOOTH as well as Ex-Lax branded products featured. Likewise, on Drugstore.com, a search for "smooth" and "senna" identifies both Novartis' product and Traditional Medicinals' product. *See* Attachment A. This alone defeats your contention. Even assuming that you are correct and the products are not sold side-by-side (which is belied by the evidence), this fact does not rule out likely confusion. As you know, for there to be likelihood of confusion, products do not have to be competitive (even though those at issue here are), the products only need to be related.

Sixth, it is odd that Novartis would seek to attempt to associate itself with a colloquial, sarcastic phrase that adolescents created, such as "Smooth Move, EX LAX," to describe a particular type of teenage conduct. This argument is equally unpersuasive and beside the point. Novartis cannot avail itself of any rights in such colloquial phraseology. Novartis cannot demonstrate use of SMOOTH MOVE as a trademark or designation in connection with any of its products.

Finally, your claim that the disclaimer on SMOOTH MOVE® SENNA packaging somehow defeats or bears on a finding of likelihood of confusion again does not comport with the facts. The SMOOTH MOVE® SENNA packaging complies with FDA regulations. Regardless of any disclaimer, Traditional Medicinals may choose to use for its products, the FDA allows products such as SMOOTH MOVE® SENNA to be sold to consumers as self-care laxative products to relieve constipation. Such self-care products, as noted above, are marketed in direct competition with all other laxatives, and the allowable claims on the SMOOTH MOVE packaging clearly identify the product as a senna based stimulant laxative. *See* Attachment A. Unlike Novartis, which is marketing a product as "NEW" when it is the exact formulation of its existing products and the only thing that is "NEW" is the label and packaging, Traditional Medicinals takes care in the marketing and promotion of its products. Indeed, under these circumstances where the so-called "NEW" product is identical to the existing Ex-lax product except for the label and packaging, it is hard to understand how Novartis would be damaged or harmed by transitioning to a new designation if it truly had no interest in trading off of Traditional Medicinal's reputation in the marketplace.

Morgan Lewis
COUNSELORS AT LAW

Bruce P. Keller
Debevoise & Plimpton LLP
May 18, 2007
Page 5

In all events, since your letter conveys no willingness on the part of Novartis to consider ceasing use in an orderly fashion of the SENNA SMOOTH designation to avoid consumer confusion in the marketplace, please let me know whether you will accept service of the summons and complaint on behalf of Novartis Consumer Products, Inc. and Novartis AG. Under the circumstances, Novartis has left Traditional Medicinals with no option but to proceed with litigation to protect its rights in its long established, well-regarded brand — SMOOTH MOVE® — and its use for a senna based laxative product bearing the SMOOTH MOVE® SENNA mark.

Sincerely,

Rochelle D. Alpert

Encl.

# ATTACHMENT   A



**amazon**.com | Your Amazon.com | Health & Personal Care | See All 41 Product Categories | Your Account | 🛒 Cart | Your Lists ⌄ | Help | NEW!

Browse Brands & Products | Top Sellers | Health Care | Personal Care | Shaving & Hair Removal | Nutrition & Fitness | Sexual Wellness | Sales & Special Offers

Search  Health & Personal Care          GO | 🎁 Find Gifts | A9 | Web Search | GO

This item is not eligible for Amazon Prime, but over a million other items are. Join Amazon Prime today. Already a member? Sign in.



See larger image
Share your own customer images

## Traditional Medicinals Smooth Move® Senna 50 Caps
Other products by Traditional Medicinals

No customer reviews yet. Be the first.

**Price:** $~~14.95~~
**Sale:** $13.66
**You Save:** $1.29 (9%)

**Availability:** In stock. Processing takes an additional 3 to 4 days for orders from this seller. Ships from and sold by **SMARTbomb**.

**Price: $13.66**
Usually ships in 3 to 4 days
Ships from and sold by
**SMARTbomb**

**Quantity:** 1



Add to Shopping Cart

or

Sign in to turn on 1-Click ordering

Add to Wish List | ⌄
Add to Shopping List
Add to Wedding Registry
Add to Baby Registry
Tell a friend

## Product Description

**Product Description**
Smooth Move® Senna capsules provide gentle, overnight relief from occasional constipation in a conveni capsule form. A single serving (2 capsules) provides an effective dose of 17.2 mg sennosides from senna leaf extract, which have proven stimulant lax

## Product Details

**Shipping Weight:** 4.8 ounces (View shipping rates and policies)
**ASIN:** B000QJ6L4Y

## Help others find this item

**Make a Search Suggestion | Manage your Search Suggestions**

No-one has made a Search Suggestion for this item yet. Why not be the first to **suggest** a search for whi this item should appear?

## Customers viewing this page may be interested in these Sponsored Links (What's this?)

**Senna** As Low As $2.39/Mo
www.doctorstrust.com   Stop Constipation & Abnormal Bowel. Top brands. Free Shipping $75+

Moving Companies Direct
www.moversdirectory.com   Moving quotes & Professional movers Multiple moving quotes

Ex-Lax on Sale
PlanetRx.com   10,000+ Health & Beauty Products Delivered Quickly and Inexpensively

ATTACHMENT A
Page 1 of 4



planetRx.com. Life is better on PlanetRx™

The Store | Community | Learn More | My Account

SEARCH

Ex-Lax

11 Matching Products

Sort by: Customer Rating | Top Sellers | Price | Product Name | On Sale

**DEPARTMENTS**
Medicine Cabinet
Vitamins & Herbs
Beauty & Spa
Personal Care
Medical Supplies
Specials
All Departments

**TOP BRANDS**
Advil
Aveeno
Breathe Right
Centrum
Clairol
Dr. Scholl's
Nature Made
Neutrogena
Prilosec OTC
Rembrandt
Rogaine
Tylenol
ALL BRANDS

**SALES & COUPONS**
YOUR FAVORITE PRODUCTS
ON SALE
GET EMAIL ALERTS
Enter Email    Go
We guarantee your privacy



Laxative/Antacid - Mint, 12 oz
Ex-Lax
Product No. A0107
Usually ships in 24 hours

Our Price:$4
List Price: $6




Stimulant Laxative - Bisacodyl, 5 mg, Comfort Coated Pills, 24 tab
Ex-Lax
Product No. A2843
Usually ships in 24 hours

Our Price:$5
List Price: $8



Chocolate Stimulant Laxative - Regular Strength, 18 tab
Ex-Lax
Product No. A3885
Usually ships in 24 hours

Our Price:$3
List Price: $5



Chocolated Stimulant Laxative - Regular Strength, 15 mg, 48 tab
Ex-Lax
Product No. A3937
Usually ships in 24 hours

Our Price:$8
List Price: $1



Stimulant Laxative - Regular Strength, 15 mg 8 tab
Ex-Lax
Product No. A4024
Usually ships in 24 hours

Our Price:$2
List Price: $3



Stimulant Laxative - Regular Strength, 15 mg 30 tab
Ex-Lax
Product No. A4053
Usually ships in 24 hours

Our Price:$5
List Price: $8



Stimulant Laxative - Maximum Strength, 24 tab
Ex-Lax
Product No. A4075
Usually ships in 24 hours

Our Price:$5
List Price: $8



Stimulant Laxative - Maximum Strength, 25 mg 48 tab
Ex-Lax
Product No. A4090
Usually ships in 24 hours

Our Price:$5
List Price: $1

ATTACHMENT A
Page 2 of 4



Laxative/Antacid - Chocolate Creme, 12 oz

Our Price:$4

Ex-Lax

Page 2 of 2



Ex-Lax
Product No  A4570
Usually ships in 24 hours

List Price: $6.





Laxative/Antacid - Raspberry Creme, 12 oz
Ex-Lax
Product No. A4588
Usually ships in 24 hours

**Our Price:$4**
List Price: $6.





Senna Smooth Laxative - 24 ea
Ex-Lax
Product No. A4842
Usually ships in 24 hours

**Our Price:$5**
List Price: $8.




Sort by: **Customer Rating** | Top Sellers | Price | Product Name | On Sale

**Ordering Help**
- Ways to Shop
- Login to Your Account

**Shipping & Returns**
- Shipping Costs & Times
- Return Policy

**About PlanetRx.com**
- Why Shop With Us?
- 100% Privacy & Security

**Have Questions?**
- Help Desk
- Contact Us

**Order By Phone 877-61-PLANET (877-617-5263) (M-F 9-5 EST)**

Information on this site is provided for informational purposes and is not meant to substitute for the advice provided by your own physician or other m
professional. You should not use the information contained herein for diagnosing or treating a health problem or disease, or prescribing any medica
information about each product is taken from the labels of the products or from the manufacturer's advertising material. PlanetRx.com is not respons
any statements or claims that various manufacturers make about their products. We cannot be held responsible for typographical errors or produ
formulation changes. You should read carefully all product packaging. If you have or suspect that you have a medical problem, promptly contact your
care provider. Information and statements regarding dietary supplements have not been evaluated by the Food and Drug Administration and are not i
to diagnose, treat, cure, or prevent any disease. All discounts are taken from suggested retail prices.

Please see our Terms of Use
Copyright © 1998-2007 PlanetRx.com, Inc. All rights reserved.

ATTACHMENT A
Page 3 of 4

drugstore.com - online pharmacy & drugstore, prescriptions filled

Page 1 of 1

**free shipping** on any order* of $25 or more >
*Free, complete prescription order only. Standard shipping


the uncommon drugstore

welcome (sign in) | view shopping bag | **Checkout** | help
your account | your list™ | your prescriptions | fast shop

| prescriptions | health | personal care | hair | skin care | sun care | beauty & jewelry | men's | vitamins | GNC | diet & fitness | food | SALE |

natural | household & pets | photo & video | baby | sexual well-being | contact lenses | BEAUTY

SEARCH: senna smooth

**Refine Search Results**

2 results for "senna smooth"

**Show:**
**All Matches**
Items Eligible for FSA
(what's this?)

**Categories:**
digestive health (1)
natural foods (1)

**drugstore.com™**
**Brands for "senna smooth":**
ex-lax
Traditional Medicinals

**ex-lax**                                    $6.49
Senna Smooth Stimulant Laxative -
24 ea                                        **Buy**
✔FSA                                         In
                                             stock

**Traditional Medicinals**                    $14.95
Smooth Move Senna, Capsules - 50
ea                                           **Buy**
                                             In
                                             stock

---

prescriptions | health | personal care | hair care | skin care | sun care | beauty | men's grooming | vitamins |
gnc store | diet & fitness | food | top offers | the natural store | household & pets | photo & video | baby & kids |
sexual well-being | discount contact lenses from vision direct | beauty.com

Information on this site is provided for informational purposes and is not meant to substitute for the advice
provided by your own physician or other medical professional. You should not use the information contained
herein for diagnosing or treating a health problem or disease, or prescribing any medication. You should read
carefully all product packaging. If you have or suspect that you have a medical problem, promptly contact your
health care provider. Information and statements regarding dietary supplements have not been evaluated by
the Food and Drug Administration and are not intended to diagnose, treat, cure, or prevent any disease.
Customer reviews are provided for informational purposes only. Customer reviews reflect the individual
reviewer's results and experiences only and are not verified or endorsed by drugstore.com, inc. Actual results
may vary among users.

Please see our Terms of Use | Privacy Policy | Pharmacy Notice of Privacy Practices
Copyright © 1999-2007 drugstore.com, inc. All rights reserved.

ATTACHMENT A
Page 4 of 4

# EXHIBIT 9

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Rochelle D. Alpert**
Partner
415.442.1326
ralpert@morganlewis.com

May 21, 2007

**VIA HAND SERVICE**

David H. Bernstein
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Re:   *Traditional Medicinals, Inc. v. Novartis Consumer Products, Inc. et al.*
      <u>United States District Court, Northern District of California, Case No. C-07-2457-SBA</u>

Dear David:

Pursuant to our telephone conversation on Friday, May 18, 2007, in which you agreed to accept service on behalf of Novartis Consumer Products, Inc., apparently known as Novartis Consumer Health, Inc. ("Novartis Consumer"), enclosed are copies of the following documents: (1) Complaint for Trademark Infringement; Dilution; False Advertising; Unfair Competition; and Request for Temporary, Preliminary and/or Permanent Injunctive Relief; (2) Summons; (3) ECF Registration Information Handout; (4) Court Guidelines; (5) Notice of Assignment of Case; (6) Reassignment Order; (7) Order Setting Initial Case Management Conference and ADR Deadlines; and (8) Proof of Service. In addition, we have received the Notice of Appearance filed on behalf of Novartis Consumer Products, Inc. Accordingly, Novartis Consumer's responsive pleading will be due by June 7, 2007.

Sincerely,

Rochelle D. Alpert

Encl.

San Francisco   Philadelphia   Washington   New York   Los Angeles   Miami   Pittsburgh   Princeton   Chicago
Palo Alto   Dallas   Harrisburg   Irvine   Boston   London   Paris   Brussels   Frankfurt   Beijing   Tokyo

1-SF/7552317.1

1   ROCHELLE D. ALPERT (Cal. Bar No. 65037)
    SHARON R. SMITH (Cal. Bar No. 221428)
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Tower
3   San Francisco, CA 94105
    Tel: 415.442.1000
4   Fax: 415.442.1001
    E-mail: ralpert@morganlewis.com
5           srsmith@morganlewis.com

6   Attorneys for Plaintiff
    Traditional Medicinals, Inc.

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  TRADITIONAL MEDICINALS, INC., a
    Delaware corporation,                    Case No. **C 07 - 2457**

12                Plaintiff,                  **COMPLAINT FOR TRADEMARK
                                             INFRINGEMENT; DILUTION; FALSE
13       vs.                                  ADVERTISING; UNFAIR
                                             COMPETITION; AND REQUEST FOR
14                                            TEMPORARY, PRELIMINARY AND/OR
    NOVARTIS CONSUMER PRODUCTS,               PERMANENT INJUNCTIVE RELIEF
15  INC., a Delaware corporation; Novartis
    AG, a corporation of Switzerland, and     **DEMAND FOR JURY TRIAL AND
16  DOES 1-10, inclusive,                     CERTIFICATION OF INTERESTED
                                             ENTITIES OR PERSONS PURSUANT TO
17                Defendants.                 CIVIL L-R 3-16**

18

19

20

21

22

23

24

25

26

27

28

1-SF/7546712.1

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1   Plaintiff Traditional Medicinals, Inc., alleges as follows:

2       1.      This action is brought against defendant Novartis Consumer Health, Inc., and

3   affiliated entities (collectively "Novartis"), for trademark infringement, trademark dilution, false

4   designation of origin, unfair business practices, and deceptive advertising in violation of the

5   Lanham Act, 15 U.S.C. §§1141(1), 1125(a)(1), and 1125(c), California Business and Professions

6   Code §§17200 *et seq.*, 17500 *et seq.*, 14330, and 14335, and common law, arising from Novartis'

7   use of designations that are likely to cause confusion with, dilute, and/or are likely to dilute

8   Traditional Medicinals' federally registered and famous SMOOTH MOVE® mark and Novartis'

9   false, misleading and deceptive advertising.

10                                  **PARTIES**

11      2.      Traditional Medicinals, Inc. ("Traditional Medicinals") is a privately held

12  California corporation, with its principal place of business at 4515 Ross Road, Sebastopol, CA

13  95472.  Traditional Medicinals is a leading manufacturer of medicinal and herbal products,

14  including medicinal teas and supplements for self-care.  Among its products and widely

15  recognizable brands, Traditional Medicinals manufactures markets and sells plant-based herbal

16  laxatives in the form of medicinal teas, capsules and powders under its federally registered

17  SMOOTH MOVE® brand.

18      3.      Traditional Medicinals is informed and believes, and on that basis alleges, that

19  Novartis Consumer Health, Inc. is a Delaware corporation, with its principal place of business

20  located at 200 Kimball Drive, Parsippany, NJ 07054-0622.

21      4.      Traditional Medicinals is informed and believes, and on that basis alleges, that

22  Novartis AG, a corporation of Switzerland, at the address of CH-4002, Basel, Switzerland,

23  licenses the use of certain designations including the designation complained of here, to Novartis

24  Consumer Health, Inc.

25      5.      Traditional Medicinals is currently unaware of the true names and capacities of

26  Does 1 through 10 inclusive, and therefore sues such defendants by such fictitious names.

27  Traditional Medicinals is informed and believes, and on that basis alleges that, each of the

28  fictitiously named Does is responsible in some manner for the occurrences alleged below and that

1-SF/7546712.1                                    1

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1  Traditional Medicinals damages were proximately caused by each of the Does. Traditional

2  Medicinals will amend this complaint to allege their true names and capacities when ascertained.

3  ### JURISDICTION AND VENUE

4      6.    This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C.

5  §1121 and 28 U.S.C. §§1331, 1338(a)-(b), and 1367(a).

6      7.    This Court has personal jurisdiction over Novartis, and venue is proper in this

7  district pursuant to 28 U.S.C. §1391(b)-(c), because on information and belief, Novartis has a

8  presence in the state of California, conducts regular and systematic business in California, has

9  purposefully availed itself of conducting business in California, and/or the events giving rise to

10  the claims alleged in this complaint have a substantial effect in California and a substantial part of

11  such events occurred in this district. In this regard, Traditional Medicinals is informed and

12  believes, and on that basis alleges: Novartis is registered to do business in California; Novartis

13  markets, advertises, promotes, sells and offers for sale laxative pills under the infringing and

14  unlawful SENNA SMOOTH designation in California; and Traditional Medicinals markets,

15  advertises, promotes, offers for sale and has substantial sales of its SMOOTH MOVE® products

16  in California.

17  ### FACTUAL ALLEGATIONS
   **Traditional Medicinals' Federally Registered and Famous SMOOTH MOVE® Brand**

18

19      8.    Traditional Medicinals has used its SMOOTH MOVE® mark in interstate

20  commerce since at least as early as January 5, 1976. Over this more than three decades of use,

21  Traditional Medicinals' famous and well-known natural laxative products, which originally came

22  in herbal tea form and are now sold in herbal tea, capsule and powder form, under the federally

23  registered SMOOTH MOVE® mark.

24      9.    For decades, Traditional Medicinals has extensively marketed, advertised,

25  promoted and sold laxative tea under the SMOOTH MOVE® mark throughout the United States

26  and in many countries around the world. Traditional Medicinals has sold, and continues to sell,

27  its SMOOTH MOVE® products, including its SMOOTH MOVE® senna products, online and

28  through retail stores, including grocery, health food, nutrition center, gourmet food and drug

1-SF/7546712.1

2

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1   stores across the country. Since at least as early as 1999, Traditional Medicinals' extensive web

2   site at "www.traditionalmedicinals.com" and "www.tradmed.com" prominently has featured and

3   promoted its SMOOTH MOVE® brand by providing information about, offering for sale and

4   enabling the online purchase of its SMOOTH MOVE® medicinal products.

5        10.   Psyllium or senna are herbal plants used in SMOOTH MOVE® laxative products.

6   Traditional Medicinals' SMOOTH MOVE® Senna product uses senna as the active ingredient.

7   And, Traditional Medicinals' SMOOTH MOVE® Fiber Therapy product uses psyllium as the

8   active ingredient. The active ingredients of Traditional Medicinals' SMOOTH MOVE® products

9   are organic psyillium seed husk or organic senna leaf and leaf dry extract and, have not been

10   grown or treated with synthetic fertilizers, pesticides, herbicides, fumigants, irradiation nor

11   conventional agricultural chemical treatments, but rather rely on natural and organic

12   methodologies.

13        11.   Traditional Medicinals' SMOOTH MOVE® tea is available for purchase at most

14   independent grocery stores, chain natural foods stores, such as Whole Foods and Wild Oats, chain

15   supermarkets, such as Safeway, Kroger's and Albertsons, drug and pharmacy stores, such as Rite

16   Aid and CVS, at more than 20,000 health food and vitamin stores, such as General Nutrition

17   Centers (GNC), and at online retailers, such as Drugstore.com.

18        12.   Traditional Medicinals' SMOOTH MOVE® tea is the #1 best selling tea and

19   laxative product at health and natural food stores. Traditional Medicinals' SMOOTH MOVE®

20   tea is also a best selling tea within the grocery channel of trade. In 2006 alone, consumers

21   purchased 1,500,000 boxes of SMOOTH MOVE® tea.

22        13.   As a result of Traditional Medicinals' longstanding, extensive, and widespread

23   use, marketing and promotion of its SMOOTH MOVE® products, Traditional Medicinals'

24   SMOOTH MOVE® brand is widely recognized by the general consuming public as a designation

25   of source for Traditional Medicinals' natural medicinal laxative tea and other laxative products.

26   Traditional Medicinals' SMOOTH MOVE® products have been advertised and/or featured in

27   such publications as, Oprah Winfrey's *O Magazine*, the *Natural Foods Merchandiser*, *The Dallas*

28   *Morning News*, *The Star-Ledger*, *Natural Health*, *San Francisco Weekly*, *The Washington Post*,

1-SF/7546712.1

3

1    *The News-Press, Chain Drug Review, The Plain Dealer, St. Louis Post-Dispatch, Seattle Post-*

2    *Intelligencer, The Oregonian, The Chicago Tribune, Let's Live* (GNC's publication), *Whole*

3    *Foods, Wild Oats, Safeway*, on television programming, such as "Live with Regis and Kathie

4    Lee" and in the recent nationally released movie "Employee of the Month." Traditional

5    Medicinals' SMOOTH MOVE® tea has been the repeated winner of the Vitamin Retailer Award

6    for the top selling tea in the natural foods industry.

7         14.    Traditional Medicinals' informs consumers through advertising, promotion and

8    packaging that its SMOOTH MOVE® products consist of pharmacopoeial grade herbs, which

9    meet the highest standards set for quality, purity, strength, identity and composition, and are free

10   of harsh chemicals.

11        15.    Traditional Medicinals is the exclusive owner of federal registrations for its

12   SMOOTH MOVE® mark, including, but not limited to, the following:

13       (a)   SMOOTH MOVE® (Reg. No. 1,258,223), registered on November 22, 1983, for

14   "herbal teas for use as a laxative," in International Class 5; and

15       (b)   SMOOTH MOVE® (Reg. No. 2,520,275), registered on June 21, 1994, for
     "medicinal herbal teas," in International Class 5 and "herb tea for medicinal

16   purposes," in International Class 30.

17   Attached hereto as Exhibit A are true and correct copies of the registration certificates for these

18   registrations.

19        16.    Traditional Medicinals' federal registrations for SMOOTH MOVE® are

20   incontestable pursuant to 15 U.S.C. § 1065, and thus, provide conclusive evidence of Traditional

21   Medicinals' exclusive right to use the marks covered by the registrations in commerce in

22   connection with the goods specified in the registrations.

23        17.    Traditional Medicinals' registrations for its SMOOTH MOVE® mark provides

24   constructive notice of Traditional Medicinals' claim of ownership under 15 U.S.C. §1072.

25        18.    Traditional Medicinals also owns a pending application for SMOOTH MOVE™

26   (App. No. 78/809,216), which was approved for registration on February 2, 2007, for "anti-

27   inflammatories; astringents for medicinal purposes; dietary supplements; hemorrhoid treatment

28   preparations; herbal supplements; nutritional supplements; topical anesthetics; vasoconstrictors,"

1-SF/7546712.1

4

in International Class 5. A true and correct copy of a status report from the United States Patent

and Trademark website for this allowed application is attached hereto as Exhibit B.

19.     Since at least as early as September 8, 2004, Traditional Medicinals has sold its

SMOOTH MOVE[*] products in packaging with a tri-color background featuring an image of the

senna plant in yellow in the lower right hand corner of the product packaging, such as the

packaging set forth below:



Certain of Traditional Medicinals' packaging features the wording "SMOOTH MOVE[*]

SENNA."

### Novartis' Use of the Confusingly Similar SENNA SMOOTH Designation for its Competitive Laxative Products

20.     Traditional Medicinals is informed and believes, and on that basis alleges that,

Novartis recently has begun to manufacture, or directed the manufacture of, and also has

promoted and sold laxative products under the confusingly similar SENNA SMOOTH

designation with the word SMOOTH in a larger size and more prominently displayed manner

than the word SENNA, in packaging with a tri-colored background and a depiction of the senna

plant in the lower right hand corner in yellow, such as the packaging set forth below:



COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

21.     Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis, and its predecessor companies, have sold laxatives under the EX-LAX brand starting in 1906. And, that on or about 1997, Novartis stopped using phenolphtalein in the United States as the active ingredient in its EX-LAX laxatives and began using sennosides, an ingredient from senna leafs and/or pods, in its place.

22.     Traditional Medicinals is informed and believes, and on that basis alleges that, Novartis has sold and/or sells a laxative product under its EX-LAX and EX LAX GENTLE NATURE brands, which contained the same ingredients and formulation as the product that Novartis recently has commenced offering under the SENNA SMOOTH designation. Novartis does not, however, inform consumers that the SENNA SMOOTH product is the same product and formula as its existing EX-LAX products, but rather prominently features the wording "NEW" on its packaging. Novartis adopted the SENNA SMOOTH designation for its product in bad faith to capitalize on Traditional Medicinals' success in the marketplace with its SMOOTH MOVE® products. Novartis determined to sell the same product as its EX-LAX and EX LAX GENTLE NATURE products using the SENNA SMOOTH designation in direct competition with Traditional Medicinals' SMOOTH MOVE® products in an effort to confuse members of the relevant public.

23.     Novartis adopted a confusingly similar trade dress for its SENNA SMOOTH packaging to that of Traditional Medicinals' packaging for SMOOTH MOVE® to further attempt to confuse the consuming public.

24.     Traditional Medicinals and Novartis market and promote their laxatives in overlapping and/or the same trade channels including at online, drug, grocery and gourmet stores.

25.     Traditional Medicinals has not consented to or authorized Novartis to use the confusingly similar SENNA SMOOTH designation or the packaging design for the SENNA SMOOTH product.

26.     Traditional Medicinals is informed and believes, and on that basis alleges that, advertising, promotions and packaging for the products Novartis is selling or offering for sale under the SENNA SMOOTH designation, contain misstatements and otherwise misleading

1-SF/7546712.1

6

1  information, including that the product is "new." Novartis' statements were known, or should

2  have been known by the exercise of reasonable care, to be untrue and misleading, and were made

3  to deceive the public who read the product advertising, promotion and packaging.

4       27.    Traditional Medicinals alleges that, on or about September 14, 2006, Novartis'

5  parent company, defendant Novartis AG, filed an intent-to-use application to federally register

6  the SENNA SMOOTH designation (Serial Number 78/974,410) for "laxatives," in International

7  Class 5. Significantly, Novartis AG disclaimed the word "senna" as descriptive or generic. Thus,

8  the dominant component of the applied-for designation is SMOOTH. Traditional Medicinals

9  filed an opposition to the registration of the SENNA SMOOTH designation before the Trademark

10  Trial and Appeal Board, Opposition No. 91,175,734, on or about February 16, 2007. Novartis

11  answered the Notice of Opposition by denying the material allegations, but it did not assert any

12  affirmative defenses. In all events, Novartis began the introduction of its SENNA SMOOTH

13  product into the marketplace with full knowledge of Traditional Medicinals' opposition.

14       28.    Novartis' use of the confusingly similar SENNA SMOOTH designation and its

15  packaging trade dress, alone and in combination, has caused, and is likely to continue to cause,

16  confusion, mistake or deception, now and in the future, as to the origin, source, and sponsorship

17  of Novartis' products. Novartis' actions also dilute and are likely to dilute the distinctive

18  qualities of Traditional Medicinals' famous and well-known SMOOTH MOVE® products.

19               **Novartis' Unlawful Conduct Is Willful and Intentional**

20       29.    Novartis knew, or should have known, of Traditional Medicinals' well-established

21  and prior rights and/or federal registrations for Traditional Medicinals' SMOOTH MOVE®

22  laxative products before Novartis adopted and began using the confusingly similar SENNA

23  SMOOTH designation for its competitive products.

24       30.    Novartis had actual knowledge of Traditional Medicinals' prior use and rights in

25  its SMOOTH MOVE® mark and that Novartis nevertheless adopted, used, and now is promoting

26  and selling directly competitive and/or related goods using the confusingly similar SENNA

27  SMOOTH designation with a specific emphasis on SMOOTH and a confusingly similar trade

28  dress with the intent to cause confusion and mistake and deceive customers, and with the intent to

1-SF/7546712.1

7

1  trade upon the goodwill and substantial consumer recognition associated with Traditional

2  Medicinals' SMOOTH MOVE® products.

3      31.    Novartis has continued to use such an infringing designation notwithstanding

4  Novartis' actual knowledge of Traditional Medicinals' prior and exclusive rights to its SMOOTH

5  MOVE® brand and trade dress, and despite Traditional Medicinals providing Novartis with

6  written notice of its objections to Novartis' unlawful use of and attempt to register the

7  confusingly similar SENNA SMOOTH designation and Traditional Medicinals' demands that

8  Novartis cease the illegal conduct alleged in this complaint.

9      32.    Novartis' unlawful conduct is and continues to be knowing, deliberate, malicious,

10  oppressive and willful in an attempt to associate itself and its products with Traditional

11  Medicinals or to otherwise trade upon the reputation and fame of Traditional Medicinals'

12  SMOOTH MOVE® mark and to deceive consumers through false or misleading advertising.

13      33.    Novartis' acts complained of herein have caused damage to Traditional Medicinals

14  in an amount to be determined at trial, and such damages will continue to increase unless and

15  until Novartis is enjoined from its wrongful acts.

16      34.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

17  Medicinals has suffered, and will continue to suffer, irreparable injury to its federally registered

18  and famous and its federally registered SMOOTH MOVE® mark, to its trade dress and to the

19  goodwill and business reputation associated with its SMOOTH MOVE® mark and trade dress.

20  Novartis' unlawful conduct will continue unless enjoined and restrained by this Court.

21  Traditional Medicinals has no adequate remedy at law for Novartis' continuing violations of its

22  rights as set forth herein.

23  <div align="center">**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1))**</div>

24

25      35.    Traditional Medicinals incorporates by reference and realleges as though fully set

26  forth herein the allegations of paragraphs 1 through 34, inclusive.

27      36.    The above acts of Novartis constitute trademark infringement of Traditional

28  Medicinals' federally registered and incontestable SMOOTH MOVE® mark in violation of

1-SF/7546712.1

<div align="center">8</div>

1   section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

2       37.    Novartis' conduct in the manufacture, distribution, promotion and/or sale of

3   laxatives using the SENNA SMOOTH designation without consent constitutes trademark

4   infringement, and falsely represents that the products originate from Traditional Medicinals or

5   that they are approved or associated with Traditional Medicinals, or that Novartis is in some way

6   affiliated with or connected to Traditional Medicinals. Such conduct is likely to confuse, cause

7   mistake, and deceive Traditional Medicinals customers as to the origin of the Novartis products,

8   or lead such persons to believe that the products have been approved, authorized or licensed by

9   Traditional Medicinals, or that there is some affiliation or connection between Novartis and

10  Traditional Medicinals, all in violation of 15 U.S.C. §1114.

11      38.    Novartis manufactured, distributed, promoted and/or sold the unauthorized

12  SENNA SMOOTH products, despite being on notice of Traditional Medicinals' exclusive rights

13  in the SMOOTH MOVE® mark.

14      39.    Traditional Medicinals is informed and believes, and on that basis, alleges, that

15  Novartis' actions were done willfully with full knowledge that the use of the SENNA SMOOTH

16  designation was without consent, and with the express intent to cause confusion and to cause

17  mistake and/or to deceive the purchasing public.

18      40.    Traditional Medicinals has no adequate remedy at law. Novartis' conduct, as

19  described herein, has caused and, if not enjoined, will continue to cause irreparable damage to the

20  rights of Traditional Medicinals in its incontestable mark, as well as to the business, reputation

21  and goodwill of Traditional Medicinals.

22      41.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

23  Medicinals is entitled to preliminary and permanent injunctive relief.

24      42.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional

25  Medicinals is accordingly entitled to an award of reasonable attorney's fees.

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN – 15 U.S.C. §1125(a)(1))**

43.     Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 42, inclusive.

44.     The above acts of Novartis constitute false designation of origin in violation of section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a)(1).

45.     Traditional Medicinals owns and exclusively has used the SMOOTH MOVE® mark for its laxative products for over three decades.  Further, Traditional Medicinals owns and exclusively uses the overall look and feel of its packaging.

46.     Traditional Medicinals is informed and believes, and on that basis alleges, that Novartis is manufacturing, promoting and selling laxatives under the SENNA SMOOTH designation and using packaging and incorporates the look and feel of Traditional Medicinals' SMOOTH MOVE® packaging, all of which individually and combined falsely leads consumers to believe that Novartis is offering a line of laxative products that are sponsored or endorsed by Traditional Medicinals, and that such products have the same quality as Traditional Medicinals products, or that Novartis has acquired Traditional Medicinals or the rights in the SMOOTH MOVE® mark.

47.     Novartis' conduct described above in the manufacture, distribution, promotion and/or sale, and of the SENNA SMOOTH laxative products constitutes false designation of origin in violation of 15 U.S.C. §1125(a).

48.     Traditional Medicinals is informed and believes, and on that basis alleges, that Novartis' actions were done willfully and with full knowledge of such false designation of origin, and with the express intent to cause confusion and to cause and/or to deceive the purchasing public.

49.     Traditional Medicinals has no adequate remedy at law.  Novartis' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Traditional Medicinals.  As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive relief and damages.

1-SF/7546712.1

10

1    50.    This is an exceptional case within the meaning of 15 U.S.C. §1117 and Traditional

2    Medicinals is accordingly entitled to an award of reasonable attorney's fees.

3                              **THIRD CLAIM FOR RELIEF**
4                       **(TRADEMARK DILUTION – 15 U.S.C. §1125(c))**

5    51.    Traditional Medicinals incorporates by reference and realleges as though fully set

6    forth herein the allegations of paragraphs 1 through 50, inclusive.

7    52.    Traditional Medicinals' SMOOTH MOVE® mark is famous and entitled to

8    protection from federal trademark dilution.

9    53.    By blurring, the above acts of Novartis actually dilutes, is likely to dilute, and

10   impair the distinctiveness of Traditional Medicinals' SMOOTH MOVE®, including but not

11   limited to, the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C.

12   §1125(c).

13   54.    By tarnishing, the above acts of Novartis actually dilutes, is likely to dilute, and

14   harm the reputation of Traditional Medicinals' SMOOTH MOVE®, including but not limited to

15   the mark identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

16   55.    Novartis' unlawful conduct has been knowing, deliberate and willful.

17   56.    Novartis has been and is likely to continue to be unjustly enriched by its infringing

18   conduct.

19   57.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

20   Medicinals has been, and will continue to be, irreparably harmed, injured and/or damaged by

21   Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis'

22   conduct is enjoined by the Court.

23                             **FOURTH CLAIM FOR RELIEF**
24                       **(FALSE ADVERTISING – 15 U.S.C. §1125(a))**

25   58.    Traditional Medicinals incorporates by reference and realleges as though fully set

26   forth herein the allegations of paragraphs 1 through 57, inclusive.

27   59.    Traditional Medicinals is informed and believes, and on that basis alleges that,

28   Novartis made false and/or misleading statements about its SENNA SMOOTH products in

1-SF/7546712.1                                  11

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1  commercial advertisements, promotions and/or on product packaging, including that the product

2  is "new."

3    60.    Novartis' false and/or misleading statements actually deceived or have the

4  tendency to deceive a substantial segment of the consuming public.

5    61.    Novartis' deception is material, in that it is likely to influence the purchasing

6  decisions of the consuming public.

7    62.    Novartis has caused its false and/or misleading statements to enter interstate

8  commerce.

9    63.    Traditional Medicinals has been or is likely to have been injured as a result of

10  Novartis' false and/or misleading statements as to a competitive laxative product, and such harm,

11  injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

12    64.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive

13  relief and damages.

14
## FIFTH CLAIM FOR RELIEF
### (TRADEMARK DILUTION -- CAL. BUS. & PROF. CODE §14330)
15

16    65.    Traditional Medicinals incorporates by reference and realleges as though fully set

17  forth herein the allegations of paragraphs 1 through 64, inclusive.

18    66.    Traditional Medicinals' SMOOTH MOVE® mark is famous.  Traditional

19  Medicinals owns the SMOOTH MOVE® mark and has used the SMOOTH MOVE® mark for

20  over three decades in connection with laxative products.  As a result of its long-time use of the

21  SMOOTH MOVE® mark, the extensive promotion of the SMOOTH MOVE® mark, as well as the

22  extensive media attention to SMOOTH MOVE® products, the SMOOTH MOVE® mark is

23  famous and well-known, and was famous and well-known before Novartis commenced use of the

24  SENNA SMOOTH designation.

25    67.    Traditional Medicinals is informed and believes, and on that basis alleges, that the

26  above acts of Novartis have diluted, or are likely to dilute, the distinctive quality of Traditional

27  Medicinals' famous SMOOTH MOVE® mark and/or have caused, or are likely to cause, injury to

28  the business reputation of Traditional Medicinals' SMOOTH MOVE® mark.

68.    Traditional Medicinals has no adequate remedy at law.  As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury, damage will continue unless Novartis' conduct is enjoined by the Court.

69.    As a result of Novartis' conduct, Traditional Medicinals is entitled to injunctive relief and damages.

### SIXTH CLAIM FOR RELIEF
### (UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)

70.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 69, inclusive.

71.    Traditional Medicinals is informed and believes, and on that basis alleges, that in manufacturing, promoting and selling directly competitive and/or related products using the SENNA SMOOTH designation, Novartis falsely leads consumers to believe that Novartis is offering a line of goods that are sponsored or endorsed by Traditional Medicinals or that the Novartis' SMOOTH or SENNA SMOOTH products are offered by Traditional Medicinals, when they are not.

72.    The above acts and practices of Novartis are likely to mislead the general public and, thereby, constitute unfair and fraudulent business practices and unfair, unlawful, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §§17200 *et seq.*  Novartis' unlawful conduct caused injury to Traditional Medicinals resulting in loss of money or property and caused injury in fact to Traditional Medicinals resulting in loss of money or property.

73.    Traditional Medicinals is entitled to relief against Novartis, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Novartis as a result of such unfair, deceptive and/or fraudulent business practices and unfair, deceptive, untrue and misleading advertising.

74.    As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1   wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

2   enjoined by the Court.

3                                    **SEVENTH CLAIM FOR RELIEF**
                       **(DECEPTIVE, FALSE AND MISLEADING ADVERTISING –**
4                          **CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*)**

5          75.    Traditional Medicinals incorporates by reference and realleges as though fully set

6   forth herein the allegations of paragraphs 1 through 74, inclusive.

7          76.    Traditional Medicinals is informed and believes, and on that basis alleges that,

8   Novartis intentionally or negligently committed the above acts with an intent to directly or

9   indirectly deceive consumers about the source Novartis' products.

10         77.    The above acts of Novartis constitute untrue and misleading advertising as defined

11  by California Business & Professions Code §17500 *et seq.*

12         78.    Traditional Medicinals is entitled to relief against Novartis, including full

13  restitution and/or disgorgement of all profits and benefits that may have been obtained by

14  Novartis as a result of such untrue and misleading advertising. Novartis' unlawful conduct

15  caused injury to Traditional Medicinals resulting in loss of money or property and caused injury

16  in fact to Traditional Medicinals resulting in loss of money or property.

17         79.    As a direct and proximate result of Novartis' unlawful conduct, Traditional

18  Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis'

19  wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is

20  enjoined by the Court.

21                                    **EIGHTH CLAIM FOR RELIEF**
                     **(TRADEMARK INFRINGEMENT – CAL. BUS. & PROF. CODE §14335)**
22

23         80.    Traditional Medicinals incorporates by reference and realleges as though fully set

24  forth herein the allegations of paragraphs 1 through 79, inclusive.

25         81.    Traditional Medicinals is informed and believes, and on that basis alleges that,

26  Novartis has used, and continues to use, the confusingly similar SENNA SMOOTH designation

27  for Novartis' products for the purpose of enhancing the commercial value of, or selling or

28  soliciting purchases of, Novartis' products.

82.    As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

### NINTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

83.    Traditional Medicinals incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 82, inclusive.

84.    In addition to its rights under the Lanham Act and state statutory law, Traditional Medicinals also has valid and existing common law rights with respect to its SMOOTH MOVE® mark.

85.    The above acts of Novartis constitute unfair competition under common law.

86.    Traditional Medicinals is informed and believes, and on that basis alleges that, the above acts of Novartis were and continue to be willful and malicious and undertaken with the deliberate intent to injure the business of Traditional Medicinals and so as to improve Novartis' business. Traditional Medicinals, therefore, is entitled to exemplary damages based upon common law unfair competition principles.

87.    As a direct and proximate result of Novartis' unlawful conduct, Traditional Medicinals has been, and will continue to be, harmed, injured and/or damaged by Novartis' wrongful acts, and such harm, injury and/or damage will continue unless Novartis' conduct is enjoined by the Court.

88.    Traditional Medicinals is entitled to relief against Novartis, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Novartis as a result of such unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Traditional Medicinals prays the Court for the following relief:

1.    That the Court issue a temporary restraining order and/or preliminary injunction, pending trial of this action, enjoining Novartis, its successors, officers, agents and employees, and

I-SF/7546712.1                                15

1  anyone acting in concert with or at the behest or direction of Novartis, from using Traditional

2  Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any other

3  designation that is comprised of or incorporates "SMOOTH" as a brand, designation or trademark

4  for a laxative product.

5        2.     That following trial of this action, the Court enter final judgment as follows:

6            a.     permanently enjoining Novartis, its successors, officers, agents and

7  employees, and anyone acting in concert with or at the behest or direction of Novartis, from using

8  Traditional Medicinals' SMOOTH MOVE® mark, the SENNA SMOOTH designation and any

9  other designation that is comprised of or incorporates "SMOOTH" for laxatives;

10            b.     ordering that all labels, packaging, wrappers, signs, prints, banners, posters,

11  brochures, or other advertising, marketing, or other promotional materials bearing Novartis'

12  SENNA SMOOTH designation, be destroyed, along with the means for making the same, and

13  that all Internet web sites, online advertising, marketing, promotions or other online materials

14  bearing the SENNA SMOOTH designation be removed permanently;

15            c.     ordering that Novartis abandon with prejudice its federal trademark

16  application for the SENNA SMOOTH designation, Serial Number 78/974,410;

17            d.     permanently enjoining Novartis, its successors, officers, agents and

18  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

19  seeking to register the SENNA SMOOTH designation and/or or any other designation that is

20  comprised of or incorporates "SMOOTH" for laxatives;

21            e.     permanently enjoining Novartis its successors, officers, agents and

22  employees, and anyone acting in concert with or at the behest or direction of Novartis, from

23  engaging in false advertising with respect to the SENNA SMOOTH laxative products;

24            f.     ordering Novartis to file with the Court and serve on Traditional

25  Medicinals' counsel within 30 days after service of the injunction, a written report, sworn under

26  oath, setting forth in detail the manner and form in which Novartis has complied with the

27  injunction;

28

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

1        g.     declaring that Novartis' use of the SENNA SMOOTH designation

2  infringed and diluted Traditional Medicinals' SMOOTH MOVE® mark, in violation of 15 U.S.C.

3  §1114; 15 U.S.C. §1125(a), (c); Cal. Bus. & Prof. Code §14330;

4        h.     declaring that Novartis' advertising of SENNA SMOOTH laxative

5  products constituted false and misleading advertising, in violation of 15 U.S.C. §1125(a) and Cal.

6  Bus. & Prof. Code §17500 *et seq.*, and that such actions were willful and intentional;

7        i.     declaring that Novartis has engaged in unfair competition and deceptive

8  trade practices within the meaning of California Business and Professions Code section 17200 *et*

9  *seq.* and California common law directly and indirectly;

10        j.     directing the United States Trademark Office, pursuant to section 37 of the

11  Lanham Act, 15 U.S.C. §1119, to refuse registration of any application by Novartis, their

12  successors, officers, agents and employees, and anyone acting in concert with or at the behest or

13  direction of Novartis, for the SENNA SMOOTH designation or any other designation that is

14  comprised of or incorporates "SMOOTH," for laxative products including Serial Number

15  78/974/410;

16        k.     awarding Traditional Medicinals compensation for any and all damages,

17  injury or harm incurred as a result of Novartis' unlawful conduct;

18        l.     ordering full restitution and/or disgorgement of all profits and benefits that

19  may have been obtained by Novartis as a result of its wrongful conduct;

20        m.     awarding Traditional Medicinals treble damages resulting from Novartis'

21  willful and intentional conduct pursuant to 15 U.S.C. §1117;

22        n.     awarding Traditional Medicinals punitive and exemplary damages;

23        o.     assessing against Novartis, Traditional Medicinals' costs of this action and

24  Traditional Medicinals' attorneys' fees; and,

25

26

27

28

1          p.    ordering or awarding any other such relief the Court deems just and proper.

2

3  Dated: May 8, 2007                     MORGAN, LEWIS & BOCKIUS LLP

4

5                                  By _____
                                       Rochelle D. Alpert

6

7                                  Attorneys for Plaintiff Traditional
                                Medicinals, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT   A

Int. Cl.: 5

Prior U.S. Cls.: 18 and 46

## United States Patent and Trademark Office

Reg. No. 1,258,223
Registered Nov. 22, 1983

### TRADEMARK
#### Principal Register

## SMOOTH MOVE

Traditional Medicinals, Inc. (California corporation)
P.O. Box 442
Guerneville, Calif. 95446

For: HERBAL TEAS FOR USE AS A LAXA-TIVE, in CLASS 5 (U.S. Cls. 18 and 46).
First use Oct. 1974; in commerce Jan. 5, 1976.

Ser. No. 379,710, filed Aug. 12, 1982.

CARLA CALCAGNO, Examining Attorney

Int. Cls.: 5 and 30

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

United States Patent and Trademark Office

Reg. No. 2,520,275
Registered Dec. 18, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## SMOOTH MOVE

TRADITIONAL MEDICINALS, INC. (CALIFOR-
NIA CORPORATION)
4515 ROSS ROAD
SEBASTOPOL, CA 95472

FOR: MEDICINAL HERB TEAS, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

FOR: HERB TEA FOR FOOD PURPOSES, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 10-0-1974; IN COMMERCE 1-5-1976.

OWNER OF U.S. REG. NO. 1,258,223.

SER. NO. 78-031,266, FILED 10-18-2000.

CIMMERIAN COLEMAN, EXAMINING ATTOR-
NEY

# EXHIBIT   B

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2007-05-08 12:01:22 ET

**Serial Number:** 78809216 Assignment Information

**Registration Number:** (NOT AVAILABLE)

**Mark**

# SMOOTH MOVE

**(words only):** SMOOTH MOVE

**Standard Character claim:** Yes

**Current Status:** Opposition period completed, a Notice of Allowance has been issued.

**Date of Status:** 2007-02-06

**Filing Date:** 2006-02-07

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**The Notice of Allowance Date is:** 2007-02-06

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 115

**Attorney Assigned:**
ROTH JASON T Employee Location

**Current Location:** 700 -Intent To Use Section

**Date In Location:** 2007-03-19

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Traditional Medicinals, Inc.

**Address:**
Traditional Medicinals, Inc.
4515 Ross Road
Sebastopol, CA 95472
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California
**Phone Number:** 7078238911

## GOODS AND/OR SERVICES

**International Class:** 005
**Class Status:** Active
(Based on Intent to Use) Anti-inflammatories; Astringents for medicinal purposes; (Based on Use in Commerce) Dietary supplements; (Based on Intent to Use) Hemorrhoid treatment preparations; (Based on Use in Commerce) Herbal supplements; Nutritional supplements; (Based on Intent to Use) Topical anesthetics; Vasoconstrictors
**Basis:** 1(a), 1(b)
**First Use Date:** 1976-01-00
**First Use in Commerce Date:** 1976-01-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1258223
2520275

## MADRID PROTOCOL INFORMATION

**USPTO Reference Number:** A0005746
**International Registration Number:** 0898297
**International Registration Date:** 2006-09-06
**Original Filing Date with USPTO:** 2006-09-06
**International Registration Status:** Application For IR Registered By IB
**Date of International Registration Status:** 2006-10-26
**International Registration Renewal Date:** 2016-09-06
**Irregularity Reply by Date:** (DATE NOT AVAILABLE)

**Madrid History:**
10-26-2006 - 20:39:27 - Application For IR Registered By IB
09-08-2006 - 21:00:36 - IR Certified And Sent To IB
09-08-2006 - 08:55:01 - Manually Certified
09-06-2006 - 17:20:56 - New Application For IR Received

## PROSECUTION HISTORY

2007-03-19 - Applicant/Correspondence Changes (Non-Responsive) Entered

2007-02-14 - PAPER RECEIVED

2007-02-06 - Notice of allowance - mailed

2006-11-14 - Published for opposition

2006-10-25 - Notice of publication

2006-09-27 - Law Office Publication Review Completed

2006-09-15 - Assigned To LIE

2006-09-09 - Approved for Pub - Principal Register (Initial exam)

2006-09-09 - Amendment From Applicant Entered

2006-09-08 - Communication received from applicant

2006-09-08 - TEAS Response to Office Action Received

2006-07-27 - Letter of suspension e-mailed

2006-07-27 - Suspension Letter Written

2006-07-26 - Assigned To Examiner

2006-02-14 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Jay H. Geller

**Correspondent**
JAY H. GELLER
2425 W. OLYMPIC BL.
W. TOWER, SUITE 4000
SANTA MONICA, CA 90404
Phone Number: 310-449-1399
Fax Number: 310-449-1394

1

## DEMAND FOR JURY TRIAL

2     Plaintiff Traditional Medicinals, Inc., hereby demands a trial by jury of all issues triable

3 by a jury pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

4

Dated: May ⁄ , 2007                     MORGAN, LEWIS & BOCKIUS LLP

5

6

7                                        By *Rochelle D. Alpert*

8                                           Rochelle D. Alpert

9                                        Attorneys for Plaintiff Traditional
                                         Medicinals, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-SF/7516712.1

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

**<u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>**

Pursuant to Civil L.R. 3-16, the undersigned certifies that that the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    Traditional Medicinals, Inc., a company formed under the laws of California.

Dated: May 8 , 2007

MORGAN, LEWIS & BOCKIUS LLP

By _Rochelle D. Alpert_

Rochelle D. Alpert
Attorneys for Plaintiff Traditional
Medicinals, Inc.

1-SF/7546712 1

20

COMPLAINT; DEMAND FOR JURY TRIAL; L.R. 3-16 CERTIFICATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

TRADITIONAL MEDICINALS, INC., a Delaware
corporation

**SUMMONS IN A CIVIL CASE**

v.

NOVARTIS CONSUMER PRODUCTS, INC., a Delaware
corporation; Novartis AG, a corporation of
Switzerland, and DOES 1-10, inclusive

CASE NUMBER:

**EDL**

**C 07    2457**

**TO:** (Name and address of defendant)
NOVARTIS CONSUMER PRODUCTS, INC.
c/o Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROCHELLE D. ALPERT (Cal. Bar No. 65037)
SHARON R. SMITH  (Cal. Bar No. 221428)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: 415-442-1000;  Fax:  415-442-1001
Email:  ralpert@morganlewis.com;  srsmith@morganlewis.com

an answer to the complaint which is herewith served upon you, within    20    days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

MAY ‑ 8 2007

DATE _____

(BY) DEPUTY CLERK

NOCAO440

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 0.00 | 0.00 | 0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                              Signature of Server

                                        _____
                                        Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*EDL*

# C 07    2457

---

# U.S. District Court Northern California

---

## ECF Registration Information Handout

---

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

- ☐ **1) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

- ☐ **2) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

- ☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

- ☐ **4) PACER** (Public Access to Court Electronic Records) access is mandatory to access dockets and documents. If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers in this case shall be filed electronically.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

---

### Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

---

# U.S. District Court Northern California

### Submitting Initiating Documents (continued)

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

### Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

### Email Guidelines: When sending an email to the court, the subject line of the email **must** contain the **case number**, **judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

### Questions

Almost all questions can be answered in our **FAQ**s at **http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.    Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
_____
www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

## May 8, 2007

**CASE NUMBER:  CV 07-02457 EDL**
**CASE TITLE:  TRADITIONAL MEDICINALS INC-v-NOVARTIS CONSUMER PRODUCTS**

### REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **Oakland** division.

**Honorable Saundra B. Armstrong** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **SBA** immediately after

the case number.


ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED.

Date: 5/8/07

FOR THE EXECUTIVE COMMITTEE:

_____
Richard W. Wieking
Clerk


NEW CASE FILE CLERK:

Copies to: Courtroom Deputies          Special Projects
Log Book Noted                         Entered in Computer 5/8/07ha


CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel                Transferor CSA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge **ELIZABETH D. LAPORTE**

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc-2-03.wpd

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).
_____/

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).

No. C

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____       Signature _____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRADITIONAL MEDICINALS INC,

Plaintiff (s),

v.

NOVARTIS CONSUMER PRODUCTS,
Defendant(s).

No. C 07-02457 EDL

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

**E-filing**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Elizabeth D. Laporte. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 5/8/2007 | Complaint filed | |
| 7/24/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/7/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 8/14/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm E, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

STANDING ORDER

Magistrate Judge Elizabeth D. Laporte

1)      Civil law and motion is heard on Tuesdays at 9:00 a.m.  Criminal law and motion is heard on Tuesdays at 1:15 p.m.  Counsel need not reserve a hearing date in advance.  However, noticed dates may be reset as the court's calendar requires.

2)      Case Management Conferences are held on Tuesdays at 10:00 a.m.  Pretrial Conferences are held on Tuesdays at 2:00 p.m.

3)      Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2.  Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

4)      The Court strives to set matters and render decisions in a timely manner.  The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

IT IS SO ORDERED.

Dated: July 26, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Plaintiff(s), | No. | EDL |
| v. | STANDING ORDER RE | |
| | CASE MANAGEMENT CONFERENCE | |
| Defendant(s). | | |

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order, including **a discovery plan and discovery limits** and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), **lead trial counsel shall attend the Case Management Conference** and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

Dated: January 26, 2001

ELIZABETH D. LAPORTE
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.



1   ROCHELLE D. ALPERT (Cal. Bar No. 65037)
    SHARON R. SMITH (Cal. Bar No. 221428)
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Tower
3   San Francisco, CA 94105
    Tel:  415.442.1000
4   Fax:  415.442.1001
    E-mail:  ralpert@morganlewis.com
5            srsmith@morganlewis.com

6   Attorneys for Plaintiff
    Traditional Medicinals, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  TRADITIONAL MEDICINALS, INC., a          Case No. C 07-2457-SBA
    Delaware corporation,
13                                           **PROOF OF SERVICE**
                   Plaintiff,
14
         vs.
15
    NOVARTIS CONSUMER PRODUCTS,
16  INC., a Delaware corporation; Novartis
    AG, a corporation of Switzerland, and
17  DOES 1-10, inclusive,

18                 Defendants.

19

20

21

22

23

24

25

26

27

28

1-SF/7552331.1                              CASE No.: C-07-02457-SBA

                          PROOF OF SERVICE

I, Yelena Lolua, am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126.

On **May 21, 2007**, I served the within documents:

**(1) COMPLAINT FOR TRADEMARK INFRINGEMENT; DILUTION; FALSE ADVERTISING; UNFAIR COMPETITION; AND REQUEST FOR TEMPORARY, PRELIMINARY AND/OR PERMANENT INJUNCTIVE RELIEF;**

**(2) SUMMONS;**

**(3) ECF REGISTRATION INFORMATION HANDOUT;**

**(4) COURT GUIDELINES;**

**(5) NOTICE OF ASSIGNMENT OF CASE;**

**(6) REASSIGNMENT ORDER;**

**(7) ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

| Party Served | Method of Service |
|---|---|
| COUNSEL FOR DEFENDANT *NOVARTIS CONSUMER HEALTH, INC.*<br>David H. Bernstein<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022"<br>Fax: 212-909-6000; email: dhbernstein@debevoise.com | VIA HAND SERVICE |

☐ **(BY MAIL)** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Morgan, Lewis & Bockius LLP, San Francisco, California. I am readily familiar with the firm's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **(BY OVERNIGHT DELIVERY)** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Morgan, Lewis & Bockius LLP, San Francisco, California. I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

**(BY PERSONAL SERVICE)**  I caused t the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth above by a Process Server.

**(BY FACSIMILE)**  I caused the documents to be transmitted by facsimile machine at the time stated on the attached transmission report(s).  The facsimile transmission(s) was reported as complete and without error.

**(E-MAIL)** I transmitted via E-MAIL the document(s) listed above to the person(s) at the address(es) set forth below.

Executed on **May 21, 2007**, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

_Yelena Lolua_
Yelena Lolua

PROOF OF SERVICE

# EXHIBIT   10



"Bernstein, David H."
&lt;dhbernstein@debevoise.co
m&gt;

05/25/2007 07:47 AM

To   ralpert@morganlewis.com

cc   "Keller, Bruce P." &lt;bpkeller@debevoise.com&gt;

bcc

Subject   Senna Smooth

History:              ⮌ This message has been forwarded.

Dear Shelley

Attached is our response to your recent letters and email.

David H. Bernstein
Debevoise & Plimpton LLP


----- Original Message -----
From: xerox_030s@debevoise.com &lt;xerox_030s@debevoise.com&gt;
To: Bernstein, David H.
Sent: Thu May 24 17:26:24 2007
Subject: Scan from a Xerox WorkCentre Pro

Please open the attached document.  It was scanned and sent to you using a Xerox WorkCentre Pro.

Sent by: Guest [xerox_030s@debevoise.com]
Number of Images: 3
Attachment File Type: PDF

WorkCentre Pro Location: machine location not set
Device Name: XEROX30S



For more information on Xerox products and solutions, please visit http://www.xerox.com  Scan001.PDF

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

David H. Bernstein
Partner
Tel  212 909 6696
Fax  212 521 7696
dhbernstein@debevoise.com

May 25, 2007

VIA EMAIL

Rochelle D. Alpert, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105
ralpert@morganlewis.com

## SENNA SMOOTH

Dear Shelley:

The terms you propose for settlement are unacceptable for several reasons, including that they contain provisions that are more extensive than anything you could obtain from the court, even assuming your client could prove a likelihood of confusion. It is only because Novartis has not yet begun any advertising for SENNA SMOOTH and has only a modest amount of inventory that it is willing to consider a change of name to avoid the costs of a protracted litigation on the merits. As I mentioned, though, any such change must be structured in a way as to minimize cost and disruption; otherwise, Novartis has no option but to defend the case and continue to use the mark it has cleared and adopted.

In this regard, please stop making self-serving statements about confusion and bad faith. As I told you, the facts will show neither is present. Your unsupported assertions to the contrary are counter-productive and compel the following responses:

*First*, your letter of May 8th incorrectly accused Novartis of being guilty of intentional infringement, an allegation our client takes quite seriously. To explain to your client that Novartis acted in good faith, we responded by voluntarily recounting Novartis' efforts, through counsel, to search and clear the SENNA SMOOTH mark. Novartis' good faith conclusion that SENNA SMOOTH would not infringe the rights of any others, including Traditional, was entirely reasonable in light of the significant differences in the parties' names, products, and distribution channels. We cited to the Patent and Trademark Office's Examiner's Amendment, which reached the same conclusion, not because it has any preclusive effect, but as further proof that Novartis acted reasonably and in good faith.

Rochelle D. Alpert, Esq.                  2                      May 25, 2007

*Second*, as I already have explained, it simply is not true that those marketing the EX-LAX brand for Novartis were aware of your client's SMOOTH MOVE brand in the marketplace. The facts will show that Novartis does not track sales of laxative teas, your client's products never were listed on Novartis' IRI reports, your client's products were not included in the competitive set that Novartis monitored, and the brand managers for EX-LAX were wholly unaware of your client's products. When the brand managers did learn of your client's SMOOTH MOVE product, their first reaction was that your client misappropriated part of the EX-LAX heritage and brand equity by copying from the phrase "Smooth Move, Ex-Lax" – a phrase Novartis has used internally in sales meetings. Though you may think it odd, the facts will show that every time that phrase is uttered, Novartis considers it an endorsement of the efficacy and strength of its product. In that regard, we note that you do not deny that your client's mark was inspired by that famous phrase, just as its EATER'S DIGEST and HERBA TUSSIN products were no doubt intended to evoke the READER'S DIGEST and ROBITUSSIN brands.

*Third*, as to the allegation in your May 18th letter that Novartis committed fraud on the Trademark Office, we can only reiterate that the word "smooth" is used differently in the parties' respective marks. In SENNA SMOOTH, "smooth" refers to the gentle nature of the relief the natural senna ingredient provides, and as such, "senna smooth" can not properly be understood as literally describing a laxative. In contrast, SMOOTH MOVE is descriptive because "smooth" is commonly associated with the type of bowel "move" one desires when taking a laxative. This descriptive quality is further demonstrated by the literature we cited, including articles like Smooth moves, NATURAL HEALTH, July 1, 2005 at 100 (foods with laxative properties can produce "smooth moves").

*Fourth*, SENNA SMOOTH has a new dosing regimen, new packaging and bears a new name. This makes it perfectly legitimate to include the word "new" on the packaging. *See American Home Prods. Corp. v. Abbott Labs.*, 522 F. Supp. 1035, 1041 (S.D.N.Y. 1981) ("new" on packaging "widely used in the marketplace in connection with a wide variety of products to refer to a marketing effort, to packaging, to the product's name, and to many other aspects of merchandise that can be called new").

*Fifth*, we could not disagree more on the significance of the disclaimer on the front of the SMOOTH MOVE packaging. No such disclaimer is necessary nor appears on SENNA SMOOTH. In fact, the presence of the famous EX-LAX house mark communicates the opposite message: it communicates proven safety, efficacy and reliability. It is simply not sensible to believe that consumers who are in the market for a safe and effective laxative product would confuse an EX-LAX product with an herbal supplement whose laxative properties have not been evaluated by the FDA.

Rochelle D. Alpert, Esq.                    3                    May 25, 2007

It is these facts, as opposed to unsupported assertions, that preclude Novartis from agreeing to demands that product be recalled or destroyed or which require any payment. Nor does it make sense, on these facts, for it to agree to unreasonable limitations on its ability to register or use non-confusing marks in the future, or to discuss a worldwide resolution of what is simply a United States issue.

If your client truly is interested in trying to secure long-term protection for its SMOOTH MOVE mark, then we remain willing to discuss a settlement in which Novartis would discontinue production of further SMOOTH MOVE products, would complete shipment of its remaining inventory (of about $600,000 worth of product) by this summer, and would provide your client with advance notice of the new name it adopts for this brand extension in the EX-LAX line.

As we requested previously, please include our correspondence with any submissions to the court so that it has a complete picture of this dispute.

Very truly yours,

David H. Bernstein

# EXHIBIT   11

**free shipping** on any order* of $2



welcome (sign in) | view shopping bag | |
your account | your list™ | your prescrip

| prescriptions | health | personal care | hair | skin care | father's day gifts | beauty & jewelry | men's | vitamins | GNC | diet & fitness |

SEARCH: smooth senna    natural 🍃  | household & pets | photo & video | baby | sexual well-being | contact lenses

## Refine Search Results    2 results for "smooth senna"

**Show:**
**All Matches**
Items Eligible for FSA
(what's this?)

**Categories:**
digestive health (1)
natural foods (1)

**drugstore.com™
Brands for "smooth
senna":**
ex-lax
Traditional Medicinals



**ex-lax**                    $6.49
Senna Smooth Stimulant Laxative -
24 ea                         **Buy**
🝖 FSA                         In stock



**Traditional Medicinals**    $14.95
Smooth Move Senna, Capsules - 50
ea                            **Buy**
                              In stock

## Can't remember where you saw something?  Try these recently viewed areas:

**Recently viewed products:**

**Traditional Medicinals**
Smooth Move Senna,
Capsules - 50 ea

  our price: $14.95 **Buy**

**ex-lax**
Senna Smooth Stimulant
Laxative - 24 ea

  our price: $6.49 **Buy**

**ex-lax Maximum
Strength**
Stimulant Laxative, Pills - 90
ea

  our price: $16.99 **Buy**

**Recent searches:**
smooth move senna
smooth move
senna smooth

click here to clear recently viewed areas

prescriptions | health | personal care | hair care | skin care | father's day gift ideas | beauty | men's grooming | vitamins | gnc store
food | top offers | the natural store | household & pets | photo & video | baby & kids | sexual well-being | discount contact lenses fro
beauty.com

Information on this site is provided for informational purposes and is not meant to substitute for the advice provided by your own phy
medical professional. You should not use the information contained herein for diagnosing or treating a health problem or disease, or
medication. You should read carefully all product packaging. If you have or suspect that you have a medical problem, promptly cont
care provider. Information and statements regarding dietary supplements have not been evaluated by the Food and Drug Administra
intended to diagnose, treat, cure, or prevent any disease. Customer reviews are provided for informational purposes only. Customer
the individual reviewer's results and experiences and are not verified or endorsed by drugstore.com, inc. Actual results may var

Please see our Terms of Use | Privacy Policy | Pharmacy Notice of Privacy Practices
Copyright © 1999-2007 drugstore com, inc  All rights reserved



# EXHIBIT   12

Amazon.com: Traditional Medicinals Smooth Move® Senna 50 Caps: Health & Personal Care          Page 1 of 4

**amazon**.com    Your
Amazon.com    Health &
Personal
Care    See All 41
Product Categories    Your Account | Cart | Your Lists ⊡ | Help |    NEW

Browse Brands
& Products    |    Top
Sellers    |    Health
Care    |    Personal
Care    |    Shaving &
Hair Removal    |    Nutrition
& Fitness    |    Sexual
Wellness    |    Sales &
Special Offers

Search   Health & Personal Care                GO   Find Gifts   A9   Web Search   GO

This item is not eligible for Amazon Prime, but over a million other items are. Join **Amazon Prime** today. Already a member? Sign In.



See larger image

Share your own customer images

## Traditional Medicinals Smooth Move® Senna 50 Caps

Other products by Traditional Medicinals

No customer reviews yet. Be the first.

**Price:** $~~14.95~~
**Sale:** $13.66
**You Save:** $1.29 (9%)

**Availability:** In stock. Processing takes an additional 3 to 4 days for orders from this seller. Ships from and sold by **SMARTbomb**.

**Price: $13.66**
Usually ships in 3 to 4 days
Ships from and sold by
**SMARTbomb**

**Quantity:** 1



Add to Shopping Cart

or

Sign in to turn on 1-Click ordering



Add to Wish List  ▾

Add to Shopping List

Add to Wedding Registry

Add to Baby Registry

Tell a friend

## Product Description

**Product Description**
Smooth Move® Senna capsules provide gentle, overnight relief from occasional constipation in a convenie capsule form. A single serving (2 capsules) provides an effective dose of 17.2 mg sennosides from senna leaf extract, which have proven stimulant lax

## Product Details

**Shipping Weight:** 4.8 ounces (View shipping rates and policies)

**ASIN:** B000QJ6L4Y

## Help others find this item

**Make a Search Suggestion | Manage your Search Suggestions**

No-one has made a Search Suggestion for this item yet. Why not be the first to **suggest** a search for whi this item should appear?

## Customers viewing this page may be interested in these Sponsored Links (What's this?)

**Senna** As Low As $2.39/Mo
www.doctorstrust.com   Stop Constipation & Abnormal Bowel. Top brands. Free Shipping $75+

Moving Companies Direct
www.moversdirectory.com   Moving quotes & Professional movers Multiple moving quotes

Ex-Lax on Sale
Planetfix.com   10,000+ Health & Beauty Products Delivered Quickly and Inexpensively

Ex-Lax

**planetRx.com** _the leader in e-pharmacy_

📷 **The Store** | 🏛 Community | 🎓 Learn More | ℞ My Account

IN-STORE PROMO CODE | SCHEDULED SHIPMENT PROGRAM | HELP

**SEARCH**

Ex-Lax [ Find ]

**DEPARTMENTS**
Medicine Cabinet
Vitamins & Herbs
Beauty & Spa
Personal Care
Medical Supplies
Specials
All Departments

**TOP BRANDS**
Advil
Aveeno
Breathe Right
Centrum
Clairol
Dr. Scholl's
Nature Made
Neutrogena
Prilosec OTC
Rembrandt
Rogaine
Tylenol
ALL BRANDS

**SALES & COUPONS**

## Ex-Lax

**11 Matching Products**

**Sort by: Customer Rating** | Top Sellers | Price | Product Name | On Sale

Laxative/Antacid - Mint, 12 oz
Ex-Lax
Product No. A0107
Usually ships in 24 hours

**Our Price:$4.69**
List Price: $6.74

Stimulant Laxative - Bisacodyl, 5 mg, Comfort Coated Pills, 24 tab
Ex-Lax
Product No. A2843
Usually ships in 24 hours

**Our Price:$5.99**
List Price: $8.54

Chocolate Stimulant Laxative - Regular Strength, 18 tab
Ex-Lax
Product No. A3885
Usually ships in 24 hours

**Our Price:$3.59**
List Price: $5.22

Chocolated Stimulant Laxative - Regular Strength, 15 mg, 48 tab
Ex-Lax
Product No. A3937
Usually ships in 24 hours

**Our Price:$8.19**
List Price: $11.72

Stimulant Laxative - Regular Strength, 15 mg 8 tab
Ex-Lax
Product No. A4024
Usually ships in 24 hours

**Our Price:$2.19**
List Price: $3.10

Stimulant Laxative - Regular Strength, 15 mg 30 tab
Ex-Lax
Product No. A4053
Usually ships in 24 hours

**Our Price:$5.99**
List Price: $8.54

Ex-Lax

YOUR FAVORITE PRODUCTS

ON SALE

**GET EMAIL ALERTS**

Enter Email | **Go**

We guarantee your privacy!

**Ordering Help**
- Ways to Shop
- Login to Your Account

**Shipping & Returns**
- Shipping Costs & Times
- Return Policy

**About PlanetRx.com**
- Why Shop With Us?
- 100% Privacy & Security

**Have Questions?**
- Help Desk
- Contact Us

**Sort by: Customer Rating** | Top Sellers | Price | Product Name | On Sale

**Order By Phone 877-61-PLANET (877-617-5263) (M-F 9-5 EST)**

---

Stimulant Laxative - Maximum Strength, 24 tab
Ex-Lax
Product No. A4075
Usually ships in 24 hours

**Our Price:$5.99**
List Price: $8.54

---

Stimulant Laxative - Maximum Strength, 25 mg 48 tab
Ex-Lax
Product No. A4090
Usually ships in 24 hours

**Our Price:$9.99**
List Price: $14.36

---

Laxative/Antacid - Chocolate Creme, 12 oz
Ex-Lax
Product No. A4570
Usually ships in 24 hours

**Our Price:$4.69**
List Price: $6.74

---

Laxative/Antacid - Raspberry Creme, 12 oz
Ex-Lax
Product No. A4588
Usually ships in 24 hours

**Our Price:$4.69**
List Price: $6.74

---

Senna Smooth Laxative - 24 ea
Ex-Lax
Product No. A4842
Usually ships in 24 hours

**Our Price:$5.99**
List Price: $8.54

Ex-Lax

Information on this site is provided for informational purposes and is not meant to substitute for the advice provided by your own physician or other medical professional. You should not use the information contained herein for diagnosing or treating a health problem or disease, or prescribing any medication. Information about each product is taken from the labels of the products or from the manufacturer's advertising material. PlanetRx.com is not responsible for any statements or claims that various manufacturers make about their products. We cannot be held responsible for typographical errors or product formulation changes. You should read carefully all product packaging. If you have or suspect that you have a medical problem, promptly contact your health care provider. Information and statements regarding dietary supplements have not been evaluated by the Food and Drug Administration and are not intended to diagnose, treat, cure, or prevent any disease. All discounts are taken from suggested retail prices.

Please see our Terms of Use
Copyright © 1998-2007 PlanetRx.com, Inc. All rights reserved.

# EXHIBIT   13

# SĀEGIS.    __CUSTOM REPORT__

**Reference:** traditional medicinals
**Username:** SHARONSMITH

Search Strategy

Options: Cross References = on, Plurals = on, Active Only = on

| | | |
|---|---|---|
| **Q1** | 677 | **Trademark = smooth** |
| **Q2** | 684 | **Goods = laxative** |
| **Q3** | 2 | **Trademark = smooth, Goods = laxative** |

Selected Databases

**TRADEMARKSCAN®:** U.S. Federal, International Register (selected countries only)

## *Citations*

1. **SENNA SMOOTH**
*U.S. Federal*

2. **SMOOTH MOVE**
*U.S. Federal*

## *Full Text For Citations*

## SENNA SMOOTH *ref.1*

Image

**TRADEMARKSCAN®--U.S. Federal**

**Serial Number:** 78974410

**Status:** PUBLISHED
INTENT TO USE

**USPTO Status:** (774) OPPOSITION PENDING
**USPTO Status Date:** February 16, 2007

**Filed:** September 14, 2006
**Published:** February 6, 2007

**International Class(es):**
**5** (Pharmaceuticals)

**Goods/Services:**

**(INT. CL. 5)** LAXATIVES

**Owner At Publication:**
NOVARTIS AG
SWITZERLAND  CORPORATION
CH-4002
BASEL,
SWITZERLAND

**Applicant:**
NOVARTIS AG
SWITZERLAND  CORPORATION
CH-4002
BASEL,
SWITZERLAND


**Opposition Number:** 91175734
**Date:** FEBRUARY 16, 2007
**Outcome:** PENDING, FEBRUARY 16, 2007
**Defendant:** NOVARTIS AG
**Serial Number:** 78974410
**Registration Number:** 0000000
**Mark:** SENNA SMOOTH
**Trademark Defendant Correspondent:**
PETER S. SLOANE
OSTROLENK, FABER, GERB & SOFFEN LLP
1180 AVENUE OF THE AMERICAS
NEW YORK
NY
US
10036-8403
**Plaintiff:** TRADITIONAL MEDICINALS, INC.
**Correspondent:**
JAY H. GELLER
WEST TOWER, SUITE 4000, 2425 W. OLYMPIC BOULEVARD
SANTA MONICA
CA
US
90404
**TTAB Entry:** #5 P'S MOT TO SUSP PEND DISP CIV ACTION, MAY 09, 2007
**TTAB Entry:** #4 ANSWER, MARCH 15, 2007

**Filing Attorney:** MARY F. LEHENY
**Reference Number:** OTC-9133

**Filing Correspondent:**
PETER S. SLOANE
OSTROLENK, FABER, GERB & SOFFEN LLP
1180 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8403

**Disclaims:** "SENNA"

**Design Codes:**
999999 NO CODES

**History:**
FEBRUARY 16, 2007 OPPOSITION INSTITUTED NO. 999999
FEBRUARY 16, 2007 OPPOSITION PAPERS RECEIVED AT TTAB
FEBRUARY 06, 2007 PUBLISHED FOR OPPOSITION
JANUARY 17, 2007 NOTICE OF PUBLICATION
DECEMBER 21, 2006 LAW OFFICE PUBLICATION REVIEW COMPLETED
DECEMBER 21, 2006 ASSIGNED TO LIE
DECEMBER 06, 2006 APPROVED FOR PUB - PRINCIPAL REGISTER
DECEMBER 05, 2006 EXAMINER'S AMENDMENT ENTERED
DECEMBER 05, 2006 EXAMINERS AMENDMENT E-MAILED
DECEMBER 05, 2006 EXAMINERS AMENDMENT -WRITTEN
DECEMBER 02, 2006 ASSIGNED TO EXAMINER
SEPTEMBER 20, 2006 NEW APPLICATION ENTERED IN TRAM

# SENNA SMOOTH

---

# SMOOTH MOVE *ref.2*

**TRADEMARKSCAN®--U.S. Federal**

**Serial Number:** 73379710
**Registration Number:** 1258223

**Status:** RENEWED

**Affidavit Section:** REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED
**Affidavit Date:** December 1, 2003

**USPTO Status:** (800) REGISTERED AND RENEWED
**USPTO Status Date:** December 1, 2003

**Filed:** August 12, 1982
**Published:** August 30, 1983
**Registered:** November 22, 1983
**OG Renewal:** January 13, 2004
**Renewed:** November 22, 2003

**International Class(es):**

**5** (Pharmaceuticals)

**Goods/Services:**
**(INT. CL. 5)** HERBAL TEAS FOR USE AS A LAXATIVE

**International Class:** 5
**First Used:** October 1974
**In Commerce:** January 5, 1976

**Registrant:**
TRADITIONAL MEDICINALS, INC.
CALIFORNIA CORPORATION
4515 ROSS ROAD
SEBASTOPOL, CALIFORNIA 95446

**Owner At Publication:**
TRADITIONAL MEDICINALS, INC.
CALIFORNIA CORPORATION
P.O. BOX 442
GUERNEVILLE, CALIFORNIA 95446

**Applicant:**
TRADITIONAL MEDICINALS, INC.
CALIFORNIA CORPORATION
P.O. BOX 442
GUERNEVILLE, CALIFORNIA 95446

**Filing Attorney:** JAY H. GELLER

**Filing Correspondent:**
JAY H. GELLER
JAY H GELLER, P.C.
2425 W OLYMPIC BL, WEST TOWER
SUITE 4000
SANTA MONICA, CA 90404

**History:**
DECEMBER 01, 2003 REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS)
DECEMBER 01, 2003 REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED
AUGUST 14, 2003 REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED
AUGUST 14, 2003 TEAS SECTION 8 & 9 RECEIVED
MAY 12, 1989 REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK.
JANUARY 23, 1989 REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED
NOVEMBER 22, 1983 REGISTERED-PRINCIPAL REGISTER
AUGUST 30, 1983 PUBLISHED FOR OPPOSITION
NOVEMBER 22, 1983 REGISTERED-PRINCIPAL REGISTER
AUGUST 30, 1983 PUBLISHED FOR OPPOSITION
AUGUST 10, 1983 NOTICE OF PUBLICATION
AUGUST 09, 1983 NOTICE OF PUBLICATION
AUGUST 08, 1983 NOTICE OF PUBLICATION
AUGUST 05, 1983 NOTICE OF PUBLICATION

JUNE 29, 1983 APPROVED FOR PUB - PRINCIPAL REGISTER
JUNE 16, 1983 EXAMINER'S AMENDMENT MAILED
MAY 19, 1983 ASSIGNED TO EXAMINER

## *Index of Owners*

**NOVARTIS AG**
SENNA SMOOTH
*reference 1*

**TRADITIONAL MEDICINALS, INC.**
SMOOTH MOVE
*reference 2*

## *File Dates*

**U.S. Federal**

Date Last Updated: May 24, 2007

OFFICIAL GAZETTE PUBLISHED ON: 22-MAY-07
USPTO TEXT
COMPLETE FILINGS THROUGH: 15-MAY-07
ADDITIONAL FILINGS THROUGH: 17-MAY-07
APPLICATION DRAWING PAGES
COMPLETE FILINGS THROUGH: 17-MAY-07
ADDITIONAL FILINGS THROUGH: 18-MAY-07
IMAGES CODED THROUGH: 26-APR-07

**International Register**

Date Last Updated: May 22, 2007

Gazette of International Marks no. 13/2007, dated May 3, 2007
Unpublished Applications made available by the WIPO as of May 8, 2007

Save To Inbox

*Copyright 2007 Thomson & Thomson*
*Viewed: Thu May 24 2007, 20:21 GMT*

Print Page

# EXHIBIT   14

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Skoro

Mailed:  September 8, 2006

Opposition No. 91169077

Traditional Medicinals, Inc.

      v.

Summerell, Troy G.

Linda Skoro, Interlocutory Attorney

    Opposer's motion for summary judgment (filed July 11, 2006) is hereby granted as conceded.  *See* Trademark Rule 2.127(a) and Fed. R. Civ. P. 56.

    Accordingly, judgment is hereby entered against applicant, the opposition is sustained, and registration to applicant is refused.

*By the Trademark Trial
and Appeal Board*

# EXHIBIT   15

# Combined Declaration of Use In Commerce & Application For Renewal of Registration of A Mark Under Sections 8 & 9

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| REGISTRATION NUMBER | 1258223 |
| REGISTRATION DATE | 11/22/1983 |
| SERIAL NUMBER | 73379710 |
| **MARK SECTION** | |
| MARK | SMOOTH MOVE |
| **OWNER SECTION (current)** | |
| NAME | Traditional Medicinals, Inc. |
| STREET | P.O. Box 442 |
| CITY | Guerneville |
| STATE | CA |
| ZIP/POSTAL CODE | 95446 |
| COUNTRY | US |
| **OWNER SECTION (proposed)** | |
| NAME | Traditional Medicinals, Inc. |
| STREET | 4515 Ross Road |
| CITY | Sebastopol |
| STATE | CA |
| ZIP/POSTAL CODE | 95446 |
| COUNTRY | US |
| **ATTORNEY SECTION** | |
| NAME | Jay H. Geller |
| FIRM NAME | Jay H. Geller, a Prof. Corp. |
| STREET | West Tower, Suite 4000 2425 W. Olympic Bl. |
| CITY | Santa Monica |
| STATE | CA |
| ZIP/POSTAL CODE | 90404 |
| COUNTRY | USA |
| PHONE | 310-449-1399 |

| EMAIL | jhgeller@aol.com |
|---|---|
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 005 |
| KEEP EXISTING GOODS AND OR SERVICES | YES |
| JPG FILE NAME(S) | \\users\EXPORT6\IMAGEOUT6\733\797\73379710\xml1\S8 90002.JPG |
| SPECIMEN DESCRIPTION | Carton of the Goods |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 500 |
| TOTAL AMOUNT | 500 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /dsadler/ |
| SIGNATORY NAME | Drake Sadler |
| SIGNATORY DATE | 08/14/2003 |
| SIGNATORY POSITION | President |
| **FILING INFORMATION** | |
| SUBMIT DATE | Thu Aug 14 20:08:08 EDT 2003 |
| TEAS STAMP | USPTO/S08N09-2051882099-2<br>0030814200808097051-12582<br>23-2005127228a7e27d825eaa<br>1fd25c2d656e5DA389-200308<br>14200659682344 |

---

**Combined Declaration of Use In Commerce & Application For Renewal of Registration of A**

**To the Commissioner for Trademarks:**

**REGISTRATION NUMBER:** 1258223
**REGISTRATION DATE:** 11-22-1983
**MARK:** SMOOTH MOVE

The owner, Traditional Medicinals, Inc., residing at 4515 Ross Road, Sebastopol, CA US 95446, is using the mark in commerce on or in connection with the goods and/or services as follows:

For International Class 005, the owner is using or is using through a related company the mark in commerce on or in connection with all goods and/or services listed in the existing registration.

The owner is submitting one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Carton of the Goods.

Specimen-1
The registrant hereby appoints Jay H. Geller of Jay H. Geller, a Prof. Corp., West Tower, Suite 4000 2425 W. Olympic Bl., Santa Monica, CA USA

90404 to submit this Combined Declaration of Use In Commerce & Application For Renewal of Registration of A Mark Under Sections 8 & 9 on behalf of the registrant.

A fee payment in the amount of $500 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

## Declaration

### Section 8: Declaration of Use in Commerce

*The owner is using or is using through a related company the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.*

### Section 9: Application for Renewal

*The registrant requests that the registration be renewed for the goods and/or services identified above.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: dsadler    Date: 08/14/2003

Signatory's Name: Drake Sadler

Signatory's Position: President

Mailing Address:

   Jay H. Geller, a Prof. Corp.

   West Tower, Suite 4000 2425 W. Olympic Bl.

   Santa Monica, CA 90404

RAM Sale Number: 389

RAM Accounting Date: 08/15/2003

Serial Number: 73379710

Internet Transmission Date: Thu Aug 14 20:08:08 EDT 2003

TEAS Stamp: USPTO S08N09-2051882099-2003081420080809

7051-t258223-2005127228a7e27d825caa1fd25

c2d656e5DA389-2003081420065968234 4



**FEE RECORD SHEET**

**Registration Number:**    1258223

**Serial Number:**    73379710

RAM Sale Number:  389

**Total Fees:**        $500

RAM Accounting Date:  20030815

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Total Fee |
|---|---|---|---|---|---|
| §8 affidavit | 7205 | 08/14/2003 | $100 | 1 | $100 |
| Application for Renewal (§9) | 7201 | 08/14/2003 | $400 | 1 | $400 |

# EXHIBIT   16

# Combined Declaration of Use and Incontestability Under Sections 8 & 15

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 2520275 |
| **REGISTRATION DATE** | 12/18/2001 |
| **SERIAL NUMBER** | 78031266 |
| **MARK SECTION** | |
| MARK | SMOOTH MOVE |
| **OWNER SECTION** (no change) | |
| **ATTORNEY SECTION** (no change) | |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 005 |
| FILING COVERS ALL GOODS OR SERVICES IN THIS CLASS | YES |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT\IMAGEOUT\7 80\312\78031266\xml1\8150 002.JPG |
| SPECIMEN DESCRIPTION | Container of the goods |
| INTERNATIONAL CLASS | 030 |
| FILING COVERS ALL GOODS OR SERVICES IN THIS CLASS | YES |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT\IMAGEOUT\7 80\312\78031266\xml1\8150 003.JPG |
| SPECIMEN DESCRIPTION | Container of the goods |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 2 |
| NUMBER OF CLASSES PAID | 2 |
| SUBTOTAL AMOUNT | 600 |
| TOTAL AMOUNT | 600 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /dsadler/ |
| SIGNATORY'S NAME | Drake Sadler |
| SIGNATORY'S POSITION | Chief Executive Officer |
| DATE SIGNED | 12/22/2006 |
| PAYMENT METHOD | CC |
| **FILING INFORMATION** | |
| SUBMIT DATE | Fri Dec 22 19:05:41 EST 2006 |

| TEAS STAMP | USPTO/S08N15-207.200.116.<br>201-20061222190541090563-<br>2520275-3603ada2f3f73acc4-<br>515et87a8855ddd0-CC-768-2<br>0061222190229390716 |

## Combined Declaration of Use and Incontestability Under Sections 8 & 15

### To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 2520275
**REGISTRATION DATE:** 12/18/2001
**MARK:** SMOOTH MOVE

The owner, Traditional Medicinals, Inc., having an address of 4515 Ross Road, Sebastopol, California US 95472, is filing a Combined Declaration of Use and Incontestability Under Sections 8 & 15.

For International Class 005, the owner, or its related company, is using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class; and, the owner, or its related company, has continuously used the mark in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class. Also, there has been no final decision adverse to the owner's claim of ownership of such mark for those goods or services, or to the owner's right to register the same or to keep the same on the register; and, there is no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Container of the goods.

Specimen-1

For International Class 030, the owner, or its related company, is using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class; and, the owner, or its related company, has continuously used the mark in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class. Also, there has been no final decision adverse to the owner's claim of ownership of such mark for those goods or services, or to the owner's right to register the same or to keep the same on the register; and, there is no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Container of the goods.

Specimen-1

The registrant hereby appoints Jay H. Geller to file this Combined Declaration of Use and Incontestability Under Sections 8 & 15 on behalf of the registrant

A fee payment in the amount of $600 will be submitted with the form, representing payment for 2 class(es), plus any additional grace period fee, if necessary.

### Declaration

*The owner, or its related company, is using the mark in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The owner, or its related company, has continuously used the mark in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with the identified goods and/or services. There has been no final decision adverse to the owner's claim of ownership of such mark for such goods and/or services, or to the owner's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: dsadler/    Date: 12/22/2006
Signatory's Name: Drake Sadler

Signatory's Position: Chief Executive Officer
Serial Number: 78931266
Internet Transmission Date: Fri Dec 22 19:05:41 EST 2006
TEAS Stamp: USPTO/S08N15-207.200.116.201-20061222190
5410090563-252D275-3693ada2f3f73aee45f5ef
87a8855ddd0-CC-7b8-20061222190229390716





# ROUTING SHEET TO POST REGISTRATION (PRU)

**Registration Number:**  2520275



**Serial Number:**  78031266

**RAM Sale Number:**  768

**RAM Accounting Date:  20061226**

**Total Fees:**  $600

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Total Fee |
|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20061222 | $100 | 2 | $200 |
| §15 affidavit | 7208 | 20061222 | $200 | 2 | $400 |

Physical Location: 900  - FILE REPOSITORY (FRANCONIA)

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): False

**Transaction Date:**    20061222

