MORGAN, LEWIS & BOCKIUS LLP
ROCHELLE D. ALPERT, State Bar No. 65037
LESLIE C. McKNEW, State Bar No. 178413
SHARON R. SMITH, State Bar No. 221428
1 Market Street, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1326
Fax: 415.442.1001
E-mail: ralpert@morganlewis.com
        lmcknew@morganlewis.com
        srsmith@morganlewis.com

Attorneys for Plaintiff
Traditional Medicinals, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TRADITIONAL MEDICINALS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVARTIS CONSUMER PRODUCTS, INC., a Delaware corporation; NOVARTIS AG, a corporation of Switzerland; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 4:07-CV-02457-SBA<br><br>**[PROPOSED] ORDER FOR PRELIMINARY INJUNCTION**<br><br>Date:     July 3, 2007<br>Time:    1:00 p.m.<br>Courtroom: 3, Third Floor<br>Judge:    Saundra B. Armstrong |

Plaintiff Traditional Medicinals, Inc. ("Traditional Medicinals") timely filed its Motion for Preliminary Injunction ("Motion") on May 29, 2007. Having considered the papers submitted in support of and opposition to Traditional Medicinals' Motion, as well as the admissible evidence and other appropriate argument offered in connection therewith, the Court finds as follows:

A. Traditional Medicinals has proven a likelihood of success on the merits. Novartis' adoption and use of the SENNA SMOOTH brand for a laxative product is likely to infringe Traditional Medicinals' registered SMOOTH MOVE® trademark and constitutes a false designation of origin in violation of 15 U.S.C. §§1114(1)(a), 1125(a)(1)(A) and Cal. Bus. & Prof.

1  Code §§14335 and 17200.  Novartis recently launched and is offering and selling a competitive
2  laxative product under the SENNA SMOOTH brand, which is confusingly similar to Traditional
3  Medicinals' SMOOTH MOVE® mark that has become incontestable through use and registration
4  for decades; the products travel in the same channels of trade; Traditional Medicinals'
5  incontestable SMOOTH MOVE® mark is strong and distinctive; Novartis adopted the SENNA
6  SMOOTH mark with actual knowledge of Traditional Medicinals' mark; the laxative products of
7  the respective parties consist of low involvement consumer products; SENNA SMOOTH is
8  similar in sight, sound and meaning to the SMOOTH MOVE® registered trademark and, in
9  particular, to the SMOOTH MOVE® SENNA trademark; and, thus, consumers are likely to be
10 confused as to the source, affiliation or sponsorship of the marks.  *AMF, Inc. v. Sleekcraft Boats*,
11 599 F.2d 341, 349-51 (9th Cir. 1979) (infringement will be found where similar marks are used
12 for competitive goods); *Brookfield Comms., Inc. v. W. Coast Entm't Co.*, 174 F.3d 1036, 1056
13 (9th Cir. 1999) (similar marks for similar goods weighs heavily in favor of likelihood of
14 confusion); *see Golden Door, Inc. v. Odisho*, 646 F.2d 347, 351-52 (9th Cir. 1980) (California
15 law is at least as strict as federal law).

16         B.     Traditional Medicinals has established that it is likely to suffer irreparable harm by
17 the actions of Novartis.  *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir.
18 2000) (irreparable harm presumed satisfied upon demonstration of likely confusion).

19         C.     Moreover, the balance of equities tilts in Traditional Medicinals' favor because
20 Novartis' infringement of Traditional Medicinals' SMOOTH MOVE® trademark threatens to
21 irreparably damage Traditional Medicinals' exclusive rights in its federally registered and
22 incontestable SMOOTH MOVE® trademark, and is likely to cause consumer confusion as to the
23 source, affiliation or sponsorship of SMOOTH MOVE® products, potentially causing Traditional
24 Medicinals a loss of customers, harming its reputation, brand recognition and goodwill.  *KOS*
25 *Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 727-30 (3d Cir. 2004) (balance of hardships weighs in
26 favor of trademark owner upon showing of likely confusion).  Furthermore, Novartis will not be
27 harmed from the halt of the sale of SENNA SMOOTH products, since it currently offers and sells
28 laxative products with the same active and inactive ingredients under other brands that are not

confusingly similar to Traditional Medicinals' SMOOTH MOVE® mark.

Accordingly, good cause appearing, the Court HEREBY ORDERS THAT, pending conclusion of this litigation:

1. Novartis Consumer Health, Inc., its parents, subsidiaries and affiliates, and their officers, agents, servants, representatives and employees, and all persons acting under, and in concert with, or for them, and each of them, including any licensor, licensee or reseller, are HEREBY ENJOINED AND RESTRAINED FROM producing, offering or selling, or using or displaying on, or in connection with, any laxative product the designation SENNA SMOOTH;

2. Novartis Consumer Health, Inc., its parents, subsidiaries and affiliates, and their officers, agents, servants, representatives and employees, and all persons acting under, and in concert with or for them, and each of them, including any licensor, licensee or reseller, are HEREBY ENJOINED AND RESTRAINED FROM producing, offering or selling, or using or displaying on, or in connection with, any laxative product, any designation confusingly similar to the federally registered SMOOTH MOVE® mark;

3. Novartis Consumer Health, Inc., its parents, subsidiaries and affiliates, and their officers, agents, servants, representatives and employees, and all persons acting under, and in concert with or for them, and each of them, including any licensor, licensee or reseller, are HEREBY ENJOINED AND RESTRAINED FROM pursuing any applications to register SENNA SMOOTH or any other trademark for any laxative product that is confusingly similar to Traditional Medicinals' federally registered SMOOTH MOVE® mark; and

4. Novartis Consumer Health, Inc. shall provide a copy of this Order to every current producer, licensor, licensee or reseller of SENNA SMOOTH products.

//

//

1    **IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunctive Order shall
2    become effective upon Plaintiff's filing of an appropriate undertaking in the sum of $\$\_\_\_\_\_$, and
3    shall remain in effect until further order of this Court.

4    **IT IS SO ORDERED.**

Dated: July \_\_\_\_\_, 2007

_____
The Honorable Saundra B. Armstrong
United States District Court Judge